1   Jonathan M. Lebe, State Bar No. 284605
    Jon@lebelaw.com
2   Zachary Gershman, State Bar No. 328004
    Zachary@lebelaw.com
3   **Lebe Law, APLC**
    777 S. Alameda Street, Second Floor
4   Los Angeles, CA 90021
    Telephone: (213) 358-7046
5

6   Attorneys for Plaintiff Carice Ashley Andersen,
    Individually and on behalf of all others similarly situated
7

8

9

10              **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13   Carice Ashley Andersen, individually    Case No.
     and on behalf of all others similarly
14   situated,                               **COLLECTIVE AND CLASS ACTION
                                             COMPLAINT FOR:**
15                    Plaintiff,
                                             1.  Failure to Pay Minimum Wages under
16        vs.                                    the Fair Labor Standards Act (29
                                                 U.S.C. § 206);
17                                           2.  Failure to Pay Overtime Wages under
18   Papa, Inc.; Papa Technologies, LLC;         the Fair Labor Standards Act (29
                                                 U.S.C. § 207);
19                    Defendants.            3.  Failure to Pay Minimum Wages, (Cal.
20                                               Labor Code §§ 1182.12, 1194,
                                                 1194.2, 1197, 1199, and the IWC
21                                               Wage Order);
22                                           4.  Failure to Pay Overtime Wages (Cal.
                                                 Labor Code §§ 510, 1194, 1198, and
23                                               the IWC Wage Order);
24                                           5.  Failure to Provide Meal Periods (Cal.
                                                 Labor Code §§ 226.7, 512, and the
25                                               IWC Wage Order);
26                                           6.  Failure to Provide Rest Breaks (Cal.
                                                 Labor Code § 226.7, and the IWC
27                                               Wage Order.);
28                                           7.  Failure to Pay Wages Upon
                                                 Separation of Employment and

                                    1
     **COLLECTIVE AND CLASS ACTION COMPLAINT**

Within the Required Time (Cal. Labor Code § 201, 202, 203 and the IWC Wage Order);

8. Failure to Furnish Accurate and Itemized Wage Statements (Cal. Labor Code § 226, and the IWC Wage Order);

9. Failure to Reimburse All Business Expenses (Cal. Labor Code § 2802, and the IWC Wage Order); and

10. Violation of California Business Professions Code § 17200, et seq.

**DEMAND FOR JURY TRIAL**

Plaintiff Carice Ashley Andersen, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff Carice Ashley Andersen ("Plaintiff") brings this putative collective and class action against defendant Papa Inc., ("Defendant Papa"), and Defendant Papa Technologies, LLC ("Defendant Papa Technologies" and collectively "Defendants") on behalf of herself individually and a putative class of employees wrongfully misclassified as independent contractors in the State of California by Defendants and as a collective action for all such employees misclassified by Defendants throughout the United States.

2. Defendants are in the business of providing services to senior citizens living in California and throughout the United States.

3. Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

4.     Plaintiff is informed and believes, and thereon alleges, that Defendant has increased their profits by violating federal and state wage and hour laws by, among other things:

    (a) Failing to pay all minimum wages;

    (b) Failing to pay overtime wages at the proper rates;

    (c) Failing to provide meal periods or compensation in lieu thereof;

    (d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

    (e) Failing to furnish accurate and itemized wage statements; and

    (f) Failing to reimburse all reasonable and necessary business expenses; and

    (g) Failing to pay all wages due upon separation of employment.

5.     Plaintiff brings this lawsuit seeking monetary relief against Defendant son behalf of herself and all others similarly situated in the United States to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to 29 U.S.C. §§ 201 *et seq.* and California Labor Code §§ 201-203, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").  This Court has jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiff's federal claims, and both sets of claims share a common nucleus of operative fact.

7.     This Court has jurisdiction over Defendants because, upon information and belief, they have sufficient minimum contacts in this District or otherwise intentionally avail themselves of the California market so as to render

3

the exercise of jurisdiction over them by this Court as consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in this Court because, upon information and belief, Defendants resides, transact business or have offices in this District and the acts and omissions alleged herein took place in this District.

