UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PARDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAPA, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-06326-RS<br><br>**ORDER GRANTING MOTION CONDITIONALLY TO CERTIFY FLSA COLLECTIVE ACTION** |

## I. INTRODUCTION

In this putative collective action, plaintiff Jennifer Pardo contends defendant Papa, Inc. wrongfully classifies her and similarly situated workers as independent contractors, thereby depriving them of overtime and minimum wage compensation. Papa operates a mobile phone application that allows senior adults and their families to obtain services of "Papa Pals"—assistants who can provide help with shopping or other household tasks, or merely companionship. Papa contends the Pals are independent contractors, who use the application to schedule as much or as little work as they like, and who operate primarily at the direction of the seniors, or the seniors' families, and free from direct supervision by Papa. Pardo contends the Pals are employees, trained by Papa and subject to strict rules and procedures.

Pardo contends she and the other Pals are a collective that were "together victims of a single decision, policy, or plan" of being misclassified by Papa and therefore the "lenient standard" supporting certification of such a similarly situated collective is satisfied. Pardo

therefore moves under section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, conditionally to certify a collective action and to disseminate notice. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The motion will be granted.

## II.  LEGAL STANDARD

The FLSA provides employees with a private right of action to enforce the minimum wage and overtime provisions of the Act.  *See* 29 U.S.C. § 216(b). Named plaintiffs may bring an action, not just on their own behalf, but also for "other employees similarly situated." *Id.* Employees seeking to join the suit as part of a collective action must consent in a writing filed with the court. *See id.*; *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1008 (N.D. Cal. 2010) (explaining that, unlike class actions brought under Federal Rule of Civil Procedure 23, FLSA collective actions require individual members to "opt-in").

Determining whether a suit properly may be maintained as a FLSA collective action is within the discretion of the court. *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Courts in this District have applied a two-step approach to determine whether the putative class is "similarly situated." *See, e.g.*, *id.* at 466-67; *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). In the first step, the court makes an initial determination whether conditionally to certify the class for purposes of providing notice of the pending suit to potential members. *See Leuthold*, 224 F.R.D. at 467. In the second step, usually after the close of discovery, the defendant may move for decertification. *Id.* Based on greater factual evidence, the court at this stage generally applies a more "stringent" analysis. *Id.*

Plaintiffs bear the burden of demonstrating that members of the proposed class are similarly situated. *Id.* at 466. At the notice stage, however, the standard for certification is "a lenient one that typically results in certification." *Hill*, 690 F. Supp. 2d at 1009. Courts primarily make this initial determination based on pleadings and affidavits and may grant conditional certification on "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Newton v. Schwarzenegger*, No. C 09-

5887 VRW, 2010 WL 2280532, at *3 (N.D. Cal. June 7, 2010) (internal quotation marks and citation omitted). Plaintiffs are required to show only that they are in a "similar" position as other class members, not an identical one, with respect to their FLSA claim. *See Morton v. Valley Farm Transp., Inc.*, No. C 06-2933 SI, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007) (internal quotation marks and citation omitted).

### III.  DISCUSSION

Papa first contends conditional certification should not be granted here because neither Pardo nor her co-declarant Evangeline Matthews has established that they in fact suffered any failures to pay overtime or minimum wages. According to records Papa produced in informal discovery, Pardo used the Papa platform just five times over the course of four months, and her longest visit was just 15 minutes. Matthews conducted many more visits, but never worked more than 5.2 hours, or more than 14.5 hours in a week. According to Papa's records, all of Pardo's and Matthew's visits were conducted virtually, so they did not incur driving time.

Papa frames this issue as depriving Pardo of standing, as a failure on the merits, and/or as undermining the suitability of bringing the claims collectively. Indeed, if the records are accurate, and no other explanation emerges, Pardo's claims may ultimately fail.[1] The arguments, however, go to the *merits* of the claims, and are not appropriately considered at this juncture. *See Heath v. Google Inc.*, 215 F. Supp. 3d 844, 854 n.3 (N.D. Cal. 2016) ("The Court notes that many of [defendant's] arguments pertain to the merits, which the Court will not entertain at this conditional certification stage.") Pardo has made an adequate showing that all Pals are treated as independent contractors, and therefore have the potential of not receiving the overtime and minimum wages to which they would be entitled if they in fact should legally be classified as employees.

Likewise, while Papa's suggestion that Pardo, and possibly other putative collective

---

[1] Counsel, of course, is obligated under Rule 11 not to pursue claims should it become apparent they are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

members may be bound by arbitration agreements might at some point require decertification, or removal of some individuals from the collective, it is not a basis to preclude conditional certification, particularly because Papa has introduced no evidence of such agreements. Notably, Papa's opposition stated it would move to compel arbitration of Pardo's claims, but it has not done so.

## IV.  CONCLUSION

Pardo's motion conditionally to certify an FLSA collective action is granted. Within the next 30 days, the parties are ordered to meet and confer to attempt to agree on a form of proposed notice and how it will be distributed. Once completed, the parties are to submit either a stipulation on how notice shall proceed with a proposed notice attached, or a joint statement identifying the remaining disputed issues that require judicial intervention.

**IT IS SO ORDERED**.

Dated: October 5, 2022

_____
RICHARD SEEBORG
Chief United States District Judge