Jonathan M. Lebe, State Bar No. 284605
Jon@lebelaw.com
Zachary Gershman, State Bar No. 328004
Zachary@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for Plaintiff Jennifer Pardo and Evangeline
Matthews, Individually and on behalf of all others similarly
situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Papa, Inc.,<br><br>Defendant. | Case No. 3:21-cv-06326-DMR<br><br>**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR:** |

1. Failure to Pay Minimum Wages under the Fair Labor Standards Act (29 U.S.C. § 206);
2. Failure to Pay Overtime Wages under the Fair Labor Standards Act (29 U.S.C. § 207);
3. Failure to Pay Minimum Wages, (Cal. Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1199, and the IWC Wage Order);
4. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194, 1198, and the IWC Wage Order);
5. Failure to Provide Meal Periods (Cal. Labor Code §§ 226.7, 512, and the IWC Wage Order);
6. Failure to Provide Rest Breaks (Cal. Labor Code § 226.7, and the IWC Wage Order.);
7. Failure to Pay Wages Upon Separation of Employment and

1

1
2
3
4
5
6
7
8
9
10
11
12

Within the Required Time (Cal.
Labor Code § 201, 202, 203 and the
IWC Wage Order);

8.  Failure to Furnish Accurate and
Itemized Wage Statements (Cal.
Labor Code § 226, and the IWC
Wage Order);

9.  Failure to Reimburse All Business
Expenses (Cal. Labor Code § 2802,
and the IWC Wage Order);

10. Violation of California Business
Professions Code § 17200, et seq.;
and

11. Enforcement of Labor Code § 2698
et. seq. ("PAGA").

**DEMAND FOR JURY TRIAL**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Jennifer Pardo, Evangeline Matthews, individually and on behalf of others similarly situated, alleges as follows:

### <u>NATURE OF ACTION AND INTRODUCTORY STATEMENT</u>

1.      Plaintiffs Jennifer Pardo ("Plaintiff Pardo") and Evangeline Matthews ("Plaintiff Matthews" and collectively "Plaintiffs") bring this putative collective, class action, and representative action under the PAGA against Defendant Papa Inc., ("Defendant Papa"), on behalf of themselves individually and a putative class of employees wrongfully misclassified as independent contractors in the State of California by Defendant and as a collective action for all such employees misclassified by Defendant throughout the United States.

2.      Defendant is in the business of providing services to senior citizens living in California and throughout the United States.

3.      Through this action, Plaintiffs allege that Defendant has engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders,

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

all of which contribute to Defendant's deliberate unfair competition.

4.    Plaintiffs are informed and believe, and thereon allege, that Defendant has increased its profits by violating federal and state wage and hour laws by, among other things:

(a) Failing to pay all minimum wages;

(b) Failing to pay overtime wages at the proper rates;

(c) Failing to provide meal periods or compensation in lieu thereof;

(d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(e) Failing to furnish accurate and itemized wage statements; and

(f) Failing to reimburse all reasonable and necessary business expenses; and

(g) Failing to pay all wages due upon separation of employment.

5.    Plaintiffs bring this lawsuit seeking monetary relief against Defendants on behalf of themselves and all others similarly situated in the United States to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to 29 U.S.C. §§ 201 *et seq.* and California Labor Code §§ 201-203, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").  This Court has jurisdiction over Plaintiffs' claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiffs' federal claims, and both sets of claims share a common nucleus of operative fact.

7.    This Court has jurisdiction over Defendant because, upon information and belief, Defendant has sufficient minimum contacts in this District or otherwise

3

intentionally availed itself of the California market so as to render the exercise of jurisdiction over Defendant by this Court as consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in this Court because, upon information and belief, Defendant resides, transact business, or has offices in this District and the acts and omissions alleged herein took place in this District.

## THE PARTIES

9.     Plaintiffs are citizens of California.  Plaintiffs were employed by Defendant during the Class Period in the state of California as a "Papa Pal."

