UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER PARDO, et al.,

    Plaintiffs,

    v.

PAPA, INC., et al.,

    Defendants.

Case No. 21-cv-06326-RS

**ORDER DENYING MOTION FOR "PROTECTIVE ORDER" AND RESOLVING DISPUTES OVER FORM OF NOTICE TO THE COLLECTIVE**

    Defendant Papa, Inc. operates a mobile phone application that allows senior adults and their families to obtain services of "Papa Pals"—assistants who can provide help with shopping or other household tasks, or merely companionship. Papa contends the Pals are independent contractors, who use the application to schedule as much or as little work as they like, and who operate primarily at the direction of the seniors, or the seniors' families, and free from direct supervision by Papa. Plaintiffs Jennifer Pardo and Evangeline Matthews contends the Pals are employees, trained by Papa and subject to strict rules and procedures. Plaintiffs assert claims for various wage and hour violations on behalf of themselves and similarly situated Pals.

    Plaintiffs have filed a motion, labeled as seeking a "protective order," requesting the following relief: 1) an order declaring invalid an arbitration provision Papa recently imposed on Pals who do not opt-out of the provision within 30 days; 2) an order enjoining Papa from engaging in future "*ex parte* communications" with Pals regarding this action, and; (3) issuance of a "corrective notice" to Pals regarding the arbitration provision. That motion has been submitted

1   without oral argument pursuant to Civil Local Rule 7-1(b) and will be denied. The parties have

2   also submitted their disputes regarding the form of notice to be published to members of the

3   conditionally certified collective, which will be resolved as set out below.

5   *The motion*

6   On October 5, 2022, plaintiffs' motion for conditional certification of this matter as a

7   collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, was

8   granted. Conditional certification permits notice of the pending suit to be given to potential

9   members, so that they can elect to opt-in to the litigation. *See Leuthold v. Destination Am.*, 224

10  F.R.D. 462, 467 (N.D. Cal. 2004). The complaint also alleges a class action under Rule 23 is

11  warranted, but no motion to certify such a class has been filed.

12  The order granting conditional certification directed the parties to meet and confer within

13  thirty days to attempt to agree on a form of proposed notice and how it will be distributed. On

14  October 26, 2022, during the time period the parties were communicating about the notice, Papa

15  revised the "End User Licensing Agreement" ("EULA") that persons wishing to work as Pals

16  must review and accept. The revised EULA includes a mandatory arbitration provision. It also

17  states, in all caps, that the parties may only bring claims against one another "ON AN

18  INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY

19  PURPORTED CLASS, REPRESENTATIVE ACTION OR PRIVATE ATTORNEY GENERAL

20  PROCEEDING." The EULA offers Pals the opportunity to opt out of the arbitration provision by

21  sending an email to a specified email address within thirty (30) days.

22  Plaintiffs ask for a declaration that this arbitration provision is invalid. Plaintiffs contends

23  case law imposes a "bright-line rule" without "any caveats" precluding defendants in pending

24  class actions from imposing new arbitration provisions that potentially implicate the rights of

25  putative class members. The three primary cases plaintiffs rely on, however, expressly hold

26  otherwise. In *Jimenez v. Menzies Aviation, Inc.*, No. 2015 WL 4914727 (N.D. Cal. Aug. 17, 2015),

27  the court declined to enforce an arbitration clause imposed while a putative class action was

pending where it was "undisputed that [defendant] did not inform [plaintiff] or other putative class members about this action, much less advise them of the [arbitration provision's] impact on their rights in this case" and defendant "provided no opportunity to opt-out of its new policy, making assent to the [arbitration provision] a condition of employment." *Id*. at *6.

The court expressly rejected the defendant's argument that the ruling would "effectively bar a company from adopting an arbitration agreement so long as its employees are putative members in a pending class action." The court stated:

> That is not accurate. The [arbitration provision] is unenforceable against the putative class *because the manner in which it was issued* constituted improper class communication. Had Menzies informed putative class members of the [arbitration provision's] impact on their class rights and provided clear opt-out opportunities, the potential for abuse and coercive behavior would likely have been ameliorated.

*Id.* (emphasis added).

