UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARICE ASHLEY ANDERSEN, et al., | Case No. 21-cv-06326-RS (RMI) |
| Plaintiffs, | |
| v. | **ORDER RE: DISCOVERY DISPUTE** |
| PAPA, INC., et al., | Re: Dkt. No. 55 |
| Defendants. | |

Now pending before the court is a jointly filed letter brief (dkt. 55) setting forth a discovery dispute in this wage and hour case that is brought both as a putative class action, as well as being filed under California Labor Code § 2698 *et seq*. (Private Attorneys General Act "PAGA") (*see* Third Amend. Compl. (dkt. 45). The matter came on to be heard at oral argument on August 8, 2023. For the reasons stated below, Plaintiffs' request to compel is granted in part and denied in part.

Plaintiffs' portion of the letter brief asks for certain contact information (California-based Pals) ("Pals" are a category of Defendant's employees) and certain policy documents. *See* Ltr. Br. (dkt. 55) at 3. As to the policy documents, Defendant states that "Plaintiff has not identified – and Defendant is not aware of – any specific responsive records that have not already been produced." *See id*. at 5 n.2. Plaintiffs' portion of the letter brief does not suitably address Defendant's contention, nor did Plaintiffs raise the "policy documents" issue at oral argument. Accordingly, Plaintiffs' request to compel further production in this regard is **DENIED**.

As to the list of California-based Pals sought by Plaintiffs – the court will begin by noting that both Parties' positions at oral argument fluctuated to some degree as compared to their written

1    arguments presented in the joint letter brief. With regards to a class list – in support of Plaintiffs'

2    effort towards class certification, (while the information was <u>not</u> included in the letter brief) the

3    Parties informed the court that Defendant has supplied such information for 250+ putative

4    California class members who did not opt-out (out of a larger tranche of 2000+ putative

5    nationwide class members whose information was also reportedly tendered). In this regard, it was

6    unclear what else Plaintiffs wanted and why they believed they were entitled to any further

7    production in advance of their class certification effort. In other words, this sampling appears to be

8    sufficient for Plaintiffs' efforts towards class certification.

9    However, as to the PAGA claim, the court finds that Plaintiffs' position at oral argument

10   (i.e., that the PAGA claim compels the production of a more fulsome PAGA class list at this time)

11   was more persuasive than Defendant's positions, and that Plaintiffs should be provided with the

12   PAGA class list (that is, the contact information for all California-based Pals). *See e.g.*, *Williams*

13   *v. Superior Court*, 3 Cal. 5th 531, 548 (2017) ("Representative PAGA actions directly enforce the

14   **state's** interest in penalizing and deterring employers who violate California's labor laws. Hurdles

15   that impede the effective prosecution of representative PAGA actions undermine the Legislature's

16   objectives. It follows that in PAGA cases, as in the class action context, state policy favors access

17   to contact information for fellow employees alleged to have been subjected to Labor Code

18   violations.") (emphasis added) (internal quotations and citations omitted). The court understands

19   and appreciates Defendant's arguments to the effect that "the vast majority of Pals in California

20   have signed arbitration agreements containing class and collective action waivers." *See* Ltr. Br.

21   (dkt 55) at 5). However, that is a question for another day and should not foreclose the discovery

22   that Plaintiffs seek today because, as Defendant appears to concede, not all California Pals have

23   signed such agreements. Second, the validity and applicability of those agreements may yet be

24   litigated to a conclusion at odds with Defendant's asserted position – after all, a PAGA action

25   enforces the state's interest, which may not be so easily subject to waiver. *See e.g.*, *Rodriguez v.*

26   *Twitter, Inc.*, 3:22-cv-07222-JD, 2023 U.S. Dist. LEXIS 74849, *9-10 (April 28, 2023) ("There is

27   also no dispute that the arbitration agreement would be invalid to the extent that it waived

28   Rodriguez's representative standing to bring PAGA claims in a judicial or arbitral forum. Because

'compelling the representative portion of [Rodriguez's] PAGA claim to arbitration would be tantamount to waiver,' the parties converge on the same conclusion: Rodriguez's representative PAGA claims cannot be compelled to arbitration.") (quoting *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1916, 213 L. Ed. 2d 179 (2022)). Accordingly, Plaintiffs' request to produce the contact information for all California-based Pals is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 8, 2023

ROBERT M. ILLMAN
United States Magistrate Judge