Jonathan M. Lebe, State Bar No. 284605
Jon@lebelaw.com
Zachary T. Gershman, State Bar No. 328004
Zachary@lebelaw.com
Rayne A. Brown, State Bar No. 342011
Rayne@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973
Facsimile: (213) 457-3092

Attorneys for Plaintiffs
Jennifer Pardo and Evangeline Matthews,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo, Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Papa, Inc.,<br><br>　　　　　Defendant. | Case No. 3:21-cv-06326-RS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT PAPA, INC.'S OBJECTION TO REPLY EVIDENCE**<br><br><u>Hearing Information:</u><br>Date: January 9, 2025<br>Time: 1:30 p.m.<br>Hon. Richard Seeborg<br><br>Action Filed: August 17, 2021<br>Trial Date: None Set |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO REPLY EVIDENCE**

I. **INTRODUCTION**

Defendant Papa, Inc.'s ("Defendant") Objection to Reply Evidence and, Alternatively, Request to File Sur-Reply should be denied in its entirety. Defendant has failed to demonstrate any basis upon which Plaintiffs Jennifer Pardo and Evangeline Matthews's ("Plaintiffs") trial plan should be stricken from the record. Furthermore, Defendant is not entitled to file a sur-reply here, as Plaintiffs have not raised new arguments in their trial plan warranting such a request.

First, trial plans do not constitute "evidence," under any definition of either term, nor has Plaintiffs' trial plan introduced new evidence into the record. On the contrary, the trial plan is a procedural tool proposing a course of litigation that the parties may take to manage the class and only relies on information presented in Plaintiffs' Motion for Class Certification.

Second, trial plans are not required under Rule 23 of the Federal Rules of Civil Procedure. The Ninth Circuit has explicitly refused to "graft[] a requirement for a trial plan onto [Rule 23]." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005). "While it is accurate that some courts have required the party seeking class certification to present a trial plan, many others do not. Whether a party proposing a class action must submit a trial plan is therefore a forum-specific question." *Stickles v. Atria Senior Living*, 2022 U.S. Dist. LEXIS 42905, at *2 (N.D. Cal. Mar. 10, 2022) (citing 2 Newberg on Class Actions § 4:79 (5th ed.)). Plaintiffs nonetheless provided a concise trial plan in their Motion, which they expanded upon in the formal trial plan accompanying their Reply in response to Defendant's argument in its Opposition that the plan in the Motion lacked sufficient detail.

Third, there is no limitation on the timing of the filing of a trial plan. Defendant does not cite any authority supporting its contention that the trial plain was "late-offered" because none exists. At least one court has permitted plaintiffs to file a trial brief on reply. *Morgan v. Rohr, Inc.*, 2021 U.S. Dist. LEXIS 198312 (S.D. Cal. Oct. 14, 2021).

Finally, established law is clear that sur-replies are disfavored and particularly unjustified where they are sought to simply have the last word or reiterate arguments already made on opposition. *Heil Co. v. Curotto Can Co.*, 2004 U.S. Dist. LEXIS 23618, at *2-3 n. 1 (N.D. Cal. Nov. 16, 2004). Such is the case here.

Therefore, Plaintiffs respectfully request that the Court deny Defendant's Objection and Request

1  to File Sur-Reply in its entirety.

2  **II.   FACTUAL BACKGROUND**

3  Plaintiffs filed their Motion for Class Certification on August 19, 2024, presenting their arguments demonstrating the appropriateness of class treatment and the manageability of Plaintiffs' asserted claims on a class-wide basis. Dkt. No. 86. The Motion included a discussion of the case's adjudication moving forward and described a multi-phase proceeding wherein: (1) Defendant's liability for misclassification would be assessed summarily or at trial; (2) Defendant's liability on the remaining Labor Code claims would be adjudicated; and (2) Defendant's damages exposure for each claim where liability was found would be argued by each side and determined by the trier of fact. *Id.* at 25.

