United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER PARDO, EVANGELINE
MATTHEWS, individually and on behalf of
all others similarly situated,

        Plaintiffs,

        v.

PAPA, INC.,

        Defendant.

Case No. 21-cv-06326-RS

**ORDER DENYING MOTION FOR
CLASS CERTIFICATION**

## I. INTRODUCTION

Named plaintiffs Jennifer Pardo and Evangeline Matthews contend defendant Papa, Inc. wrongfully classified them and similarly situated workers as independent contractors, thereby depriving them of overtime and minimum wage compensation. Plaintiffs previously obtained an order "certifying" this matter as a collective action under 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, thereby permitting dissemination of notice to other workers of their right to "opt-in" to the FLSA collective. Numerous individuals have since submitted "opt-in" notices.

Pardo and Matthews now seek certification of a class under Rule 23 of the Federal Rules of Civil Procedure. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for January 9, 2025, is vacated. The motion will be denied.

## II. BACKGROUND

Papa operates a mobile phone application that allows senior adults and their families to obtain services of "Papa Pals"—assistants who can provide help with shopping or other household tasks, or merely companionship. Papa contends the Pals are independent contractors, who use the application to schedule as much or as little work as they like, and who operate primarily at the direction of the seniors, or the seniors' families, and free from direct supervision by Papa. Plaintiffs contend the Pals are employees, trained by Papa and subject to strict rules and procedures.

Plaintiffs seek to certify a class consisting of "[a]ll individuals who performed work for Defendant in the state of California who were classified as independent contractors from four years prior to the filing of this action, from August 18, 2018, to the date of trial." Plaintiffs assert that as of February 1, 2024, there were 3,750 individuals within that definition, according to records produced by Papa.

In opposition to class certification, Papa offers the declaration of its Chief Financial Officer, Dani Bchara, who asserts, among other things, that an "independent contractor agreement— previously called the End User License Agreement ("EULA") and currently called the Papa Pal Agreement, together the "Pal Agreement"—governs the relationship between Papa and Pals." Bchara Decl., para. 8. Bchara further declares that the Pal Agreement contains an arbitration clause, with a waiver of the right to participate in a class action, and that over 99.9% of Pals in California are subject to that arbitration clause and class waiver.

Papa has not provided the text of the arbitration clause and class waiver. Nor does Papa explain how Pardo and Matthews apparently were able to reject the arbitration clause and class waiver, although it appears to concede they are not subject to it.[1] While Papa's evidentiary showing that over 99.9% of putative class members are bound by the arbitration agreement and

---

[1] In conjunction with the FLSA certification, Papa previously asserted Pardo was bound by the arbitration clause and that it intended to move to compel arbitration of her claims. Papa has apparently abandoned that position.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  class waiver is less robust than might be preferred, plaintiffs do not challenge the factual accuracy

2  of Bchara's declaration. Accordingly, it must be accepted for purposes of this motion that only a

3  tenth of one percent, or fewer, of the putative class members are not potentially barred from

4  participating in any class action involving the claims alleged in the complaint.

6  ### III. LEGAL STANDARDS

7       Rule 23(a) provides that a court may certify a class only if: "(1) the class is so numerous

8  that joinder of all members is impracticable; (2) there are questions of law or fact common to the

9  class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

10  of the class; and (4) the representative parties will fairly and adequately protect the interests of the

11  class." These requirements are commonly referred to as numerosity, commonality, typicality, and

12  adequacy. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

13       If all four Rule 23(a) prerequisites are satisfied, a court must also find that plaintiffs

14  "satisfy through evidentiary proof" at least one of the three subsections of Rule 23(b). *Comcast*

15  *Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Relevant here is Rule 23(b)(3), which permits

16  certification if a court finds that "questions of law or fact common to class members predominate

17  over any questions affecting only individual members, and that a class action is superior to other

18  available methods for fairly and efficiently adjudicating the controversy." These requirements are

19  often referred to as predominance and superiority. The class certification analysis may "entail

20  some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans*

21  *and Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (quoting *Dukes*, 131 S. Ct. at 2551).

