ELLEN BRONCHETTI (SBN 226975)
DANIEL SMITH (SBN 312330)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: 619-848-2500
Facsimile: 949-732-6501
Ellen.Bronchetti@gtlaw.com
Daniel.Smith@gtlaw.com

TAYANAH MILLER (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1277
millerta@gtlaw.com

Attorneys for Defendant
PAPA, INC.

Jonathan M. Lebe (SBN 284605)
Jon@lebelaw.com
Rayne A. Brown (State Bar No. 342011)
Rayne@lebelaw.com
**LEBE LAW, APLC**
3900 W Alameda Avenue, 15th Floor
Burbank, California 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs
Jennifer Pardo and Evangeline Matthews

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo, Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Papa, Inc.,<br><br>　　　　Defendant. | Case No. 3:21-cv-06326-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br><br><br>TAC Filed: September 14, 2022<br>Trial Date: None Set |

1

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiffs Jennifer Pardo and Evangeline Matthews, Collective Action Members ("Plaintiffs") and Defendant Papa, Inc. ("Defendant," collectively the "Parties") jointly submit the following Joint Case Management Statement in advance of the July 10, 2025 hearing:

**1. Jurisdiction and Service**

Defendant Papa, Inc. has been served. The Parties do not dispute jurisdiction.

**2. Legal Issues**

Plaintiffs assert claims under the Labor Code, Private Attorneys General Act and Fair Labor Standards Act. Defendant denies Plaintiffs' allegations.

**3. Motions**

There are no pending motions. Plaintiffs intend to file a Motion for Summary Judgment as to the Labor Code claims of Plaintiffs and all aggrieved employees. Defendant will oppose any Motion for Summary Judgment filed by Plaintiff. Defendant intends to file a motion decertifying Plaintiffs' collective action.

**4. Amendment of Plaintiff**

The deadline to amend pleadings as of right has passed.

**5. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

**6. Disclosures**

The Parties made initial disclosures on December 1, 2021. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

**7. Discovery**

The Parties will resume discovery in preparation for trial.

**Plaintiffs' Position**

Plaintiffs have served requests for production pertaining to all collective members who have opted into the action. Defendant has refused to produce these records. Plaintiffs intend to seek court intervention with respect to this discovery dispute.

Plaintiffs will also serve written discovery as to which aggrieved employees have consented to Defendant's arbitration agreement, which has undergone various changes in its terms throughout the relevant time period.

**Defendants' Position**

The requests for production referenced by Plaintiffs, above, were propounded in October 2023, nearly two years ago. Defendant did not produce records pertaining to the collective opt-in members and Plaintiffs did not previously move to compel their production. Nine days prior to mediation, Plaintiffs' counsel demanded that Defendant produce documents relating to over 2500 Pals in advance of mediation. Defendant declined to do so given the extreme burden and expense in collecting and producing such records, notwithstanding Plaintiffs' dilatory conduct in seeking their production. The parties did not substantively meet and confer on the scope or propriety of the discovery requests at that time. Defendant's position is that Plaintiffs' have waived any ability to compel such production given the delay in seeking such relief for the requests at issue.

**8. Class Actions**

On December 31, 2024, this Court denied Plaintiffs' motion for class certification.

**9. Related Cases**

The Parties are unaware of any related cases.

**10. Relief**

Plaintiffs seek damages, statutory penalties, civil penalties, and other relief detailed in Plaintiffs' operative complaint.

**11. Settlement and ADR**

The Parties recently attended mediation with mediator David Rotman on June 25, 2025. The mediation was not successful.

**12. Consent to Magistrate Judge for all Purposes**

This case has been assigned for all purposes to the Honorable Richard Seeborg.

**13. Other References**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Plaintiffs intend to file a Motion for Summary Judgment to narrow the issues in this case. Defendant will oppose any Motion for Summary Judgment filed by Plaintiff. Defendant intends to file a motion decertifying Plaintiffs' collective action.

**15. Expedited Trial Procedure**

The Parties agree this case is not suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. Scheduling**

The Parties agreed to mediate this matter with mediator David Rotman on June 25, 2025. The matter was not resolved. Plaintiffs intend to file a Motion for Summary Judgment on the PAGA claims of Plaintiffs and all aggrieved employees, which is likely to be determinative of many issues in the case. Plaintiffs propose setting a trial date after Plaintiff's Motion for Summary Judgment is resolved.

Defendant will oppose any Motion for Summary Judgment filed by Plaintiff. Defendant intends to file a motion decertifying Plaintiffs' collective action. Defendant proposes setting the trial setting conference after both the resolution of Plaintiffs' purported Motion for Summary Judgment and Defendant's motion to decertify Plaintiffs' collective action, whichever is later.

**17. Trial**

**Plaintiff's Position**

Plaintiffs' anticipated Motion for Summary Judgment is likely to be determinative of many issues in the case. Plaintiffs propose setting a trial date after Plaintiff's Motion for Summary Judgment is resolved.

**Defendant's Position**

Defendant will oppose any Motion for Summary Judgment filed by Plaintiff. Defendant intends to file a motion decertifying Plaintiffs' collective action. Defendant proposes setting the trial setting conference after both the resolution of Plaintiffs' purported Motion for Summary Judgment and Defendant's motion to decertify Plaintiffs' collective action, whichever is later. Defendant also contends that Plaintiffs cannot present a manageable trial plan for their claims.

Given the remaining issues in this case, Defendant proposes a trial date no earlier than October 12, 2026.

**18. Disclosure of Non-party interest entities or persons.**

All Parties have filed a Certification of Interested Parties Under Civ. L.R. 3-15.

**19. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other Matters**

No other matters are at issue in this case.

DATED: July 3, 2025         **LEBE LAW, APLC**

                            By:        /s/ Rayne A. Brown
                                    Jonathan M. Lebe
                                    Rayne A. Brown
                            Attorneys for Plaintiffs Jennifer Pardo and
                            Evangeline Matthews, individually and on
                               behalf of all other similarly situated

DATED: July 3, 2025         **GREENBERG TRAURIG, LLP**

                            By:        /s/ Daniel Smith
                                    Ellen M. Bronchetti
                                    Tayanah Miller
                                    Daniel Smith
                            Attorneys for Defendant Papa, Inc.

## ECF ATTESTATION

Pursuant to Civil L. R. 5-1(i)(3) the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: July 3, 2025

**Lebe Law, APLC**

By: */s/ Rayne A. Brown*
 Rayne A. Brown
 Attorney for Plaintiffs Jennifer Pardo
 and Evangeline Matthews,
 individually and on behalf of all
 other similarly situated

**JOINT CASE MANAGEMENT STATEMENT**