ELLEN BRONCHETTI (SBN 226975)
**GREENBERG TRAURIG, LLP**
12830 El Camino Real, Suite 350
San Diego, CA 92130
Telephone:  619-848-2523
Facsimile:  619-393-0877
Ellen.Bronchetti@gtlaw.com

TAYANAH MILLER (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA  94105
Telephone: (415) 655-1277
millerta@gtlaw.com

Attorneys for Defendant
PAPA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PARDO AND EVANGELINE MATTHEWS, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>PAPA, INC.<br><br>                Defendant. | CASE NO. 3:21-cv-06326-RS<br><br>**DECLARATION OF ELLEN BRONCHETTI IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Trial Date:  None |

## DECLARATION OF ELLEN BRONCHETTI

I, ELLEN M. BRONCHETTI, declare as follows:

1.      I am an attorney at law duly licensed to practice before this court. I am a shareholder at Greenberg Traurig, LLP, attorneys of record for Defendant PAPA, Inc. ("Defendant").

2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.      This declaration is submitted in support of Defendant's Opposition to Plaintiffs' Motion for Summary Adjudication.

4.      On August 27, 2024, Kellie Hynds, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Hynds is attached hereto as **Exhibit 1.**

5.      On August 28, 2024, Sandra Rodriguez, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Rodriguez is attached hereto as **Exhibit 2.**

6.      On September 11, 2024, Nancy Gonzales, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Gonzales is attached hereto as **Exhibit 3.**

7.      On September 23, 2024, Zerina Gacanovic, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Gacanovic is attached hereto as **Exhibit 4.**

8.      On September 24, 2024, Cassie King, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. King is attached hereto as **Exhibit 5.**

9.      On September 25, 2024, Jennifer Martin, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Martin is attached hereto as **Exhibit 6.**

10.     On September 25, 2024, Marsi Haney, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Haney is attached hereto as **Exhibit 7.**

11.     On September 27, 2024, Makayla Johnson, a current Pal, executed a declaration in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification. A true and correct copy of the declaration of Ms. Johnson is attached hereto as **Exhibit 8.**

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on November 14, 2025.


By _____
ELLEN M. BRONCHETTI

DECLARATION OF ELLEN BRONCHETTI IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION

**Exhibit 1**

ELLEN M. BRONCHETTI (SBN 226975)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: (619) 848-2523
ellen.bronchetti@gtlaw.com

TAYANAH MILLER (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1277
millerta@gtlaw.com

Attorneys for Defendant
PAPA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Papa, Inc.,<br><br>                    Defendants. | Case No.: 3:21-cv-06326-RS<br><br>**DECLARATION OF KELLIE HYNDS IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION**<br><br>TAC Filed: 9/14/2022<br>Trial Date:     Not set |

1

DECLARATION OF KELLIE HYNDS IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

I, Kellie Hynds, declare as follows:

1. I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2. I began working as a Pal around a year and a half ago. There was no required training to become a Pal, but I did review an orientation video that explained what Papa is, how to use the application, and how Pals are paid as part of the application process.

3. As a Pal, I have helped members with house cleaning, taking members to the grocery store, and companionship while completing these tasks. Being a Pal isn't like a real job. It's like spending time with a family friend. I enjoy the companionship.

4. I can choose to visit a member whenever I feel like it. My schedule varies. I typically complete less than ten visits per month, typically on weekends.

5. Most of my visits are two hours. I have never completed a visit that is longer than five hours. Only 5% of my visits go over three hours. I have never worked over eight hours in a day, forty hours in a week, or seven consecutive days in a row.

6. I rarely complete multiple visits in a single day. No more than once a month do I complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

7. I do not have my own company.

8. I am also employed full-time as a therapist during the week.

9. I occasionally perform work for other app-based companies. Specifically, I work occasionally for Uber Eats.

DECLARATION OF KELLIE HYNDS IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

10. I personally do not have visits with downtime. However, I am aware that some visits have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I am aware that I would be free to what I want to do. I could use this time for my own personal reasons, to take breaks, to eat, to talk on the phone, etc. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

11. I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

12. I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I do not complete visits longer than 5 hours.

13. I do not clock in and out for meal periods using the app. The Papa application data would not be an accurate reflection of whether I took a meal period on any given day.

