1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

10    JENNIFER PARDO, et al.,

Plaintiffs,

11

12    v.

PAPA, INC.,

13

Defendant.

14

Case No. 21-cv-06326-RS

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR "PARTIAL SUMMARY ADJUDICATION"**

15

16          Pursuant to Civil Local Rule 7-1(b), plaintiffs' motion for "Partial Summary Adjudication"

17    is suitable for disposition without oral argument and the hearing set for December 18, 2025, is

18    vacated. Plaintiffs seek a determination as a matter of law that defendant Papa, Inc. willfully

19    misclassified them and other aggrieved employees in violations of California Labor Code section

20    226.8, and that Papa is therefore liable for civil penalties under the Private Attorney's General Act,

21    California Labor Code section 2698 *et seq*., in the amount of $91,975,000.[1] Plaintiffs state that

22    following a favorable ruling on this motion, they will conduct further discovery "regarding the

23    precise amount of violations in the PAGA period" as to the other California Labor Code violations

24    they have alleged, with the recovery for those claims to be resolved "by a motion for summary

25

26    _____

27    [1] That figure is based on a penalty of $25,000 per each of the alleged 3679 aggrieved employees. Plaintiffs alternatively contend a minimum $5,000 penalty per aggrieved employee must be imposed, for a total of $18,395,000.

28

United States District Court
Northern District of California

1   judgment or a trial, if necessary."[2]

2       Jurisdiction in this action is premised on the federal questions raised by plaintiffs' claims

3   under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). Jurisdiction over the state

4   law claims presented in this motion is supplemental. Pursuant to 28 U.S.C. § 1367, the court has

5   discretion to decline to exercise supplemental jurisdiction over a state law claim if it "raises a

6   novel or complex issue of State law" or it "substantially predominates over" the federal claims, or

7   if the federal claims are dismissed.

8       At this juncture, it is premature to conclude it will be appropriate to exercise supplemental

9   jurisdiction over plaintiffs' state law claims, particularly to the extent they seek over $90 million

10  in penalties pursuant to the unusual state law provisions of PAGA, and where their attempt to

11  represent a class under Rule 23 was not successful. Furthermore, the status of plaintiffs' FLSA

12  claims is uncertain. Papa has asserted an intent to move to decertify the FLSA collective, but has

13  not filed such a motion. Even assuming plaintiffs will pursue individual FLSA claims whether or

14  not the collective remains certified, the legal standards for determining when a person may

15  properly be classified as an independent contractor as opposed to an employee differ as between

16  federal and California state law. *See Holandez v. Entertainment, LLC*, 2023 WL 8353757 (C.D.

17  Cal. 2023) (applying "ABC test" to evaluate employee status under California law and "economic

18  realities" factors to evaluate classification under FLSA.) Thus, the FLSA claims could fail whether

19  or not there are valid state law claims. Even if the FLSA claims survive, adjudicating the state law

20  claims will require a largely separate inquiry.

21      Accordingly, there is a significant chance that declining supplemental jurisdiction will be

22  appropriate because 1) the FLSA claims may be dismissed, 2) the issues presented by plaintiffs'

23  PAGA theories are potentially novel or complex, and/or 3) those issues, implicating a claimed

---

[2]  Plaintiffs are advised their intended approach to resolving the state law claims through seriatim partial summary judgment motions would not have been permitted absent obtaining leave of court in advance. See Initial Case Management Scheduling Order, Dkt. 26, Item 7, "Each party is limited to one motion for summary judgment absent leave of Court."

2

right to over $90 million in penalties on behalf of thousands of non-parties, under a different standard for assessing employee classification, and involving numerous additional alleged Labor Code violations, appear highly likely to "substantially predominate" over the more limited FLSA claims, whether or not the collective is decertified.

It is therefore inappropriate to adjudicate the state law claims, even in part, at this time. Plaintiffs' motion is denied, without prejudice to renewal if and when the propriety of exercising supplemental jurisdiction in this matter is resolved in plaintiffs' favor. If Papa intends to go forward with its motion to decertify the collective, it may include with that motion a request for an order declining to exercise supplemental jurisdiction over the state law claims. If the parties wish to meet and confer and then jointly propose some other procedural approach to the issue, they may do so.

**IT IS SO ORDERED**.

Dated: December 8, 2025

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California