Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
**LEBE LAW, APLC**
3900 W Alameda Avenue, 15th Floor
Burbank, California 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs
Jennifer Pardo and Evangeline Matthews

Ellen Bronchetti (State Bar No. 226975)
Daniel Smith (State Bar No. 312330)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: 619-848-2500
Facsimile: 949-732-6501
Ellen.Bronchetti@gtlaw.com
Daniel.Smith@gtlaw.com

Attorneys for Defendant
PAPA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo, Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   vs.<br><br>Papa, Inc.,<br><br>   Defendant. | Case No. 3:21-cv-06326-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br><br>TAC Filed:   September 14, 2022<br>Trial Date:   None Set |

Pursuant to the Court's October 14, 2025 Order, Plaintiffs Jennifer Pardo and Evangeline Matthews, Collective Action Members (collectively, "Plaintiffs") and Defendant Papa, Inc. ("Defendant") (Plaintiffs and Defendant are referred to as "Parties") jointly submit the following Joint Case Management Statement in advance of the January 13, 2026 hearing:

### 1. Jurisdiction and Service

Defendant Papa, Inc. has been served. The Parties do not dispute jurisdiction. However, in the Court's decision on Plaintiff's Motion for Partial Summary Adjudication, it did not determine whether it would exercise supplemental jurisdiction. The Parties plan to meet and confer on this issue.

### 2. Legal Issues

Plaintiffs assert claims under the Labor Code, Private Attorneys General Act and Fair Labor Standards Act. Defendant denies Plaintiffs' allegations.

### 3. Motions

There are no pending motions. Plaintiffs filed their Motion for Partial Summary Adjudication as to the Labor Code claims of Plaintiffs and all aggrieved employees on October 17, 2025. Defendant filed their opposition on November 14, 2025. Plaintiffs filed their reply on December 5, 2025. On December 18, 2025, the Court denied Plaintiff's motion without prejudice.

### 4. Amendment of Plaintiff

The deadline to amend pleadings as of right has passed.

### 5. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).

### 6. Disclosures

The Parties made initial disclosures on December 1, 2021. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

### 7. Discovery

The Parties will continue discovery in preparation for trial.

**Plaintiffs' Position**

Plaintiffs have served requests for production pertaining to all collective members who have opted into the action. Defendant has refused to produce these records. Plaintiffs intend to seek court intervention with respect to this discovery dispute. Given that there is no motion to compel deadline in federal court, any such discovery motion would be timely. Plaintiffs have been diligently litigating the case, including engaging in discovery (written discovery, depositions), filing a Motion for Class Certification, and filing a Motion for Partial Summary Adjudication. Defendant provides no authority regarding waiver of discovery rights when the discovery cutoff has not passed.

Plaintiffs have also served written discovery as to which aggrieved employees have consented to Defendant's arbitration agreement, which has undergone various changes in its terms throughout the relevant time period.

**Defendants' Position**

The requests for production referenced by Plaintiffs, above, were propounded in October 2023, almost three years ago. Defendant did not produce records pertaining to the collective opt-in members and Plaintiffs did not previously move to compel their production. Nine days prior to the Parties' third mediation on June 25, 2025, Plaintiffs' counsel demanded that Defendant produce documents relating to over 2500 Pals in advance of mediation. Defendant declined to do so given the extreme burden and expense in collecting and producing such records, notwithstanding Plaintiffs' dilatory conduct in seeking their production. The parties did not substantively meet and confer on the scope of the discovery requests at that time, nor have they since. Defendant's position is that Plaintiffs' have waived any ability to compel such production given the multi-year delay in seeking such relief for the requests at issue and, notwithstanding, such production would be unduly burdensome and disproportional to the needs of this case. Defendant timely responded to Plaintiff's written discovery requests regarding Defendant's arbitration agreements in September 2025, which Plaintiffs have not challenged as inadequate.

8. **Class Actions**

On December 31, 2024, this Court denied Plaintiffs' motion for class certification.

**9. Related Cases**

The Parties are unaware of any related cases.

**10. Relief**

Plaintiffs seek damages, statutory penalties, civil penalties, and other relief detailed in Plaintiffs' operative complaint.

**11. Settlement and ADR**

The Parties most recently attended a third mediation with mediator David Rotman on June 25, 2025. The mediation was not successful.

**12. Consent to Magistrate Judge for all Purposes**

This case has been assigned for all purposes to the Honorable Richard Seeborg.

**13. Other References**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Defendant intends to file a motion decertifying Plaintiffs' collective action.

**15. Expedited Trial Procedure**

The Parties agree this case is not suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. Scheduling**

The Parties agreed to mediate this matter with mediator David Rotman on June 25, 2025. The matter was not resolved. Defendant intends to file a motion decertifying Plaintiffs' collective action. The Parties propose setting the trial setting conference after the resolution of Defendant's motion to decertify Plaintiffs' collective action.

**17. Trial**

**Plaintiff's Position**

Given the jurisdictional issues brought by the Court in its decision on Plaintiffs' Motion for Summary Adjudication, Plaintiffs believe that it is premature to set a trial date at this time.

**Defendant's Position**

Defendant intends to file a motion decertifying Plaintiffs' collective action. Defendant proposes setting the trial setting conference after both the resolution of Defendant's motion to decertify Plaintiffs' collective action and the Court's decision regarding its exercise of supplemental jurisdiction, whichever is later. Defendant also contends that Plaintiffs cannot present a manageable trial plan for their claims.

Given the remaining issues in this case, Defendant proposes a trial date no earlier than October 12, 2026.

**18. Disclosure of Non-party interest entities or persons.**

All Parties have filed a Certification of Interested Parties Under Civ. L.R. 3-15.

**19. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other Matters**

No other matters are at issue in this case.

DATED: January 8, 2026        **LEBE LAW, APLC**

By: _____/s/ Jonathan M. Lebe_____
   Jonathan M. Lebe
   Melissa M. Kurata
   Attorneys for Plaintiffs Jennifer Pardo and
   Evangeline Matthews, individually and on
     behalf of all other similarly situated

DATED: January 8, 2026        **GREENBERG TRAURIG, LLP**

By: _____/s/ Daniel Smith_____
   Ellen M. Bronchetti
   Daniel Smith
   Attorneys for Defendant Papa, Inc.

**ECF ATTESTATION**

Pursuant to Civil L. R. 5-1(i)(3) the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: January 8, 2026

**Lebe Law, APLC**

By:  */s/ Jonathan M. Lebe*
Jonathan M. Lebe
Attorney for Plaintiffs Jennifer Pardo and Evangeline Matthews, individually and on behalf of all other similarly situated

**JOINT CASE MANAGEMENT STATEMENT**

ACTIVE 717881081v1