Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
**LEBE LAW, APLC**
3900 W Alameda Avenue, 15th Floor
Burbank, California 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs
Jennifer Pardo and Evangeline Matthews

Ellen Bronchetti (State Bar No. 226975)
Daniel Smith (State Bar No. 312330)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: 619-848-2500
Facsimile: 949-732-6501
Ellen.Bronchetti@gtlaw.com
Daniel.Smith@gtlaw.com

Attorneys for Defendant
PAPA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo, Evangeline Matthews, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br><br> Papa, Inc., <br><br> Defendant. | Case No. 3:21-cv-06326-RS <br><br> **JOINT PROPOSED BRIEFING SCHEDULE** <br><br><br><br><br> TAC Filed: September 14, 2022 <br> Trial Date: None Set |

1

**JOINT PROPOSED BRIEFING SCHEDULE**

## JOINT BRIEFING SCHEDULE

Plaintiffs Jennifer Pardo and Evangeline Matthews, Collective Action Members (collectively, "Plaintiffs") and Defendant Papa, Inc. ("Defendant") (Plaintiffs and Defendant are collectively referred to as "Parties"), by and through their respective counsel, hereby jointly submit the briefing schedule for Defendant's Decertification Motion:

WHEREAS, at the Case Management Conference ("CMC") on April 16, 2026, in order to advance the case, the Court ordered the Parties to submit a Joint Briefing Schedule regarding Defendant's Motion for Decertification;

WHEREAS, the Parties have met and conferred and agreed on a briefing schedule for Defendant's Motion for Decertification to ensure that the Parties have adequate time to prepare their respective briefs given the significance of the motions;

WHEREAS, Federal Rules of Civil Procedure 6(b), 16(a) and 16(b)(4) give the Court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and to direct the parties in a manner that expedites disposition of the action and facilitates settlement. As set forth herein, good cause exists for the Court to grant the continuance.

NOW, THEREFORE, the Parties stipulate and jointly request that the Court issue an order approving the following briefing schedule:

Defendant's Motion for Decertification

- Moving papers: October 16, 2026
- Opposition papers: November 6, 2026
- Reply papers: November 20, 2026

**IT IS SO STIPULATED.**

Dated:  April 30, 2026

**LEBE LAW, APLC**

By: _____/s/ Melissa M. Kurata_____
Jonathan M. Lebe
Melissa M. Kurata
Attorneys for Plaintiffs Jennifer Pardo and
Evangeline Matthews, individually and on
behalf of all other similarly situated

///

2

**JOINT PROPOSED BRIEFING SCHEDULE**

ACTIVE 717881081v1

Dated:  April 30, 2026

**GREENBERG TRAURIG, LLP**

By: _____ */s/ Daniel Smith* _____

Ellen M. Bronchetti

Daniel Smith

Attorneys for Defendant Papa, Inc.

## MOTION FOR RECONSIDERATION BRIEFING SCHEDULE

**PLAINTIFFS' POSITION:**

It is Plaintiffs' Position that at the April 16, 2026 CMC, the Court also ordered the Parties to submit a proposed briefing schedule for Plaintiffs' Motion for Reconsideration, which Plaintiffs intend to file pursuant to this Court's Local Rule 7-9. Plaintiffs believe that after Defendant serves the supplemental responses and supplemental document production to which it has agreed after the Parties' April 21, 2026 Informal Discovery Conference with Magistrate Judge Illman, there will be new material facts that will form the basis of their Motion, including but not limited to information regarding any alleged arbitration agreements. Accordingly, Plaintiffs propose the following briefing schedule for their Motion for Reconsideration:

- Moving papers: October 23, 2026
- Opposition papers: November 6, 2026
- Reply papers: November 13, 2026

**DEFENDANT'S POSITION:**

Plaintiffs represent that the Court ordered the parties to submit a proposed briefing schedule on a motion for reconsideration. That representation should not go unchallenged. Accepting it at face value would require the Court to have done something remarkable: ordered briefing on a motion for reconsideration Plaintiffs never properly sought leave to file in the first instance, thereby bypassing the threshold requirements of Local Rule 7-9 entirely. The Court did no such thing. To suggest otherwise implies that the Court either misunderstood or disregarded its own Local Rules. Neither is true, and Plaintiffs' framing of the Court's directive should be rejected.

In any event, Plaintiffs never demonstrated reasonable diligence nor the threshold showing required for a motion for reconsideration to be authorized under the Local Rule. They have not

3

**JOINT PROPOSED BRIEFING SCHEDULE**

ACTIVE 717881081v1

even tried. And they cannot seriously claim reasonable diligence: the Court's Order Denying Class Certification was entered nearly eighteen months ago. That delay alone is disqualifying. Moreover, it is evident that Plaintiffs' belief that a motion for reconsideration even lies in the first instance is wholly speculative. Further, Plaintiffs represented to Judge Illman at the parties' recent discovery conference that the information sought in the pending discovery relates solely to the FLSA claims. It is difficult to see how supplemental responses regarding federal wage claims would generate new or different facts (or law) that would merit reconsideration of an order denying class certification of state law claims.

Defendant will meet and confer on a briefing schedule if the Court determines that Plaintiffs have satisfied Local Rule 7-9 and grants leave to file such motion; not before. Setting a briefing schedule now—before the Court has authorized anything—is not just premature. It inverts the Rule entirely.

Dated:  April 30, 2026                    **LEBE LAW, APLC**

                                          By:  _____/s/ Melissa M. Kurata_____
                                                Jonathan M. Lebe
                                                Melissa M. Kurata
                                          Attorneys for Plaintiffs Jennifer Pardo and
                                          Evangeline Matthews, individually and on
                                            behalf of all other similarly situated


Dated:  April 30, 2026                    **GREENBERG TRAURIG, LLP**


                                          By:  _____/s/ Daniel Smith_____
                                                Ellen M. Bronchetti
                                                Daniel Smith
                                          Attorneys for Defendant Papa, Inc.

4

**JOINT PROPOSED BRIEFING SCHEDULE**

ACTIVE 717881081v1

## **ECF ATTESTATION**

Pursuant to Civil L. R. 5-1(i)(3) the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: April 30, 2026                                      /s/ Melissa M. Kurata
                                                               Melissa M. Kurata

5

**JOINT PROPOSED BRIEFING SCHEDULE**

ACTIVE 717881081v1