**THE PARTIES**

9.     Plaintiff is a citizen of California.  Plaintiff was employed by Defendants during the Class Period in the state of California as a "Papa Pal."

10.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, each were and are employers as defined in and subject to the FLSA, California Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this country, and the State of California.

**COLLECTIVE ACTION ALLEGATIONS**

11.     Plaintiff brings the First and Second Causes of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who elect to opt into this action who work or have worked for Defendants nationwide in the past three (3) years ("the Collective").

12.     Plaintiff is similarly situated to other employees of Defendants who worked as Papa Pals and who were wrongfully misclassified as independent contractors who make up the Collective.

13.     Plaintiff and other employees of Defendants misclassified as independent contractors are similarly situated in that they have substantially similar pay provisions, and are subject to Defendants' common practice, policy, or plan of failing pay minimum wages, and failing to pay all overtime wages due to Defendants' willful misclassification of such employees as independent contractors.

14.     Defendants are liable under the FLSA for, inter alia, failing to properly

4

compensate Plaintiff and other similarly situated persons.  There are many similarly situated current and former employees of Defendants who have not been paid all of their minimum and overtime wages due to Defendants' policy and practice of willfully misclassifying Plaintiff and other employees of Defendants, requiring off-the-clock work resulting in an average wage less than that of the minimum wage, and completely failing to pay for overtime wages.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

15.   Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated who were affected by Defendant's California Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

16.   All class action claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California and Federal law.

17.   Plaintiff's proposed Class consists of and is defined as follows:

Class

All individuals who performed work for Defendants in the State of California who were classified as independent contractors from four years and 179 days prior to the filing of this action to the date of trial.[1]

///

///

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

5

18.    Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass

All members of the Class who separated their employment from Defendants within three years and 179 prior to the filing of this action to the date of trial.

19.    Members of the Class and Subclass described above will be collectively referred to as "class members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

20.    This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendants misclassified Plaintiff and class members as independent contractors rather than as non-exempt employees;

(b) Whether Defendants failed to pay at least minimum wage for all hours worked by Plaintiff and class members;

(c) Whether Defendants failed to pay overtime wages earned by Plaintiff and class members;

(d) Whether Defendants failed to provide Plaintiff and class members with meal periods;

(e) Whether Defendants deprived Plaintiff and class members of paid rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

(f) Whether Defendants failed to furnish Plaintiff and class members with accurate itemized wage statements;

6

(g) Whether Defendants required Plaintiff and class members to use their personal cellular devices to for work-related purposes, without paying a reasonable percentage of their cell phone bills;

(h) Whether Defendants required Plaintiff and class members to use Personal Protective Equipment for work-related purposes without reimbursement;

(i) Whether Defendants required Plaintiff and class members to use their personal automobiles or other forms of transportation and then failed to adequately reimburse Plaintiff and class members for gas mileage and wear and tear on the car or other transportation costs;

(j) Whether Defendants failed to pay all wages earned by Plaintiff and class members upon termination or separation of employment;

(k) Whether Defendants' conduct was willful or reckless; and

(l) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

21.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)    <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused

7

by Defendant's common course of conduct as alleged herein.

(c)      Adequacy:  Plaintiff is qualified to and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)      Superiority: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)      Public Policy Considerations:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

///

///

///

///

8

## GENERAL ALLEGATIONS

**A.     Plaintiff Satisfies the Legal Test for Employee Status**

22.     Defendant Papa and Defendant Papa Technologies operate a mobile phone application-based senior citizen service that has been in business in California and throughout the United States during the Class and Collective Period.

23.     Defendants are a company providing its customers with services provided by Class Members (referred to by Defendants as "Papa Pals"), using Defendants' mobile phone application (the "Papa App").  Specifically, Defendants provide seniors and their families with "companionship and assistance with everyday tasks."