10.     Plaintiffs are informed and believe, and thereon allege, that Defendant at all times hereinafter mentioned, was and is an employer as defined in and subject to the FLSA, California Labor Code, and IWC Wage Orders, whose employees were and are engaged throughout this country, and the State of California.

## COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff Pardo brings the First Cause of Action, and Plaintiff Matthews brings the First and Second Causes of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for Defendant nationwide in the past three (3) years ("the Collective").

12.     Plaintiffs are similarly situated to other employees of Defendant who worked as Papa Pals and who were wrongfully misclassified as independent contractors who make up the Collective.

13.     Plaintiffs and other employees of Defendant misclassified as independent contractors are similarly situated in that they have substantially similar pay provisions, and are subject to Defendant's common practice, policy, or plan of failing pay minimum wages, and failing to pay all overtime wages due to Defendant's willful misclassification of such employees as independent contractors.

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

14.    Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and other similarly situated persons.  There are many similarly situated current and former employees of Defendant who have not been paid all of their minimum and overtime wages due to Defendant's policy and practice of willfully misclassifying Plaintiffs and other employees of Defendant, requiring off-the-clock work resulting in an average wage less than that of the minimum wage, and completely failing to pay for overtime wages.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

15.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated who were affected by Defendant's California Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

16.    All class action claims alleged herein arise under California law for which Plaintiffs seeks relief authorized by California and Federal law.

17.    Plaintiffs' proposed Class consists of and is defined as follows:

Class

All individuals who performed work for Defendant in the State of California who were classified as independent contractors from four years and 179 days prior to the filing of this action to the date of trial.[1]

18.    Plaintiffs also seeks to certify the following Subclass of employees:

Waiting Time Subclass

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

All members of the Class who separated their employment from Defendant within three years and 179 prior to the filing of this action to the date of trial.

19.    Members of the Class and Subclass described above will be collectively referred to as "class members."  Plaintiffs reserve the right to establish other or additional subclasses, or modify any Class or subclass definition, as appropriate based on investigation, discovery, and specific theories of liability.

20.    This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendant misclassified Plaintiffs and class members as independent contractors rather than as non-exempt employees;

(b) Whether Defendant failed to pay at least minimum wage for all hours worked by Plaintiffs and class members;

(c) Whether Defendant failed to pay overtime wages earned by Plaintiff Matthews and class members;

(d) Whether Defendant failed to provide Plaintiff Matthews and class members with meal periods;

(e) Whether Defendant deprived Plaintiff Matthews and class members of paid rest breaks or required Plaintiff Matthews and class members to work through rest breaks without compensation;

(f) Whether Defendant failed to furnish Plaintiffs and class members with accurate itemized wage statements;

(g) Whether Defendant required Plaintiffs and class members to use their personal cellular devices to for work-related purposes, without paying a reasonable percentage of their cellular phone bills;

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

(h) Whether Defendant required class members to use Personal Protective Equipment for work-related purposes without reimbursement;

(i) Whether Defendant required class members to use their personal automobiles or other forms of transportation and then failed to adequately reimburse class members for gas, mileage, and wear and tear on the car or other transportation costs;

(j) Whether Defendant failed to pay all wages earned by Plaintiffs and class members upon termination or separation of employment;

(k) Whether Defendant's conduct was willful or reckless; and

(l) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

21.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class are so numerous that joinder of all members is impractical.  Although the members of the Class are unknown to Plaintiffs at this time, on information and belief, the Class is estimated to be greater than 100 individuals.  The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)    Typicality:  The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiffs are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)    Adequacy:  Plaintiffs are qualified to and will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to them and the Class.  Plaintiffs' attorneys, as proposed class counsel,

7

are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)      Superiority: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)      Public Policy Considerations:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

**A.    Plaintiffs Satisfy the Legal Test for Employee Status**

22.    Defendant Papa operates a mobile phone application-based senior citizen service that has been in business in California and throughout the United States during the Class and Collective Period.