Similarly, in *O'Connor v. Uber Techs., Inc.*, 2013 WL 6407583 (N.D. Cal. Dec. 6, 2013), the court refused to enforce an arbitration provision adopted while class actions raising the same claims were pending in other states, where putative class members had been given inadequate notice of the effect of the provision on their rights, and the opt-out procedure was unduly burdensome. The court expressly ruled, however, that the defendant could renew its efforts to impose an arbitration provision as long as class members were "given clear notice of the arbitration provision, the effect of assenting to arbitration on their participation in this lawsuit, and reasonable means of opting out of the arbitration provision within 30 days of the notice." *Id.* at *7.

Finally, plaintiff relies on a statement in *Snarr v. HRB Tax Grp., Inc.*, 2021 WL 4499415 (N.D. Cal. May 13, 2021), appearing to suggest that even with proper notice and a reasonable opt-out procedure, a newly adopted arbitration provision can only be applied to "future claims," as opposed to those asserted in a pending action. *See id.* at *7. Whatever the *Snarr* court may have intended by that language, however, it ultimately allowed the defendants to "promulgate a new arbitration provision" as long as they "include clear notice of this lawsuit and an opt-out

provision." *Id.* at *9.

Here, the first substantive paragraph of the cover email under which Papa transmitted the revised EULA to Pals clearly advises the arbitration provision applies to "any class, representative, or collective action, including one already filed against Papa," and refers to the EULA itself for further details. Additionally, the second item in a bulleted list summarizing the changes to the EULA states the revision is to "[c]larify that the arbitration provision applies to one pending litigation, as disclosed in the EULA, as well as prospective litigation."

The initial paragraphs of the EULA disclose in all caps the existence of the arbitration provision and the right to opt-out simply by emailing optout@papa.com. Then, a section bearing a bold and large font heading "Arbitration of all claims on an individual basis," includes a separate paragraph, titled "NOTICE REGARDING PENDING LITIGATION," that identifies this case by name and number, and summarizes the claims.

Under these circumstances, the email and the revised EULA cannot be seen as improper communications with members of the collective or the putative class, and there is no basis to declare the arbitration provision unenforceable, to require a "corrective notice," or to provide other relief.

Additionally, because the named plaintiffs both timely opted-out of the arbitration provision and there is no motion to compel arbitration pending, challenges to the provision based on purported unconscionability, inadequate consent, or other grounds are not properly before the court. *See O'Conner*, 2013 WL 6407583, at *2. Plaintiffs' motion for a "protective order" is therefore denied.

*The notice*

As noted above, the parties were required to negotiate the notice to be provided to Pals regarding their right to opt-in to the FLSA collective action. The parties have done so, but were unable to reach agreement on all points, so they have submitted a joint statement identifying disputed issues that require judicial intervention. The disputes will be resolved as follows.

1. Caption

Plaintiff's proposal for a header describing the document as an "official court notice" and including a pleading-like caption is rejected.

2. Date range

The statute of limitations issue is discussed further below. The notice can simply be addressed, however, to all current and former Papa Pals classified as Independent Contractors of Papa, Inc., without reference to any date.

3. Reference to the updated EULA

Plaintiffs' proposed paragraph regarding the update to the EULA, part of the "corrective notice" sought by their motion for a protective order, should be omitted.

4. Reference to court "allowing" or conditionally certifying the collective action

The first sentence of the third paragraph under section 1 should be omitted, as proposed by defendant.

5. Liability for attorney fees

Defendant's proposal to warn of potential fee liability is rejected.

6. Attorney contact information

Immediately after the contact information for plaintiff's counsel, a statement should be added that "Papa, Inc., is represented in this action by . . . ." followed by counsel's name, phone number, and physical and electronic addresses. At plaintiffs' option, section 8 can instead be omitted entirely.

7. <u>Statute of limitations</u>

No sufficient basis for equitable tolling of the statute of limitations has been offered. Accordingly, paragraph 3 of the notice should state: "You are eligible to join this lawsuit if you have performed at least one visit (virtually or in person) within three years prior to submitting the enclosed consent form." Paragraph 1 of the consent form should similarly state, " . . . performed at least one visit within the last three years."

The parties are directed to make every effort to ensure that any remaining details of the notice are finalized and that it is provided to potential members of the collective as soon as is reasonably possible.

**IT IS SO ORDERED**.

Dated: January 20, 2023

_____
RICHARD SEEBORG
Chief United States District Judge