Defendant filed its Opposition to Class Certification and an expert declaration in support thereof on September 30, 2024, which contained numerous criticisms that Plaintiffs' concise trial plan lacked sufficient detail to adequately demonstrate manageability of the class. Dkt. Nos. 93 and 93-3. In direct response to these arguments, Plaintiffs filed a Reply, accompanied by a trial plan, on October 21, 2024, expounding upon the strategy described in the underlying Motion. Dkt. Nos. 94 and 94-2. Specifically, the trial plan proposes a pre-trial period during which dispositive motions may be brought and explicitly states that Plaintiffs intend to move for summary judgment on the issue of misclassification, as well as Defendant's liability as to various Labor Code claims. Dkt. No. 94-2 at 2-3. This period would also allow for further discovery, such as a second Rule 30(b)(6) deposition that Defendant recently agreed to. *Id.* The next step would be a liability phase wherein Defendant's liability would be determined on any issues not summarily decided in the previous stage, potentially including misclassification or any of the Labor Code claims. *Id.* at 3-5. Finally, Defendant's damages exposure with respect to any claims it was found liable for would be decided at the damages stage. *Id.* at 5-10.

Defendant now improperly bring this Objection seeking to strike the trial plan or, alternatively, obtain leave to file a sur-reply.

**III.   ARGUMENT**

  **A. Defendant's Motion to Strike Plaintiffs' Trial Plan Should Be Denied.**

A trial plan is a "document that 'describes the issues likely to be presented at trial and tests whether they are susceptible to class-wide proof.'" 2 Newberg on Class Actions § 4:79 (5th ed.).

Evidence, on the other hand, is defined as "[a]ny thing or statement . . . which demonstrates, makes clear, or proves the truth of the fact at issue." *Evidence*, Bouvier Law Dictionary (2012 Ed.). Stated plainly, these things are not the same. As Defendant points out, "Plaintiffs had all the information they needed" to craft a trial plan from the outset of this Motion and Plaintiffs have in fact presented their trial plan based solely on that information. Dkt. No. 95 at 1. Indeed, Plaintiffs' trial plan is a procedural tool designed to articulate Plaintiffs' litigation strategy, demonstrate Plaintiffs' preparedness to manage the class in a uniform way, and assist the Court and the parties in shaping proceedings moving forward. Therefore, there is no justification to strike or otherwise exclude Plaintiffs' trial plan from the record.

Moreover, Rule 23 does not require plaintiffs to propose trial plans at the class certification stage. The Ninth Circuit has explicitly refused to "graft[] a requirement for a trial plan onto [Rule 23]" and this District has long abided by that principle. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005); *e.g., Lao v. H&M Hennes & Mauritz, L.P.*, 2019 U.S. Dist. LEXIS 222542, at *22 (N.D. Cal. Dec. 30, 2019) ("Rule 23 does not require a plaintiff to offer a trial plan to maintain class certification. The Ninth Circuit does not require it either."); *United States v. Wasatch Advantage Grp., LLC*, 2018 U.S. Dist. LEXIS 29275 (9th Cir. Oct. 17, 2018) (upholding a district court's order granting class certification and finding that trial plans are not required); *Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352, at *33 (N.D. Cal. Feb. 16, 2016) (certifying class although the plaintiffs had not yet submitted a trial plan, finding that trial plans are not required under Rule 23); *Dunbar v. Google, Inc.*, 2012 U.S. Dist. LEXIS 177058, at *61 n. 4 (N.D. Cal. Dec. 12, 2012) ("The Court [] notes that no formal trial plan is required by Rule 23."); *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 374 (N.D. Cal. 2018) (finding the defendant's criticism that the plaintiffs lacked a trial plan unpersuasive, as Rule 23 does not require trial plans); *Sullivan v. Kelly Services, Inc.*, 268 F.R.D. 356, 365 (N.D. Cal. 2010) ("Nothing in Rule 23 requires Plaintiff to submit a formal trial plan along with her motion for class certification.").

"Time and time again, [the Ninth Circuit] has reaffirmed the principle that the need for individual damages calculations does not doom a class action." *Ridgeway v. Walmart*, 946 F.3d 1066, 1086 (9th Cir. 2020). "While it is accurate that some courts have required the party seeking class certification to present a trial plan, many others do not. Whether a party proposing a class action must submit a trial plan

3

1  is therefore a forum-specific question." *Stickles v. Atria Senior Living*, 2022 U.S. Dist. LEXIS 42905, at
2  *2 (N.D. Cal. Mar. 10, 2022) (citing 2 Newberg on Class Actions § 4:79 (5th ed.)).