22       Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries

23  at the certification stage." *Amgen*, 133 S. Ct. at 1194–95. "Merits questions may be considered to

24  the extent—but only to the extent—that they are relevant to determining whether the Rule 23

25  prerequisites for class certification are satisfied." *Id.* at 1195.

United States District Court
Northern District of California

# IV. DISCUSSION

Although Papa challenges the adequacy of plaintiffs' showing on several of the requisites for certification, a threshold dispositive issue compels denial of the motion. As noted above, the claims of the named plaintiffs are not subject to an arbitration agreement and class waiver. In contrast, the claims of over 99.9% of the members of the class are subject to the arbitration agreement and class waiver. District courts in this circuit routinely conclude that plaintiffs who are not subject to an arbitration agreement cannot represent a class of persons who are. *See Andrade v. Am. First Fin., Inc.*, 2022 WL 3369410, at *4 (N.D. Cal. Aug. 16, 2022) (collecting cases).[2]

The differences between named plaintiffs who are not subject to an arbitration agreement and potential class members who are defeats "typicality" and/or renders the named plaintiffs inadequate representatives. *Id.* Additionally, in this case it could defeat numerosity, although Papa did not specifically address that point. If the class were limited to those who, like Pardo and Mathews, are not subject to the arbitration agreement and class waiver, the class might number fewer than five individuals.  (.1 percent of 3750 putative class members is 3.75—even assuming the number of Pals fitting the definition were to rise by several thousand prior to trial, the number of individuals not subject to the arbitration and class waiver likely would be well below the threshold for class actions.)

As noted, plaintiffs have not challenged Papa's claim that over 99.9% of the potential class members are subject to the arbitration agreement and class waiver. Plaintiffs' only response on the

---

[2] *Garcia v. Cent. Coast Rests., Inc.*, 2022 WL 657972, at *4-5 (N.D. Cal. Mar. 4, 2022) does not compel a different result. There, a plaintiff who had successfully shown the arbitration agreement was legally unenforceable as to herself was allowed to lead a class seeking to show the arbitration agreement was unconscionable on broader, class-wide grounds. As *Garcia* expressly recognized, however, the Ninth Circuit has foreclosed the possibility of a plaintiff who opts out of an arbitration agreement then representing a class of people who did not opt out. Although the record is unclear as to exactly how Pardo and Matthews avoided the arbitration agreement and class waiver, they did not do so by having it declared unenforceable, and are therefore effectively in the position of "opt-outs."

1  topic is an argument that the arbitration agreement and class waiver presents an affirmative

2  defense, which can and should be raised by any affected class members after certification.

3      It is true that the mere availability of affirmative defenses against individual members will

4  not typically preclude class certification. *See Rodman v. Safeway Inc.*, 2015 WL 2265972, at *3

5  (N.D. Cal. May 14, 2015). Here, however, the "affirmative defense" implicates who may even

6  participate in the class, as well as the named plaintiffs' suitability to represent others who are in an

7  unlike position. *See Andrade*, 2022 WL 3369410, at *5 ("arbitration and waiver of the right to

8  class action are threshold determinations that must be made *before* the Court can determine

9  whether an individual is part of a putative class and whether this matter may proceed as a class

10  action."). Accordingly, the motion for certification must be denied.[3]

## V.  CONCLUSION

The motion for class certification is denied. The parties shall appear for a further Case

Management Conference on January 30, 2025, with a joint statement filed one week in advance.

**IT IS SO ORDERED**.

Dated: December 31, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

---

[3] The question of what impact, if any, the arbitration agreement and class waiver may have on the right of the named plaintiffs and the individuals who have opted in to the FLSA collective action to proceed thereunder is not before the court at this juncture.

CASE NO. 21-cv-06326-RS