14. I use my car to get to members. I do drive as part of the visits that I complete with members.

15. I call members to confirm a visit in advance of the visits I complete.

16. I do not incur expenses being a Pal, other than mileage. I am reimbursed for all mileage. I use my phone to access the application and get paid, but I do not use it to be a Pal. It takes me less than five minutes to access the application. I also use the application to clock-in and clock-out and complete a survey at the end of each visit. The survey takes less than one minute to complete.

17. I am a Preferred Pal for three members.

DECLARATION OF KELLIE HYNDS IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

18.    As a Preferred Pal, I can reschedule my visits on the application.

19.    I am on a family plan for my cellular service.

20.    I sometimes see members outside of the Papa platform. This usually happens when the member runs out of insurance-paid visits. When this happens, the member and I negotiate the rate for any services I perform.

21.    I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

22.    I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

23.    I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

///

///

1        I declare under penalty of perjury under the laws of the State of California

2    and the United States of America that the foregoing is true and correct.

3

4        Executed on August 27, 2024 at <u>Riverside              </u>, California.

5

6

7    _____

8    Kellie Hynds

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KELLIE HYNDS IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

**Exhibit 2**

1   ELLEN M. BRONCHETTI (SBN 226975)
    **GREENBERG TRAURIG, LLP**
2   12760 High Bluff Drive, Suite 240
    San Diego, CA 92130
3   Telephone: (619) 848-2523
    ellen.bronchetti@gtlaw.com
4
    TAYANAH MILLER (SBN 299123)
5   **GREENBERG TRAURIG, LLP**
    101 Second Street, Suite 2200
6   San Francisco, CA 94105
    Telephone: (415) 655-1277
7   millerta@gtlaw.com
8   Attorneys for Defendant
    PAPA, INC.
9

10                **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12  Jennifer Pardo and Evangeline          Case No: 3:21-cv-06326-RS
    Matthews, individually and on
13  behalf of all others similarly
    situated,                              **DECLARATION OF SANDRA**
14                                         **RODRIGUEZ IN SUPPORT OF**
                        Plaintiffs,        **DEFENDANT PAPA, INC.'S**
15                                         **OPPOSITION TO CLASS**
                                           **CERTIFICATION**
16          v.

17  Papa, Inc.,                            TAC Filed: 9/14/2022
                                           Trial Date:    Not set
18                      Defendants.

19

20

21

22

23

24

25

26

27

28

I, SANDRA RODRIGUEZ, declare as follows:

1.      I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.      I began working as a Pal around three years ago. There was no required training to become a Pal.

3.      As a Pal, I have helped members with housework, including sweeping, washing dishes, and other cleaning tasks, transporting members to doctor visits, among other things. Being a Pal isn't like a real job. It's like spending time with a family friend. A lot of members see me as family and I also see them as family. Some members have even told me they love me.

4.      I appreciate the flexibility of being a Pal. The flexibility of Papa allows me to work another job and take care of my children. For example, I have scheduled my visits to allow me to pick up my son from school.

5.      I can choose to visit a member whenever I feel like it. My schedule varies. I typically complete five to ten visits per week.

6.      Most of my visits are two hours. I was told that visits cannot go over two hours and fifteen minutes. I have never completed a visit that is longer than three hours. I have worked eight hours in a day with breaks in between my two-hour visits. I have never worked forty hours in a week or seven consecutive days in a row.

7.      I do complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

8.      I am registered to do work for a company called HopSkipDrive, where I assist with taking children to school. I have not taken a job with them in the past couple months.

DECLARATION OF SANDRA RODRIGUEZ IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

9.    I also work with a previous member outside the Papa platform for ten hours each week. She has Parkinson's disease, so I assist her with many tasks. I negotiate the rate for the services I preform with her.

10.    When I am transporting a member somewhere, dropping off the member and then picking up the member may be scheduled as two separate visits. This allows me to do anything else I want to during the visits, like picking up my child from school.

11.    Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I am free to what I want to do. I can and do use this time for my own personal reasons, to take breaks, to use the restroom, to check my personal email, to schedule other visits with members, etc. Sometimes the members would like me to come into the appointment with them, while others do not. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

12.    I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Members often encourage me to take breaks during my two-hour visits. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

13.    I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I have never completed a visit longer than 5 hours.

14.    I do not clock in and out for meal periods using the app. But I always take meal periods when needed. The Papa application data would not be an accurate reflection of whether I took a meal period on any given day.

15.    I use my car to get to members. I do drive as part of the visits that I complete with members.

16.    I call members to confirm a visit in advance of the visits I complete.

17.    I do not incur expenses being a Pal. I use my phone to access the application and get paid, but I do not use it to be a Pal. It takes me only a couple minutes to access the application.