24.     Papa Pals complete jobs and tasks for Papa Customers and record the number of completed jobs on the Papa App.

25.     Defendants treat Papa Pals as employees.  Defendants interview its applicants and require them to undergo background checks.  Not all applicants are hired.  Indeed, according to Defendants' Frequently Asked Questions ("FAQs"), there are numerous reasons why an application will be delayed or rejected:

▼ **Why is my application taking so long?**

Some of the reasons that your application might be taking longer than expected are:

- **An influx of applications**: Papa reviews and assesses all applications to determine eligibility.

- **Waiting on documentation**: Please check your email as you might have received a message from Papa requesting further documentation.

- **Background check taking longer than expected**: The processing time for background checks may vary for each individual, depending on the extent of their content and the verification time with county courthouses.

- **Not currently recruiting in your area**: Your application will be placed in a queue until recruiting in your area resumes.

💬 You can check the status of your application by submitting a ticket here, our onboarding team will be more than glad to help!

26.     If hired, Papa Pals are instructed to select a time slot for a 'Welcome Call' with one of Defendants' onboarding agents.   While Defendants train their employees, they do not compensate for the training time.

27.     Once hired and onboarded, Defendants control every aspect of how its customers are charged for Defendants' services and how Papa Pals are compensated. Defendants set the hourly rates for Papa Pals for in-person visits, virtual visits and bonuses.   Defendants also determine the amount of mileage reimbursement that Papa Pals receive, and this amount is not sufficient to fully reimburse its employees.

28.     Defendants also have strict policies that all of its Papa Pals must follow. For example, Defendants will only permit its employees to cancel a visit with a customer if the cancellation complies with Defendants' cancellation policies. Similarly, according to Defendants' FAQs, Defendants strictly prohibit their employees from working directly with customers outside of the Papa App:

> ▼ **Can a member schedule a visit with me directly?**
>
> All visits should be scheduled through PAPA or the members insurance and no extra time outside the scheduled visit should be provided. If the member has any concerns or special requests, please advise them to contact Papa through the support center.

29.     Defendants also prohibit Papa Pals from assigning any job duties to any third parties, like any actual independent business could do:

> ▼ **Can I bring someone to a visit, or have someone else go in my place?**
>
> To ensure the safety of our Papa members, only the Papa Pal assigned should be attending the visit.

///
///
///
///

COLLECTIVE AND CLASS ACTION COMPLAINT

30.     Defendants require Papa Pals to use a smart phone with the Papa App in order to work for the company.  Indeed, Defendants track their employees during every moment they work for the company:

▼ **How do I get reimbursed for gas mileage?**

Your commute is automatically tracked through the app, this is why it's so important to tap "Start Commute" before driving to the visit. The app will log your commute on the way to the visit and during the visit if transportation is required. Once the visit is successfully completed, we will use this information to calculate gas mileage reimbursement for the commute back as well.

31.     Defendants receive information regarding the number of completed jobs from Papa Pals.  The work that Defendants' Papa Pals perform is within the usual course of Defendants' business. Papa Pals, including Plaintiff, provide the service which Defendants sell to their customers throughout California and the United States.

32.     Defendants are not merely a platform or uninterested bystander between Papa Pals and Defendants' customers.  Rather, as described above, Defendants perform background checks on its Papa Pals before allowing them to connect with customers, provide them with training and strict policies to follow, set their pay structure, and track their location, work and productivity. Defendants can also terminate Papa Pals right for violating one or more of the rules which Papa imposes by contract, or with no cause at all.

33.     Papa Pals lack business autonomy.  Papa Pals are each not engaged in an independently-established business.  Papa Pals are dependent on Defendants to identify customers for them to connect with, who they cannot work for outside the Papa App, and they do not need to possess any particular or special skills.

34.     By working for Defendants, Papa Pals have not independently made the decision to go into business for themselves.  Instead, Defendants have unilaterally determined that Plaintiff and Papa Pals are independent contractors while precluding them from taking the usual steps towards promoting and establishing an independent business.

35.    In sum, Defendants control the terms of employment.   Defendants maintain uniform policies and terms of service which all Papa Pals, including Plaintiff, must comply with.