23.    Defendant is a company providing its customers with services provided by Class Members (referred to by Defendant as "Papa Pals"), using Defendant's mobile phone application (the "Papa App").  Specifically, Defendant provide seniors and their families with "companionship and assistance with everyday tasks."

24.    Papa Pals complete jobs and tasks for Papa Customers and record the number of completed jobs on the Papa App.

25.    Defendant treats Papa Pals as employees.   Defendant interviews its applicants and require them to undergo background checks.   Not all applicants are hired.   Indeed, according to Defendant's Frequently Asked Questions ("FAQs"), there are numerous reasons why an application will be delayed or rejected:

▼  **Why is my application taking so long?**

Some of the reasons that your application might be taking longer than expected are:

- **An influx of applications**: Papa reviews and assesses all applications to determine eligibility.
- **Waiting on documentation**: Please check your email as you might have received a message from Papa requesting further documentation.
- **Background check taking longer than expected**: The processing time for background checks may vary for each individual, depending on the extent of their content and the verification time with county courthouses.
- **Not currently recruiting in your area**: Your application will be placed in a queue until recruiting in your area resumes.

🗨 You can check the status of your application by submitting a ticket here, our onboarding team will be more than glad to help!

26.    If hired, Papa Pals are instructed to select a time slot for a 'Welcome Call' with one of Defendant's onboarding agents.   While Defendant trains its employees, it does not compensate for the training time.

27.    Once hired and onboarded, Defendant controls every aspect of how its customers are charged for Defendant's services and how Papa Pals are compensated. Defendant sets the hourly rates for Papa Pals for in-person visits, virtual visits, and bonuses.  Defendant also determines the amount of mileage reimbursement that Papa Pals receive, and this amount is not sufficient to fully reimburse its employees.

28.    Defendant also has strict policies that all of its Papa Pals must follow. For example, Defendant will only permit its employees to cancel a visit with a

customer if the cancellation complies with Defendant's cancellation policies. Similarly, according to Defendant's FAQs, Defendant strictly prohibits their employees from working directly with customers outside of the Papa App:

▼ **Can a member schedule a visit with me directly?**

All visits should be scheduled through PAPA or the members insurance and no extra time outside the scheduled visit should be provided. If the member has any concerns or special requests, please advise them to contact Papa through the support center.

29.   Defendant also prohibits Papa Pals from assigning any job duties to any third parties, like any actual independent business could do:

▼ **Can I bring someone to a visit, or have someone else go in my place?**

To ensure the safety of our Papa members, only the Papa Pal assigned should be attending the visit.

30.   Defendant requires Papa Pals to use a smart phone with the Papa App in order to work for the company.  Indeed, Defendant tracks their employees during every moment they work for the company:

▼ **How do I get reimbursed for gas mileage?**

Your commute is automatically tracked through the app, this is why it's so important to tap "Start Commute" before driving to the visit. The app will log your commute on the way to the visit and during the visit if transportation is required. Once the visit is successfully completed, we will use this information to calculate gas mileage reimbursement for the commute back as well.

31.   Defendant receives information regarding the number of completed jobs from Papa Pals.  The work that Defendant's Papa Pals perform is within the usual course of Defendant's business. Papa Pals, including Plaintiffs, provide the service which Defendant sell to their customers throughout California and the United States.

32.   Defendant is not merely a platform or uninterested bystander between Papa Pals and Defendant's customers.  Rather, as described above, Defendant perform background checks on its Papa Pals before allowing them to connect with customers, provide them with training and strict policies to follow, set their pay

10

structure, and track their location, work and productivity. Defendant can also terminate Papa Pals right for violating one or more of the rules which Papa imposes by contract, or with no cause at all.

33.    Papa Pals lack business autonomy.  Papa Pals are each not engaged in an independently-established business.  Papa Pals are dependent on Defendant to identify customers for them to connect with, who they cannot work for outside the Papa App, and they do not need to possess any particular or special skills.