3  Although Rule 23 does not require a trial plan, Plaintiffs nonetheless presented a concise
4  explanation of how this matter might be litigated in a phased proceeding in their Motion for Class
5  Certification. This concise plan is consistent with the more detailed plan Plaintiffs submitted with their
6  Reply. Both iterations of the plan are abundantly clear that Plaintiffs propose litigation proceed in phases
7  allowing the parties to: (1) seek summary adjudication; (2) determine Defendant's liability on remaining
8  issues at trial; and (3) assess damages on claims for which Defendant is found liable.

9  In painting the plan with a broad stroke in its Objection, Defendant thoroughly misrepresents it.
10 The formal trial plan is not "a different plan entirely" simply because it provides additional details.
11 Amongst these details are the inclusion of a pre-trial period for further discovery[1], the identification of
12 likely factual issues to be resolved at trial, and the articulation of Plaintiffs' theories of damage
13 calculations for each individual claim. However, no inconsistencies exist between Plaintiffs' descriptions
14 of the trial plan. Ultimately, Plaintiffs submitted a more robust trial plan in response to repeated
15 complaints by Defendant and Defendant's expert that Plaintiffs did not provide sufficient detail
16 regarding manageability of the claims at trial in their Motion for Class Certification. Dkt. No. 93 at pgs.
17 2, 3, 20, 25-28; Dkt. No. 93-3 at pgs. 5, 6. Defendant now seeks to argue that it is prejudiced by the
18 addition of the very same details it asked for. This is not a sufficient basis for striking the trial plan from
19 the record.

20 Defendant also erroneously raises criticism that Plaintiffs' trial plan is "late-offered," yet
21 Defendant fails to cite any local rule, caselaw, statute, standing order, or other binding authority
22 indicating either a mandatory timeframe for Plaintiffs' submission of a trial plan or a requirement that a
23 trial plan be filed concurrently with a class certification motion. The plain language of Rule 23 imposes
24 no such restrictions. Defendant also claims that "[c]ourts routinely refuse to consider trial plans that are

---

[1] At the time Plaintiffs filed their Motion for Class Certification, the parties were discussing the possibility of a second Rule 30(b)(6) deposition. The pre-trial discovery period was a necessary addition to the formal trial plan because the parties had agreed to a second deposition when Plaintiffs filed their Reply. Plaintiffs updated the plan as a matter of accuracy and transparency with the Court regarding developments in litigation. The pre-trial discovery represents an additive detail that does not change the trajectory of the trial plan.

not submitted with a party's affirmative motion," but offers only one case, Sweet v. Pfizer 232 F.R.D. 360, 369 (C.D.Cal. 2005), a Central District Court case, where a court took this course of action while at the same time commenting that even if it had considered the trial plan the result would have not been changed as "typicality would still not be achieved." Dkt. No. 95 at p. 5. One case hardly constitutes a routine practice or an approach that need be followed in all instances. For example, the court in *Morgan v. Rohr, Inc.* reached the opposite conclusion from the *Sweet* court, denying the defendant's motion to strike a trial plan submitted on reply. *Morgan v. Rohr, Inc.*, 2021 U.S. Dist. LEXIS 198312 (S.D. Cal. Oct. 14, 2021). Ultimately, it does not logically follow that Rule 23 – which does not even require trial plans – would impose such strict standards regarding *when* a trial plan must be submitted, as Defendant insists here.