18.    I am on a family plan for my cellular phone.

19.    I am a Preferred Pal for many members. I have been with many members since I started as a Pal.

20.    I sometimes see members outside of the Papa platform. This usually happens when the member runs out of insurance-paid visits. When this happens, the member and I negotiate the rate for any services I perform.

21.    I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

22.    I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

23.     I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on ___08/28/2024___, 2024 at San Diego, California.

DocuSigned by:

_____ _____
4A77C7B8A65A4E0...

Sandra Rodriguez

DECLARATION OF SANDRA RODRIGUEZ IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

**Exhibit 3**

ELLEN M. BRONCHETTI (SBN 226975)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: (619) 848-2523
ellen.bronchetti@gtlaw.com

TAYANAH MILLER (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1277
millerta@gtlaw.com

Attorneys for Defendant
PAPA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated, | Case No: 3:21-cv-06326-RS |
|---|---|
| Plaintiffs, | **DECLARATION OF NANCY GONZALES IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION** |
| v. | |
| Papa, Inc., | TAC Filed: 9/14/2022 |
| Defendants. | Trial Date:    Not set |

I, Nancy Gonzales, declare as follows:

1.      I worked as Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.      I began working as a Pal around 2022. There was no required training to become a Pal, but Papa does have optional materials for Pals to review at their discretion.

3.      I have not worked as a Pal since April 2024 due to personal reasons.

4.      As a Pal, I have helped members with grocery shopping, cleaning, meal preparation, and going to the store, doctor's appointments, and the gym. Being a Pal isn't like a real job. It's like spending time with a family friend.

5.      I can choose to visit a member whenever I feel like it. My schedule varies. I typically complete 2 to 3 visits per week.

6.      Most of my visits are 2 to 4 hours. I have never completed a visit that is longer than 5 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

7.      I complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

8.      I also perform work for other app-based companies. Specifically, I also perform work for Uber and Lyft. Typically, I would start performing work for Uber and Lyft at 4 a.m. and then would perform a visit or two with Papa later in the day.

9.      Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I am free to what I want to do. I can and do use this time for my own personal reasons, to take breaks, to eat, to talk on the phone, etc. Even if there

1  isn't obvious downtime, I am able to take a rest break when I feel like it.

2       10.    I know I can take a rest break—or two—of at least 10 minutes if I

3  want to no matter the length of my visits. No member has ever tried to interfere

4  with me taking a rest break, and no employee of Papa has ever told me I could not

5  take a rest break. Taking a rest break is completely up to me because I control

6  every aspect of my visits with a member.

7       11.    I know I can take a meal break of at least 30 minutes, completely

8  uninterrupted, if I ever need one. No member has ever tried to interfere with me

9  taking a meal period. No employee of Papa has ever told me that I could not take

10  an uninterrupted 30-minute meal period. That said, I do not usually complete

11  visits longer than 5 hours.

12       12.    On the rare occasion I may have completed a visit longer than 5

13  hours, I had significant down time and was able to take rest and meal breaks.

14       13.    About 20% of my visits end before the allotted time, but I am still

15  compensated for the full amount of time the member booked. For example, one

16  time I had a member book an hour with me, but I completed my duties within 20

17  minutes. I was still compensated for the full hour work.

18       14.    I do not clock in and out for meal periods using the app. But I always

19  take meal periods if I am completing a longer visit. The Papa application data

20  would not be an accurate reflection of whether I took a meal period on any given

21  day.

22       15.    I use my car to get to members. I do drive as part of the visits that I

23  complete with members.

24       16.    I call members to confirm a visit in advance of the visits I complete.

25       17.    I do not incur expenses being a Pal. I use my phone to access the

26  application and get paid, but I do not use it to be a Pal. I am on a family plan for

27  my cellular service.

28  //

DECLARATION OF NANCY GONZALES IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

18.     I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

19.     I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

20.     I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September __, 2024 at _____, California.
11                                          Artesia

_____

Nancy Gonzales

4

**Exhibit 4**

1  ELLEN M. BRONCHETTI (SBN 226975)
   **GREENBERG TRAURIG, LLP**
2  12760 High Bluff Drive, Suite 240
   San Diego, CA 92130
3  Telephone: (619) 848-2523
   ellen.bronchetti@gtlaw.com
4
   TAYANAH MILLER (SBN 299123)
5  **GREENBERG TRAURIG, LLP**
   101 Second Street, Suite 2200
6  San Francisco, CA  94105
   Telephone: (415) 655-1277
7  millerta@gtlaw.com
8  Attorneys for Defendant
   PAPA, INC.
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12  Jennifer Pardo and Evangeline        Case No: 3:21-cv-06326-RS
    Matthews, individually and on
13  behalf of all others similarly
    situated,                            **DECLARATION OF ZERINA
14                                        GACANOVIC IN SUPPORT OF
                           Plaintiffs,   DEFENDANT PAPA, INC.'S
15                                        OPPOSITION TO CLASS
          v.                              CERTIFICATION**
16
    Papa, Inc.,
17                                        TAC Filed: 9/14/2022
                           Defendants.   Trial Date:    Not set
18

19

20

21

22

23

24

25

26

27

28

I, Zerina Gacanovic, declare as follows:

1.      I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.      I began working as a Pal around October 2022. There was no required training to become a Pal, but I did review an orientation video that explained what Papa is, how to use the application, and how Pals are paid as part of the application process. It only took a few minutes to watch this video.

3.      As a Pal, I have helped members with companionship, cleaning, cooking, and grocery shopping, among other things. Being a Pal isn't like a real job. It's like spending time with a family friend. I enjoy the companionship and hope there is a service like this for me one day if I need it. Papa is a life saver; it helps both members and Pals.

4.      I can choose to visit a member whenever I feel like it. My schedule varies. I have completed over 200 hours total as a Pal. Until about two months ago, I worked as a Pal twice a week. This is because I started a new full-time job as an account manager. I currently work with two members as a Preferred Pal. I work with them on the weekends. I appreciate the flexibility that working as a Pal gives me.

5.      Most of my visits are 2 hours. I have never completed a visit that is longer than 5 hours. I have only completed two visits lasting longer than 3 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

6.      I occasionally complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

DECLARATION OF ZERINA GACANOVIC IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

7.    I also previously performed work for other app-based companies. Specifically, I worked for Door Dash, which I stopped doing at the beginning of this year because I liked working for Papa more.

8.    Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I am free to do what I want to do. I can and do use this time for my own personal reasons, to take breaks, to eat, to talk on the phone with my daughter, etc. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

9.    I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

10.    I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I do not usually complete visits longer than 5 hours.

11.    I do not clock in and out for meal periods using the app. But I always take meal periods if I am completing a longer visit. The Papa application data would not be an accurate reflection of whether I took a meal period on any given day.

12.    I use my personal vehicle to get to members. I do drive as part of the visits that I complete with members.

13.    I sometimes call members to confirm a visit in advance of the visits I complete. With the members I have established relationships, I typically do not call in advance because they know I am coming.

DECLARATION OF ZERINA GACANOVIC IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

14.     I do not incur expenses being a Pal. I use my phone to access the application and get paid, but I do not use it to be a Pal. It only takes me a few seconds to access the app. I am on a family plan for my cellular service.

15.     I understand that nothing prevents me from negotiating a different rate with Papa for my visits.

16.     I have never had any issues with being paid by Papa. I am compensated for the entire time I spend with a member.

17.     I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

18.     I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

19.     I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

1    I declare under penalty of perjury under the laws of the State of California

2  and the United States of America that the foregoing is true and correct.

3

4    Executed on _____September 23_____, 2024 at _____San Jose_____,

5  California.

6

7

8                                                     _____

9                                                              Zerina Gacanovic

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 5**

1    ELLEN M. BRONCHETTI (SBN 226975)
     **GREENBERG TRAURIG, LLP**
2    12760 High Bluff Drive, Suite 240
     San Diego, CA 92130
3    Telephone: (619) 848-2523
     ellen.bronchetti@gtlaw.com
4
     TAYANAH MILLER (SBN 299123)
5    **GREENBERG TRAURIG, LLP**
     101 Second Street, Suite 2200
6    San Francisco, CA  94105
     Telephone: (415) 655-1277
7    millerta@gtlaw.com
8    Attorneys for Defendant
     PAPA, INC.
9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12   Jennifer Pardo and Evangeline          Case No: 3:21-cv-06326-RS
     Matthews, individually and on
13   behalf of all others similarly
     situated,                              **DECLARATION OF CASSIE KING
14                                          IN SUPPORT OF DEFENDANT
                          Plaintiffs,       PAPA, INC.'S OPPOSITION TO
15                                          CLASS CERTIFICATION**
16           v.
                                            TAC Filed: 9/14/2022
17   Papa, Inc.,                            Trial Date:     Not set

18                        Defendants.

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CASSIE KING IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS
CERTIFICATION

I, Cassie King, declare as follows:

1.      I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.      I began working as a Pal around 11 months ago.

3.      As a Pal, I have helped members with companionship, cleaning, grocery shopping, taking them to the gym, calendaring appointments, and laundry. Being a Pal isn't like a real job. It's like spending time with a family friend. I enjoy the companionship and hope there is a service like this for me one day if I need it. I have developed strong relationships with the members I work with, and I am a Preferred Pal for all members I work with.

4.      I can choose to visit a member whenever I feel like it. My schedule varies. I typically complete eight visits per month. I have not completed visits in the last two months due to family matters. I appreciate the flexibility that working as a Pal gives me.

5.      Most of my visits are 3 hours. I have never completed a visit that is longer than 5 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

6.      I have never had any issues with being paid by Papa.

7.      I occasionally complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

8.      I also perform work for other app-based companies. Specifically, for Uber, Lyft, and Angi. Additionally, I work as an independent contractor performing in-home supportive services.

9.      I also have my own cleaning services company.

DECLARATION OF CASSIE KING IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

10.     Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member grocery shopping, for example, I am free to do what I want to do. I can take a break, talk on the phone, etc. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

11.     I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

12.     I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I have never completed visits longer than 5 hours.

13.     I use my personal vehicle to get to members. I do drive as part of the visits that I complete with members.

14.     I call members to confirm a visit in advance of the visits I complete.

15.     I use my phone to access the application and get paid, but I do not use it to be a Pal. It takes me a couple seconds to access the application. I am on a family plan for my cellular service.

16.     I understand that nothing prevents me from negotiating a different rate with Papa for my visits.

17.     I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

DECLARATION OF CASSIE KING IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

18.    I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

19.    I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed    on    _____09/24/2024_____, 2024    at    _____Lancaster ca_____, California.

DocuSigned by:

*Cassie King*

DBBF6B60FEE8417...

_____

Cassie King

**Exhibit 6**

1   ELLEN M. BRONCHETTI (SBN 226975)
    **GREENBERG TRAURIG, LLP**
2   12760 High Bluff Drive, Suite 240
    San Diego, CA 92130
3   Telephone: (619) 848-2523
    ellen.bronchetti@gtlaw.com
4
    TAYANAH MILLER (SBN 299123)
5   **GREENBERG TRAURIG, LLP**
    101 Second Street, Suite 2200
6   San Francisco, CA  94105
    Telephone: (415) 655-1277
7   millerta@gtlaw.com
8   Attorneys for Defendant
    PAPA, INC.
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12   Jennifer Pardo and Evangeline          Case No: 3:21-cv-06326-RS
     Matthews, individually and on
13   behalf of all others similarly
     situated,                              **DECLARATION OF JENNIFER**
14                                          **MARTIN IN SUPPORT OF**
                          Plaintiffs,       **DEFENDANT PAPA, INC.'S**
15                                          **OPPOSITION TO CLASS**
                                            **CERTIFICATION**
16          v.
                                            TAC Filed: 9/14/2022
17   Papa, Inc.,                            Trial Date:     Not set

18                          Defendants.

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JENNIFER MARTIN IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

I, Jennifer Martin, declare as follows:

1.    I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.    I began working as a Pal over a year ago. There was no required training to become a Pal, but I did review an orientation video that explained what Papa is, how to use the application, and how Pals are paid as part of the application process.

3.    As a Pal, I have helped members with companionship, cleaning, organization, and grocery shopping, among other things. Being a Pal isn't like a real job. It's like spending time with a family friend. I enjoy the companionship and hope there is a service like this for me one day if I need it.

4.    I can choose to visit a member whenever I feel like it. My schedule varies. I have completed over 100 visits. I currently work with four members as a Preferred Pal. Every other week, I complete visits 5 days a week.

5.    Most of my visits are 2 to 4 hours. I have never completed a visit that is longer than 5 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

6.    I complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

7.    Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I understand I can use this time for my own personal reasons, to take breaks, to eat, to talk on the phone, etc. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

DECLARATION OF JENNIFER MARTIN IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

8.     I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

9.     I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I do not usually complete visits longer than 5 hours.

10.     I do not clock in and out for meal periods using the app. But I always take meal periods if I am completing a longer visit. The Papa application data would not be an accurate reflection of whether I took a meal period on any given day.

11.     I use my personal vehicle to get to members. I do drive as part of the visits that I complete with members.

12.     I sometimes call members to confirm a visit in advance of the visits I complete. With the members I have established relationships, I do not call in advance because the schedule is set.

13.     I use my phone to access the application and get paid, but I do not use it to be a Pal. It only takes me a few seconds to access the app. I am on a family plan for my cellular service.

14.     I understand that I could use free internet available at a library or coffee stop to access the Papa application, but I choose to access the application using my own internet/cellular plan for my own convenience.

15.     I always provide feedback after a visit, but I understand I am not required to do so.

DECLARATION OF JENNIFER MARTIN IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

16.    I understand that the Visit Standards are not requirements. I used to view them before visits, but now I do not.

17.    I have never had any issues with being paid by Papa. I am compensated for the entire time I spend with a member.

18.    I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

19.    I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

20.    I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go against my own interests, to the extent that my interests are aligned with the individuals who filed the lawsuit against Papa claiming they have been misclassified as independent contractors.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

1    Executed on ___09/25/2024___, 2024 at ___Rialto___,

2    California.

Signed by:

3    *Jennifer Martin*

     9349A1C8930D48E...                    _____

4                                          Jennifer Martin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JENNIFER MARTIN IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

**Exhibit 7**

1    ELLEN M. BRONCHETTI (SBN 226975)
**GREENBERG TRAURIG, LLP**
2    12760 High Bluff Drive, Suite 240
San Diego, CA 92130
3    Telephone: (619) 848-2523
ellen.bronchetti@gtlaw.com

4
TAYANAH MILLER (SBN 299123)
5    **GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
6    San Francisco, CA  94105
Telephone: (415) 655-1277
7    millerta@gtlaw.com

8    Attorneys for Defendant
PAPA, INC.

9

10                **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12   Jennifer Pardo and Evangeline        Case No.: 3:21-cv-06326-RS
     Matthews, individually and on
13   behalf of all others similarly
     situated,                            **DECLARATION OF MARSI HANEY**
14                                        **IN SUPPORT OF DEFENDANT**
                        Plaintiffs,       **PAPA, INC.'S OPPOSITION TO**
15                                        **CLASS CERTIFICATION**

16        v.
                                          TAC Filed: 9/14/2022
17   Papa, Inc.,                          Trial Date:    Not set

                        Defendants.
18

19

20

21

22

23

24

25

26

27

28

I, Marsi Haney, declare as follows:

1. I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2. I have been a Pal for almost two years and have completed over 100 visits. When I first started working as a Pal, I picked up a lot of visits. Now, I work as a grant writer part-time, so I typically complete 4 visits per month. I can choose to visit a member whenever I feel like it.

3. There was no required training to become a Pal.

4. As a Pal, I have helped members with companionship, cleaning, laundry, walking their dogs, cooking, and grocery shopping, among other things. I appreciate the flexibility being a Pal gives me; I am able to schedule visits that best fit my schedule.

5. I currently work as a Preferred Pal for some members.

6. I have received additional/bonus pay for certain visits. For example, I worked with a member that was perceived as difficult by other Pals. I received additional pay for taking visits with this member.

7. Most of my visits are 2 hours. I have never completed a visit that is longer than 3 hours or 5 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

8. I complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

9. I often have a significant amount of downtime during visits. For example, if I am providing cleaning services, I keep my phone with me while I am working. I would be allowed to answer a phone call, check my phone, use the

1    restroom, get some water, etc. Even if there isn't obvious downtime, I am able to

2    take a rest break when I feel like it.

3        10.    I know I can take a rest break—or two—of at least 10 minutes if I

4    want to no matter the length of my visits. No member has ever tried to interfere

5    with me taking a rest break, and no employee of Papa has ever told me I could not

6    take a rest break. Taking a rest break is completely up to me because I control

7    every aspect of my visits with a member.

8        11.    I know I can take a meal break of at least 30 minutes, completely

9    uninterrupted, if I ever need one. No member has ever tried to interfere with me

10    taking a meal period. No employee of Papa has ever told me that I could not take

11    an uninterrupted 30-minute meal period. That said, I do not usually complete

12    visits longer than 5 hours.

13        12.    I do not clock in and out for meal periods using the app. But I always

14    take meal periods if I am completing a longer visit. The Papa application data

15    would not be an accurate reflection of whether I took a meal period on any given

16    day.

17        13.    I use my personal vehicle to get to members and I drive as part of the

18    visits that I complete with members.

19        14.    I sometimes call members to confirm a visit in advance of the visits I

20    complete. This depends on whether I have an existing relationship with the

21    member. With members I work with regularly, I do not call them to confirm, but I

22    may text them to let them know that I am coming.

23        15.    I do not incur expenses being a Pal, other than mileage, but I am

24    compensated for the time I spend driving a member somewhere.

25        16.    I use my phone to access the application and get paid, but I do not

26    use it to be a Pal. It only takes me a few seconds to access the app.

27

28

DECLARATION OF MARSI HANEY IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO
CLASS CERTIFICATION

17.    I understand that I could use free internet at library or a coffee shop to access the application. I choose to access the application using my cellular plan for my own convenience. I am on a family plan for my cellular service.

18.    I have never had any issues with being paid by Papa. I am compensated for the entire time I spend with a member.

19.    I usually provide feedback after a visit with a member. However, there have been times I have not done so. I have never been disciplined by Papa for not submitting visit feedback.

20.    I typically do not review Visit Requirements before visits, and I do not believe it is required to review them.

21.    I understand that a class action lawsuit has been filed by a former Pal claiming that Pals are misclassified as independent contractors and that Pals, like me, should have been treated like employees. I understand that if the case goes forward as a class action, I might be included in the class of people who are involved in the lawsuit. I also understand that making this declaration will not affect my ability to be included as a member of the class.

22.    I voluntarily make this declaration, of my own free will. I have not been coerced, pressured, threatened, or promised anything in connection with this declaration. This declaration was drafted during an interview I had with one of Papa's attorneys. The declaration was typed by the attorney, but all the statements in this declaration are true and based on my interview. I was offered the opportunity to make any changes that I wanted to this declaration before I signed it. I understand that the attorney I spoke with represents Papa and is not my attorney. I also understand that I can speak with any attorney of my choice concerning this declaration or any other matter. I understand that Papa plans to use this declaration in its defense of the lawsuit filed against it.

23.    I understand that by signing this declaration, I may be asked to testify as a witness in this case. I also understand that this declaration might go

1 against my own interests, to the extent that my interests are aligned with the

2 individuals who filed the lawsuit against Papa claiming they have been

3 misclassified as independent contractors.

4          I declare under penalty of perjury under the laws of the State of California

5 and the United States of America that the foregoing is true and correct.

6

7          Executed on 09/25/2024 _____, 2024 at El Cajon _____,

8 California.

9

10

11          Marsi Haney

12          Marsi Haney

13

**Exhibit 8**

1  ELLEN M. BRONCHETTI (SBN 226975)
   **GREENBERG TRAURIG, LLP**
2  12760 High Bluff Drive, Suite 240
   San Diego, CA 92130
3  Telephone: (619) 848-2523
   ellen.bronchetti@gtlaw.com
4
   TAYANAH MILLER (SBN 299123)
5  **GREENBERG TRAURIG, LLP**
   101 Second Street, Suite 2200
6  San Francisco, CA  94105
   Telephone: (415) 655-1277
7  millerta@gtlaw.com

8  Attorneys for Defendant
   PAPA, INC.
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12 | Jennifer Pardo and Evangeline | Case No: 3:21-cv-06326-RS
   | Matthews, individually and on |
13 | behalf of all others similarly |
   | situated, | **DECLARATION OF MAKAYLA**
14 | | **JOHNSON IN SUPPORT OF**
   |                    Plaintiffs, | **DEFENDANT PAPA, INC.'S**
15 | | **OPPOSITION TO CLASS**
   |       v. | **CERTIFICATION**
16 | |
   | Papa, Inc., | TAC Filed: 9/14/2022
17 | | Trial Date:      Not set
   |                    Defendants. |
18

19
20
21
22
23
24
25
26
27
28

I, Makayla Johnson, declare as follows:

1.    I work as a Papa Pal in California. I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct, and if called as a witness, I could and would testify competently about the facts in this declaration.

2.    I have been working as a Pal for over a year. There was no required training to become a Pal.

3.    As a Pal, I have helped members with companionship, cleaning, cooking, taking members to appointments, and grocery shopping, among other things.

4.    I can choose to visit a member whenever I feel like it. My schedule varies. I have completed over 50 visits. I used to work as a Pal multiple times a week, but now I work less. I appreciate the flexibility that working as a Pal gives me.

5.    I am a Preferred Pal for all the members I work with.

6.    Most of my visits are 1 to 2 hours. I have never completed a visit that is longer than 5 hours. I have never worked over 8 hours in a day, 40 hours in a week, or seven consecutive days in a row.

7.    I occasionally complete multiple visits in a single day. If I do complete multiple visits, the Papa app forces me to take a mandatory 30-minute break in between, even if I don't want or need one.

8.    Depending on the type of visit, I may have a significant amount of downtime. If a visit involves taking a member to a doctor appointment, for example, I understand that I am free to what I want to do. I may use this time for my own personal reasons, to take breaks, to eat, to check my phone, etc. Even if there isn't obvious downtime, I am able to take a rest break when I feel like it.

9.    I know I can take a rest break—or two—of at least 10 minutes if I want to no matter the length of my visits. No member has ever tried to interfere

DECLARATION OF MAKAYLA JOHNSON IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION TO CLASS CERTIFICATION

with me taking a rest break, and no employee of Papa has ever told me I could not take a rest break. Taking a rest break is completely up to me because I control every aspect of my visits with a member.

10.    I know I can take a meal break of at least 30 minutes, completely uninterrupted, if I ever need one. No member has ever tried to interfere with me taking a meal period. Members encourage me to take breaks. No employee of Papa has ever told me that I could not take an uninterrupted 30-minute meal period. That said, I do not usually complete visits longer than 5 hours.

11.    I do not clock in and out for meal periods using the app. But I always take meal periods if I am completing a longer visit. The Papa application data would not be an accurate reflection of whether I took a meal period on any given day.

12.    I use my personal vehicle to get to members. I do drive as part of the visits that I complete with members.

13.    I sometimes call members to confirm a visit in advance of the visits I complete. With the members I have established relationships, I typically do not call in advance because they know I am coming.

14.    I use my phone to access the application and get paid, but I do not use it to be a Pal. It only takes me a few seconds to access the app. I am on a family plan for my cellular service.

15.    I have seen members outside of the Papa platform and they have paid me for my services directly. For example, I once drove a member home from the hospital. I did not do this service through Papa.

16.    I have never had any issues with being paid by Papa. I am compensated for the entire time I spend with a member.

17.    I understand I could use free internet at a library or coffee shop, but I choose to access the app using my own cellular plan for my own convenience.

DECLARATION OF MAKAYLA JOHNSON IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION
TO CLASS CERTIFICATION

1    18.    I usually provide feedback after a visit, but it would not be an issue if

2 I did not provide feedback.

3    19.    I do not review the visit standards before starting a visit.

4    20.    I understand that a class action lawsuit has been filed by a former Pal

5 claiming that Pals are misclassified as independent contractors and that Pals, like

6 me, should have been treated like employees. I understand that if the case goes

7 forward as a class action, I might be included in the class of people who are

8 involved in the lawsuit. I also understand that making this declaration will not

9 affect my ability to be included as a member of the class.

10    21.    I voluntarily make this declaration, of my own free will. I have not

11 been coerced, pressured, threatened, or promised anything in connection with this

12 declaration. This declaration was drafted during an interview I had with one of

13 Papa's attorneys. The declaration was typed by the attorney, but all the statements

14 in this declaration are true and based on my interview. I was offered the

15 opportunity to make any changes that I wanted to this declaration before I signed

16 it. I understand that the attorney I spoke with represents Papa and is not my

17 attorney. I also understand that I can speak with any attorney of my choice

18 concerning this declaration or any other matter. I understand that Papa plans to

19 use this declaration in its defense of the lawsuit filed against it.

20    22.    I understand that by signing this declaration, I may be asked to

21 testify as a witness in this case. I also understand that this declaration might go

22 against my own interests, to the extent that my interests are aligned with the

23 individuals who filed the lawsuit against Papa claiming they have been

24 misclassified as independent contractors.

25

26

27

28

DECLARATION OF MAKAYLA JOHNSON IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION
TO CLASS CERTIFICATION

1    I declare under penalty of perjury under the laws of the State of California

2  and the United States of America that the foregoing is true and correct.

3

4    Executed on September ___27___, 2024 at ___Los Angeles___,

5  California.                          [Day]                         [City]

6

7

8                            DocuSigned by:
                            Makayla Johnson        _____
9                            81E81916D18B42B...
                                      Makayla Johnson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MAKAYLA JOHNSON IN SUPPORT OF DEFENDANT PAPA, INC.'S OPPOSITION
TO CLASS CERTIFICATION