**B.**    **Defendants' Misclassification of Plaintiff and Class Members Violates Their Rights Under California and Federal Law**

36.    Plaintiff performed services for Defendants as a Papa Worker during the relevant time period.  During the relevant time period, Plaintiff was classified by Defendants as an independent contractor.

37.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California and federal wage and hour law, employment and personnel practices and the requirements of California and federal law.  Defendants misclassified their workers in violation of applicable state and federal law.

38.    Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

39.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about Federal and California wage and hour laws, employment and personnel practices and the requirements of Federal and California law.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive wages for all time worked (including minimum and overtime wages) and that they were not receiving all wages earned for work that was required to be performed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff

12

and class members were not paid wages (including minimum and overtime wages) for all hours worked when Defendants failed to pay or underpaid Plaintiff and class members for all hours worked, including time spent on standby waiting for a call so Plaintiff and other class members could speak and interact with Defendants' customers, time spent training, and time spent driving to and between work locations. For example, Plaintiff was not paid for all hours worked during the workweeks beginning on July 5, 2021, July 12, 2021, July 19, 2021, or July 26, 2021, and that as a result of this failure to pay for all hours worked, that Plaintiff was provided a wage less than that of the federal minimum wage.

41. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed, and were entitled to payment of wages for time spent when rest breaks were taken. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive paid rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed. For example, Plaintiff was not provided a single rest period during the workweeks beginning on July 5, 2021, July 12, 2021, July 19, 2021, or July 26, 2021.

42. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period. For example, Plaintiff was not provided a single meal period during the workweeks beginning

13

1    on July 5, 2021, July 12, 2021, July 19, 2021, or July 26, 2021.

2        43.    Plaintiff is informed and believes, and thereon alleges, that
3    Defendants knew or should have known that Plaintiff and class members were
4    entitled to receive complete and accurate wage statements in accordance with
5    California law.   In violation of the California Labor Code, Plaintiff and class
6    members were not furnished with complete and accurate wage statements showing
7    their total hours worked, number of hours worked at each hourly rate and gross and
8    net wages, among other things, due to Defendant's misclassification of Plaintiff
9    and other class members as independent contractors.

10        44.    Plaintiff is informed and believes, and thereon alleges, that
11    Defendants knew or should have known that Plaintiff and class members were
12    entitled to reimbursement for necessary expenditures incurred in connection with
13    the performance and execution of their job duties.   In violation of the California
14    Labor Code, Plaintiff and class members did not receive adequate reimbursement
15    for necessary business expenses, including but not limited to reimbursement for
16    use of their personal cell phones and personal automobiles or other transportation
17    expenses.   For example, Plaintiff was not fully reimbursed for all expenses by
18    Defendant during the workweeks beginning on July 5, 2021, July 12, 2021, July
19    19, 2021, or July 26, 2021.

20        45.    Plaintiff is informed and believes, and thereon alleges, that Defendant
21    knew or should have known they had a duty to compensate Plaintiff and class
22    members, and Defendant had the financial ability to pay such compensation but
23    willfully, knowingly and intentionally failed to do so all in order to increase
24    Defendant's profits.

25    ///

26    ///

27    ///

28    ///

14

**COLLECTIVE AND CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES UNDER
## THE FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. § 206)

46.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

47.   At all relevant times, Defendants have been employers and Plaintiff and other members of the Collective have been wrongfully misclassified as independent contractors when, in fact, they should have been treated as non-exempt employees under Federal Law entitled to the protections of the FLSA.

48.   The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which provides that the payment of a lesser wage than the minimum wage is unlawful.

49.   During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during time spent on standby in calls with Defendants' customers, for time spent training, and for time spent driving to and between different work locations.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

50.   Plaintiff and other members of the Collective seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

///

///

///

///

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER
## THE FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. § 207)

51.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

52.    At all relevant times, Defendants have been employers and Plaintiff and other members of the Collective have been wrongfully misclassified as independent contractors when, in fact, they should have been treated as non-exempt employees under Federal Law entitled to the protections of the FLSA.

53.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week at a rate of not less than one and one-half times the regular rate.

54.    29 U.S.C. § 207(e) defines the regular rate to include, "all remuneration for employment paid to, or on behalf of, the employee."

55.    During the relevant time period, although Plaintiff and other members of the Collective periodically worked more than 40 hours in a week, Defendants maintained a policy and practice of failing to pay all overtime wages due to Defendants' misclassification of Plaintiff and other members of the Collective as independent contractors.  For example, Plaintiff was not provided with overtime wages by Defendant despite working more than forty hours during the workweek beginning on August 2, 2021, including all time worked off the clock as described above.

56.    Plaintiff and other members of the Collective seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

///

COLLECTIVE AND CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Labor Code §§ 1194, 1194.2, and 1197;**

**Violation of IWC Wage Order)**

57.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

58.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

59.    During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during time spent on standby in calls with Defendants' customers, for time spent training, and for time spent driving to and between work locations.

60.    During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

61.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

62.    Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FOURTH CAUSE OF ACTION**
## **FAILURE TO PAY OVERTIME WAGES**
### **(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

63.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

64.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

65.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

66.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

67.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

COLLECTIVE AND CLASS ACTION COMPLAINT

68.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

69.    Plaintiff and class members were wrongfully misclassified as independent contractors by Defendants, and instead should have been classified as non-exempt employees, entitled to the protections of California Labor Code §§ 510 and 1194.

70.    During the relevant time period, Defendants failed to pay Plaintiff and class members overtime wages for all overtime hours worked when Plaintiff and class members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and class members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.  For example, Plaintiff was not provided with overtime wages by Defendant despite working more than forty hours during the workweek beginning on August 2, 2021, including all time worked off the clock as described above.

71.    In violation of state law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned and all hours worked.

72.    Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

73.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

///

///

///

19

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

74.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

75.   Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

76.   Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

77.   Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

78.   Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

79.   During the relevant time period, Plaintiff and class members did not receive compliant meal periods for each five hours worked per day as a result of, Defendants' willful misclassification of Plaintiff and other class members as independent contractors, including a second meal period when Plaintiff and class

20

1   members worked ten or more hours in a day.

2       80.   Labor Code § 226.7(b) and section 11 of the applicable IWC Wage

3   Order require an employer to pay an employee one additional hour of pay at the

4   employee's regular rate of compensation for each work day that a meal period is

5   not provided.

6       81.   At all relevant times, Defendant failed to pay Plaintiff and class

7   members all meal period premiums due for meal period violations pursuant to Labor

8   Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

9       82.   As a result of Defendant's failure to pay Plaintiff and class members

10  an additional hour of pay for each day a meal period was not provided, Plaintiff and

11  class members suffered and continue to suffer a loss of wages and compensation.

## SIXTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

15      83.   Plaintiff hereby re-alleges and incorporates by reference all

16  paragraphs above as though fully set forth herein.

17      84.   Labor Code § 226.7(a) provides that no employer shall require an

18  employee to work during any rest period mandated by the IWC Wage Orders.

19      85.   Section 12 of the applicable IWC Wage Order states "every employer

20  shall authorize and permit all employees to take rest periods, which insofar as

21  practicable shall be in the middle of each work period" and the "authorized rest

22  period time shall be based on the total hours worked daily at the rate of ten (10)

23  minutes net rest time per four (4) hours or major fraction thereof" unless the total

24  daily work time is less than three and one-half (3½) hours.

25      86.   During the relevant time period, Plaintiff and class members did not

26  receive a ten (10) minute rest period for every four (4) hours or major fraction

27  thereof worked due to Defendants' willful misclassification of Plaintiff and class

28  members as independent contractors.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

87.   Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

88.   At all relevant times, Defendant failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

89.   As a result of Defendant's failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

90.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

91.   California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

92.   During the relevant time period, Defendant willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, overtime  compensation, and Reporting Time Pay, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

93.    Defendant's failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

94.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

95.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## EIGHTH CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226; Violation of IWC Wage Order)

96.    Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

97.    California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

98.    In addition, pursuant to Labor Code § 226.2(a)(2), the itemized statements of employees paid on a piece-rate basis shall also state (1) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and (2) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

99.    Defendants have intentionally and willfully failed to provide Plaintiff and class members with complete and accurate wage statements.  The deficiencies include, among other things, the failure to list the gross wages earned, net wages earned, hours worked, and all applicable hourly rates in effect during the pay period.

100.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.  Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment.  Plaintiff has had to file this lawsuit in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate rate of pay.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

101.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in

24

which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

102.   Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

103.   Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(g) compelling Defendants to comply with California Labor Code § 226 and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## NINTH CAUSE OF ACTION

## FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

**(Violation of Labor Code §§ 2800, 2802; Violation of IWC Wage Order)**

104.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

105.   Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

106.    Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

107.    Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a

**COLLECTIVE AND CLASS ACTION COMPLAINT**

job, such tools and equipment shall be provided and maintained by the employer.

108.   During the relevant time period, Defendants required Plaintiff and class members to download an app onto their personal cellular devices in order to view, accept and process jobs, click in and out of work, and to view their pay statement, without paying Plaintiff and class members for a reasonable percentage of their cell phone bills.

109.   During the relevant time period, Defendants required Plaintiff and class members to use their own automobiles or other transportation to travel from one worksite to another during the same day, without properly compensating them for gas mileage and wear and tear on their vehicles, or other transportation costs.

110.   In violation of Labor Code §§ 2800 and 2802, Defendants failed to indemnify Plaintiff and class members for all these expenses.

111.   In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related costs and expenses.  As a direct result, Plaintiff and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, expenses, and attorney's fees.

### TENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

112.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

113.   Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

114.   Defendant's activities, as alleged herein, violate California law and

26

constitute unlawful business acts or practices in violation of California Business and Professions Code

§§ 17200, *et seq.*

115.   A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

116.   Defendant's policies and practices have violated state law in at least the following respects:

(a)   Failing to pay all minimum and overtime wages at the proper rate to Plaintiff and members of the Collective in California in violation of 29 U.S.C. §§ 207 and 208;

(b)   Failing to pay all minimum wages owed to Plaintiff and class members in violation of Labor Code §§ 1194.2, and 1197;

(c)   Failing to pay all overtime wages owed to Plaintiff and class members in violation of Labor Code §§ 510, 1194, and 1198.

(d)   Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(e)   Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7; and

(f)   Failing to reimburse all reasonable and necessary business expenses.

117.   Defendant intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

118.   Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1.   For certification of this action as a collective action;

2.   For certification of this action as a class action, including certifying the Class alleged by Plaintiff;

3.   For appointment of Carice Ashley Andersen as the class representative;

4.   For appointment of Lebe Law, APLC as class counsel for all purposes;

5.   For all unpaid wages, overtime, and penalties pursuant to the Labor Code and FLSA;

6.   For liquidated damages pursuant to Labor Code §§1194(a), 1194.2 and the FLSA;

7.   For compensatory damages in an amount according to proof with interest thereon;

8.   For economic and/or special damages in an amount according to proof with interest thereon;

9.   For unpaid wage premiums for failing to provide compliant rest and meal periods and penalties;

10.   For the unreimbursed expenses incurred by Plaintiffs and the Class Members;

11.   For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the Code of Civil Procedure and the Labor

28

Code;

12.    For statutory penalties to the extent permitted by law, including those pursuant to the FLSA, California Labor Code and IWC Wage Orders;

13.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

14.    For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

15.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

16.    For injunctive relief;

17.    For pre-judgment interest; and

18.    For such other relief as the Court deems just and proper.

Dated: August 16, 2021        **LEBE LAW, APLC**

By: _____ /s/ Jonathan M. Lebe _____

Jonathan M. Lebe
Attorneys for Plaintiff Carice Ashley Andersen, individually and on behalf of all others similarly situated

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all claims so triable.

3

Dated: August 16, 2021          **LEBE LAW, APLC**

4

5

By: _____/s/ Jonathan M. Lebe_____

6

Jonathan M. Lebe

7

Attorneys for Plaintiff Carice Ashley Andersen,

8

individually and on behalf of all others
similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**