34.    By working for Defendant, Papa Pals have not independently made the decision to go into business for themselves.  Instead, Defendant has unilaterally determined that Plaintiffs and Papa Pals are independent contractors while precluding them from taking the usual steps towards promoting and establishing an independent business.

35.    In sum, Defendant controls the terms of employment.  Defendant maintains uniform policies and terms of service which all Papa Pals, including Plaintiffs, must comply with.

**B.    Defendant's Misclassification of Plaintiffs and Class Members Violates Their Rights Under California and Federal Law**

36.    Plaintiffs performed services for Defendant as a Papa Worker during the relevant time period.  During the relevant time period, Plaintiffs were classified by Defendant as independent contractors.

37.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about California and federal wage and hour law, employment and personnel practices and the requirements of California and federal law.  Defendant misclassified their workers in violation of applicable state and federal law.

38.    Through this action, Plaintiffs allege that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code

and IWC Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

39.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about Federal and California wage and hour laws, employment and personnel practices, and the requirements of Federal and California law.

40.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive wages for all time worked (including minimum wages, and overtime wages as to Plaintiff Matthews and other class members) and that they were not receiving all wages earned for work that was required to be performed.  In violation of the Labor Code and IWC Wage Orders, Plaintiffs and class members were not paid wages (including minimum wages, and overtime wages as to Plaintiff Matthews) for all hours worked when Defendant failed to pay or underpaid Plaintiffs and class members for all hours worked, including time spent on standby waiting for a call so Plaintiffs and other class members could speak and interact with Defendant's customers, time spent training, time spent recording notes, and time spent setting up appointments.

41.    Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiff Matthews and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff Matthews's and class members' regular rate of pay when a rest break was missed, and were entitled to payment of wages for time spent when rest breaks were taken.  In violation of the Labor Code and IWC Wage Orders, Plaintiff Matthews and class members did not receive paid rest breaks or payment of one (1) additional hour of pay at Plaintiff Matthews's and class members' regular rate of pay when a rest break was missed.

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

42.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiff Matthews and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff Matthews's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff Matthews and class members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff Matthews's and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

43.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiffs and class members were not furnished with complete and accurate wage statements showing their total hours worked, number of hours worked at each hourly rate and gross and net wages, among other things, due to Defendant's misclassification of Plaintiffs and other class members as independent contractors.

44.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties.  In violation of the California Labor Code, Plaintiffs and class members did not receive adequate reimbursement for necessary business expenses, including but not limited to reimbursement for use of their personal cell phones, and personal automobiles or other transportation expenses,and home-internet.

45.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and other aggrieved employees under the PAGA were entitled to sick leave and notice on their wage statements or other

separate written statements that listed the balance of paid sick leave that they should have been accruing. In violation of the California Labor Code, Plaintiffs and other aggrieved employees did not receive sick leave and notice on their payroll records or other separate written statements that listed the balance of paid sick leave that they should have been accruing.

46. Plaintiffs are informed and believe, and thereon allege, that in violation of the California Labor Code, Defendant has failed to secure worker's compensation coverage and/or insurance for Plaintiffs and the aggrieved employees under the PAGA as a direct result of Defendant's willful misclassification of such employees as independent contractors.

47. Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to maintain Plaintiffs' and other aggrieved employees time and payroll records as required under the California Labor Code. For example, Defendant failed to pay Plaintiffs and other aggrieved employees all wages for all time worked, including when and other aggrieved employees would spend time on standby waiting for a call so the aggrieved employee could speak and interact with Defendant's customers.

48. Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known they had a duty to compensate Plaintiffs and class members, and Defendant had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendant's profits.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES UNDER
## THE FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. § 206)

49. Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

50.    At all relevant times, Defendant has been an employer and Plaintiffs and other members of the Collective have been wrongfully misclassified as independent contractors when, in fact, they should have been treated as non-exempt employees under Federal Law entitled to the protections of the FLSA.

51.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which provides that the payment of a lesser wage than the minimum wage is unlawful.

52.    During the relevant time period, Defendant paid Plaintiffs and class members less than minimum wages when, for example, Defendant required Plaintiffs and class members to work off-the-clock during time spent on standby in calls with Defendant's customers, for time spent training, and for time spent preparing notes following calls and setting appointments.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiffs and class members were not being paid at least minimum wage for their work.

53.    Plaintiffs and other members of the Collective seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER
## THE FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. § 207)

54.    Plaintiff Matthews hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

55.    At all relevant times, Defendant has been an employer and Plaintiff Matthews and other members of the Collective have been wrongfully misclassified as independent contractors when, in fact, they should have been treated as non-exempt employees under Federal Law entitled to the protections of the FLSA.

15

56.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week at a rate of not less than one and one-half times the regular rate.

57.    29 U.S.C. § 207(e) defines€e regular rate to include, "all remuneration for employment paid to, or on behalf of, the employee."

58.    During the relevant time period, although Plaintiff Matthews and other members of the Collective periodically worked more than 40 hours in a week, Defendant maintained a policy and practice of failing to pay all overtime wages due to Defendant's misclassification of Plaintiff Matthews and other members of the Collective as independent contractors.

59.    Plaintiff Matthews and other members of the Collective seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (Violation of Labor Code §§ 1194, 1194.2, and 1197;

### Violation of IWC Wage Order)

60.    Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

62.    During the relevant time period, Defendant paid Plaintiffs and class members less than minimum wages when, for example, Defendant required Plaintiffs and class members to work off-the-clock during time spent on standby in calls with Defendant's customers, for time spent training, and for time spent taking notes and setting up appointments.

63.     During the relevant time period, Defendant regularly failed to pay at least minimum wage to Plaintiffs and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

64.     Defendant's failure to pay Plaintiffs and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

65.     Pursuant to Labor Code § 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)

66.     Plaintiff Matthews hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

67.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

68.     Specifically, the applicable IWC Wage Orders provide that Defendant is and was required to pay overtime compensation to Plaintiff Matthews and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

69.     The applicable IWC Wage Orders further provide that Defendant is and was required to pay overtime compensation to Plaintiff Matthews and Class Members

17

at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

70. California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

71. Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

72. Plaintiff Matthews and class members were wrongfully misclassified as independent contractors by Defendant, and instead should have been classified as non-exempt employees, entitled to the protections of California Labor Code §§ 510 and 1194.

73. During the relevant time period, Defendant failed to pay Plaintiff Matthews and class members overtime wages for all overtime hours worked when Plaintiff Matthews and class members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff Matthews and class members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

74. In violation of state law, Defendant knowingly and willfully refused to perform its obligations and compensate Plaintiff Matthews and class members for all wages earned and all hours worked.

75. Defendant's failure to pay Plaintiff Matthews and class members the

unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

76.    Pursuant to Labor Code § 1194, Plaintiff Matthews and class members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

77.    Plaintiff Matthews hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

78.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

79.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

80.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

81.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the

19

second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

82.    During the relevant time period, Plaintiff Matthews and class members did not receive compliant meal periods for each five hours worked per day as a result of, Defendant's willful misclassification of Plaintiff Matthews and other class members as independent contractors, including a second meal period when Plaintiff Matthews and class members worked ten or more hours in a day.

83.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

84.    At all relevant times, Defendant failed to pay Plaintiff Matthews and class members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

85.    As a result of Defendant's failure to pay Plaintiff Matthews and class members an additional hour of pay for each day a meal period was not provided, Plaintiff Matthews and class members suffered and continue to suffer a loss of wages and compensation.

## SIXTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

86.    Plaintiff Matthews hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

88.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest

20

period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

89.    During the relevant time period, Plaintiff Matthews and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked due to Defendant's willful misclassification of Plaintiff Matthews and class members as independent contractors.

90.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

91.    At all relevant times, Defendant failed to pay Plaintiff Matthews and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

92.    As a result of Defendant's failure to pay Plaintiff Matthews and class members an additional hour of pay for each day a rest period was not provided, Plaintiff Matthews and class members suffered and continue to suffer a loss of wages and compensation.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

93.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

94.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two

(72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

95.    During the relevant time period, Defendant willfully failed to pay Plaintiffs and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, minimum wages, overtime and Reporting Time Pay and other Waiting Time subclass members, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

96.    Defendant's failure to pay Plaintiffs and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

97.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

98.    Plaintiffs and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiffs' and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## EIGHTH CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226; Violation of IWC Wage Order)

99.    Plaintiffs hereby re-allege and incorporate by reference the previous paragraphs, as though fully set forth herein.

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

100.   California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

101.   In addition, pursuant to Labor Code § 226.2(a)(2), the itemized statements of employees paid on a piece-rate basis shall also state (1) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and (2) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.

102.   Defendant has intentionally and willfully failed to provide Plaintiffs and class members with complete and accurate wage statements.  The deficiencies include, among other things, fails to include gross and net wages, hours worked, the applicable rates of pay, the last four digits of their social security number or employee ID, and the inclusive dates of the pay period, among other required items under Labor Code § 226.

103.   As a result of Defendant's violation of California Labor Code § 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.  Specifically, Plaintiffs and class members have been injured by Defendant's intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  In addition, because Defendant failed to provide the accurate rates of pay on wage statements, Defendant has prevented Plaintiffs and class members

from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze whether in fact Plaintiffs was paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendant provided the accurate rate of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendant.

104. California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

105. Defendant's violations of California Labor Code § 226(a) prevented Plaintiffs and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant. As a result of Defendant's knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiffs and class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

## NINTH CAUSE OF ACTION

## FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

### (Violation of Labor Code §§ 2800, 2802; Violation of IWC Wage Order)

106. Plaintiffs hereby re-allege and incorporates by reference all paragraphs above as though fully set forth herein.

107. Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

108. Labor Code § 2802 requires employers to indemnify their employees

for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

109.    Section 9 of the applicable IWC Wage Order states that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

110.    During the relevant time period, Defendant required Plaintiffs and class members to download an app onto their personal cellular devices in order to view, accept and process jobs, click in and out of work, and to view their pay statement, without paying Plaintiffs and class members for a reasonable percentage of their cell phone bills and home-internet.

111.    During the relevant time period, Defendant required class members to use their own automobiles or other transportation to travel from one worksite to another during the same day, without properly compensating them for gas, mileage, and wear and tear on their vehicles, or other transportation costs.

112.    In violation of Labor Code §§ 2800 and 2802, Defendant failed to indemnify Plaintiffs and class members for all these expenses.

113.    In committing the violations as herein alleged, Defendant has intentionally and willfully failed to fully reimburse Plaintiffs and class members for necessary business-related costs and expenses.  As a direct result, Plaintiffs and class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, expenses, and attorney's fees.

## **TENTH CAUSE OF ACTION**

## **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

114.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

115.    Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiffs and class members.  Plaintiffs seek to

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

116.   Defendant's activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code

§§ 17200, *et seq.*

117.   A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

118.   Defendant's policies and practices have violated state law in at least the following respects:

        (a)    Failing to pay all minimum and overtime wages at the proper rate to Plaintiffs and members of the Collective in California in violation of 29 U.S.C. §§ 207 and 208;

        (b)    Failing to pay all minimum wages owed to Plaintiffs and class members in violation of Labor Code §§ 1194.2, and 1197;

        (c)    Failing to pay all overtime wages owed to Plaintiff Matthews and class members in violation of Labor Code §§ 510, 1194, and 1198;

        (d)    Failing to provide timely meal periods without paying Plaintiff Matthews and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

        (e)    Failing to authorize or permit rest breaks without paying Plaintiff Matthews and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7; and

        (f)    Failing to reimburse all reasonable and necessary business expenses.

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

119.   Defendant intentionally avoided paying Plaintiffs and class members' wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

120.   Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiffs and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

## ENFORCEMENT OF LABOR CODE § 2698 ET SEQ. ("PAGA")

121.   Plaintiffs hereby re-alleges and incorporate by reference all paragraphs above as though fully set forth herein.

122.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of themselves and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

123.   Defendant's conduct violates numerous Labor Code sections including, but not limited to, the following:

(a)    Violation of Labor Code § 226.8 for the willful misclassification of Plaintiffs and other aggrieved employees as independent contractors;

(b)    Violation of Labor Code §§ 201, 202, 203, 204, 210, 510, 511, 558, 1182.12, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to  aggrieved employees during employment and upon separation of employment as herein alleged;

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

(c)     Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff Matthews and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(d)     Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff Matthews and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

(e)     Violation of Labor Code § 226 for failing to provide accurate, itemized wage statements;

(f)     Violation of Labor Code §§ 2800 and 2802 for failure to reimburse reasonable and necessary business expenses of Plaintiffs and other aggrieved employees as herein alleged;

(g)     Violation of Labor Code § 246 for willfully failing to provide all mandatory paid sick leave; and

(h)     Violation of Labor Code §§ 1178 and 1198 for willfully failing to maintain Plaintiffs and aggrieved employees' time and payroll records;

(i)     Violation of Labor Code § 3700 *et seq.* for failing to provide adequate workers' compensation coverage to Plaintiffs and other aggrieved employees.

124.   Plaintiffs are "aggrieved employees" because they were employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore are properly suited to represent the interests of all other aggrieved employees.

125.   Plaintiffs have exhausted the procedural requirements under Labor Code § 2699.3 as to Defendant and are therefore able to pursue a claim for penalties on behalf of themselves and all other aggrieved employees under the PAGA.

126.   PAGA imposes a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

127.   Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs are entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

128.   For bringing this action, Plaintiffs are entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendant, jointly and severally, as follows:

1.     For certification of this action as a collective action;

2.     For certification of this action as a class action, including certifying the Class alleged by Plaintiffs;

3.     For appointment of Jennifer Pardo and Evangeline Matthews as class representatives;

4.     For appointment of Lebe Law, APLC as class counsel for all purposes;

5.     For all unpaid wages, overtime, and penalties pursuant to the Labor Code and FLSA;

6.     For liquidated damages pursuant to Labor Code §§1194(a), 1194.2 and the FLSA;

7.     For compensatory damages in an amount according to proof with interest thereon;

8.     For economic and/or special damages in an amount according to proof with interest thereon;

9.     For unpaid wage premiums for failing to provide compliant rest and meal periods and penalties;

10.    For the unreimbursed expenses incurred by Plaintiffs and the Class Members;

11.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the Code of Civil Procedure and the Labor

Code;

12.    For statutory penalties to the extent permitted by law, including those pursuant to the FLSA, California Labor Code and IWC Wage Orders;

13.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

14.    For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

15.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties, including interest thereon;

16.    For pre-judgment interest;

17.    For civil penalties; and

18.    For such other relief as the Court deems just and proper.

Dated: December 14, 2022

**LEBE LAW, APLC**

By: _____

Jonathan M. Lebe
Zachary Gershman
Attorneys for Plaintiff Jennifer Pardo, Evangeline Matthews, individually and on behalf of all others similarly situated

///

///

///

///

30

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all claims so triable.

Dated: December 14, 2022

**LEBE LAW, APLC**

By: _____

Jonathan M. Lebe
Zachary Gershman
Attorneys for Plaintiff Jennifer Pardo,
Evangeline Matthews, individually and on
behalf of all others similarly situated

**THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**