### B. Defendant's Request for Leave to File a Sur-Reply Should Be Denied.

It is well-established that sur-replies are strongly disfavored in this Court, in the Ninth Circuit, and amongst other District Courts throughout California. "Surreplies are disfavored and the Court routinely rejects them." *Buffin v. Cty. of S.F.*, 2016 U.S. Dist. LEXIS 63812, at *3-4 (N.D. Cal. May 6, 2016). Moving to file a surreply is a "practice the court strongly disfavors." *Darius Mostowfi v. 12 Telcom Int'l, Inc.*, 2005 U.S. Dist. LEXIS 51781, at *53 (N.D. Cal. May 23, 2005) (denying request to file a sur-reply); *see also U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F. 3d 1195, 1203 (9th Cir. 2009) (district court did not abuse its discretion in refusing to permit surreply); *Kincaid v. Educ. Credit Mgmt. Corp., Inc.*, 2024 U.S. Dist. LEXIS 59023, at *30-31 (E.D. Cal. Mar. 29, 2024) (denying defendant's request to file sur-reply).

A reply brief addressing arguments and evidence raised in the non-moving party's opposition papers does not give the non-moving party license to file a surreply. *See Heil Co. v. Curotto Can Co.*, 2004 U.S. Dist. LEXIS 23618, at *2-3 n. 1 (N.D. Cal. Nov. 16, 2004) (denying request to file a sur-reply where the reply had not raised new arguments and instead responded to arguments made in the opposition papers). "District courts have the discretion to permit surreply briefs, though such filings are disfavored," and responding to a reply that "merely address[es] contentions made by [an opposing party] in his opposition brief[]" does not justify granting leave to file a surreply. *Heterich v. City & Cty. of San Francisco*, 2020 U.S. Dist. LEXIS 260331, at *12 (N.D. Cal. Jun. 2, 2020). "'Although the Court may

1   in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing
2   a surreply only where a valid reason for such additional briefing exists, such as where the movant raises
3   new arguments in its reply brief.'" *Hill v. England*, 2005 U.S. Dist. LEXIS 29357, at *2-3 (E.D. Cal.
4   Nov. 8, 2005) (citing *Frederick v. Mercedes-Benz USA, LLC*, 336 F. Supp. 2d 1190, 1197 (N.D. Ga.
5   2005)). "The purpose of a surreply is to afford 'the nonmoving party . . . an opportunity to respond to
6   new material raised for the first time in the movant's reply . . . "[N]ew material" means "new evidence
7   and new legal arguments" raised in the movant's reply brief.'" *Solvey v. Zepp*, 2023 U.S. Dist. LEXIS
8   160275, at *4-5 (E.D. Cal. Sep. 8, 2023) (internal citations omitted). It is improper to seek leave to file
9   a sur-reply to simply raise objections that were already raised or could have been raised in an opposition.
10  *Id* at *7-9. The "desire to have the final word is not an adequate basis upon which to allow [a party] to
11  file a surreply" either. *Miller v. Soto*, 2022 U.S. Dist. LEXIS 154986, at *42 (E.D. Cal. Aug. 29, 2022).

12          As discussed above, Plaintiff's trial plan does not introduce any new evidence, nor is it
13  inconsistent with the concise description of the plan contained in the underlying Motion. Defendant had
14  ample opportunity to respond to the concise iteration of the plan and thoroughly availed itself of that
15  opportunity throughout both its Opposition and its expert declaration. Furthermore, Defendant's
16  Objection provides absolutely no details regarding what aspects of the formal trial plan it seeks to
17  respond to on sur-reply. Any arguments Defendant could raise would likely only reiterate arguments it
18  already made in its Opposition, since the formal and concise trial plan descriptions offered by Plaintiffs
19  are identical in structure.

20          It is evident from the lack of detail in Defendant's Objection regarding how it intends to further
21  respond to the trial plan that Defendant only seeks to file a sur-reply to obtain the "last word" on this
22  issue. This is not a proper basis to grant Defendant's request. Hence, Defendant's vague, overbroad, and
23  meritless request should be denied.
24  ///
25  ///
26  ///
27  ///
28  ///

## IV. CONCLUSION

Defendant's Objection provides no basis for an order striking the trial plan from the record, nor does it offer sufficient justification for this Court to grant it leave to file a sur-reply. Based on the foregoing arguments, Plaintiffs respectfully request that the Court deny Defendant's Objection in its entirety.

Dated: November 4, 2024                    **LEBE LAW, APLC**

By: _____/s/ Jonathan M. Lebe_____
Jonathan M. Lebe
Zachary T. Gershman
Rayne A. Brown
Attorneys for Plaintiffs Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated