**VIA ECF FILING**

Hon. Richard Seeborg

Chief District Judge

Northern District of California

Courtroom 12, 19th Floor


Re: *Pardo, et al v. Papa, Inc.,* Case No. 3:21-cv-06326-RS

Joint Letter re Motion to Compel Discovery after April 21, 2026 IDC


## PLAINTIFFS' POSITION

### I. Background

This case includes a claim pursuant to the Fair Labor Standards Act ("FLSA") for Defendant Papa, Inc.'s ("Defendant") misclassification of Papa Pals, including Plaintiffs Jennifer Pardo and Evangeline Matthews ("Plaintiffs"), as independent contractors. The FLSA collective was conditionally certified on October 5, 2022, and 2,529 Collective Members have opted in.

At the April 21, 2026 Informal Discovery Conference ("IDC"), the Court directed Defendant to review its responses to Plaintiffs' Second Set of Requests for Production ("RFP") and serve supplemental responses, produce additional documents, and provide a privilege log if necessary. The parties met and conferred telephonically on April 29, 2026. Defendant has agreed to serve supplemental responses and additional documents in response to RFP Nos. 14, 15, 16, 18, 19, 20, 23, and 24 by May 29, 2026. However, Defendant has refused to supplement RFP Nos. 12, 13, 17, 21, and 22. (Please see Defendant's Responses to RFPs, attached hereto as Exhibit 1.) The below addresses only the disputed RFPs that remain at issue.

### II. Requests in Dispute

**RFP Nos. 12 (Personnel Records):** Defendant confirmed it would not supplement its responses to RFP No. 12, contending that producing personnel files for all 2,529 Collective Members is overbroad and unduly burdensome and that responsive documents are protected by privacy rights. Generalized privacy objections must be supported by a specific showing of harm, *Doe v. City of San Diego*, 2014 WL 5315024, at *4 (S.D. Cal. 2014), and Defendant must establish a legally protected privacy interest, an objectively reasonable expectation of privacy, and a serious threatened intrusion, *Williams v. Superior Court*, 3 Cal. 5th 531, 552 (2017). Defendant has made no such showing, and the existing protective order addresses any concern. Personnel records are directly relevant to control and economic realities— central misclassification issues. Further, with 2,529 opted-in Collective Members, pre-certification objections are moot.

**RFP No. 17 (Contracts between the Parties):** Defendant refuses to supplement its response to RFP No. 17, which seeks contracts governing the relationship between Papa and Papa Pals. These documents are among the most probative evidence in a misclassification case. Courts routinely compel production of policy documents in wage-and-hour actions. *Francisco v. Emeritus Corp.*, 2017 U.S. Dist. LEXIS 222894, at *18 (C.D. Cal. 2017); *Castillo v. Bank of Am. N.A.*, 2018 U.S. Dist. LEXIS 226851, at *14– 15 (C.D. Cal. 2018). If no such policies exist, Defendant must so state in a verified supplemental response. As to contracts, Defendant produced one sample template from November 2023. All versions of the PAL agreement and executed agreements for each Collective Member must be produced. Fed. R. Civ. P. 34.

**RFP Nos. 21–22 (ESI and Call Recordings):** Defendant refuses to supplement its responses to RFP Nos. 21 and 22, contending the requests are overly broad asserting privilege and privacy objections. Defendant produced nothing despite its PMQ confirming that calls between Papa and Papa Pals are recorded and maintained. (Bchara Dep. 29:03–30:07.) These records are directly relevant to the degree of control exercised over Papa Pals and whether Pals were compensated for all time worked, including pre- and post-visit calls not captured in visit-level data. Defendant has not established the elements required to sustain a privacy objection under *Williams v. Superior Court*, 3 Cal. 5th 531, 552 (2017), has produced no privilege log, and has not explained why the existing protective order is insufficient to address any privacy concerns.

## DEFENDANT'S POSITION

### I.    Background Information

At the April 21, 2026 IDC, the Court ordered the parties to meet and confer and file an updated joint letter brief. The disputes that remain are narrower than Plaintiffs suggest and, in one instance, not a dispute at all.

As to RFP No. 18, Defendant has already committed to supplementing its response and producing a privilege log. The Court need not order anything further. As to RFP Nos. 12, 17, and 21-22, the central question is not whether Defendant must eventually produce documents and information pertaining to over 2,500 individuals—it is whether Defendant must do so now, before the Court resolves the threshold decertification question. Defendant's position is straightforward: individualized discovery of this scale should be deferred until after the Court determines whether the FLSA class survives, and certain requests that are overbroad on their face should be narrowed (though that narrowing question may itself become moot if the FLSA class is decertified). The Court should decline to order sweeping class-wide discovery when the Court's order on decertification may render all of it unnecessary.

### II.    Requests Listed as in Dispute by Plaintiffs

**RFP No. 12:**

This Request seeks "The PERSONNEL RECORDS for all COLLECTIVE ACTION MEMBERS (around 2500 individuals)." The term PERSONNEL RECORDS was defined as "includ[ing] but [] not limited to, the personnel file or files pertaining to the employee and all records and other DOCUMENTS that YOU maintain relating to the employee's qualifications for employment, promotion, qualification for exemption from overtime pay, additional compensation, or to termination, disciplinary action, performance or to any grievance concerning the employee, whether or not maintained as part of the personnel file."

Plaintiffs want these records now, before the Court resolves a threshold question that could render every one of those files irrelevant. Defendant stands on its objections that the request is premature and overbroad.

To start, Plaintiffs ignore the procedural posture of this case. The Court has already denied certification of Plaintiffs' state-law claims and has itself recognized that the status of the FLSA collective is "uncertain," given Defendant's forthcoming decertification motion. *See* ECF 120.[1] The question of decertification is not a remote possibility—it is the next major event in this litigation. After all, conditional FLSA certification is a preliminary step based on a lenient standard—not a merits ruling,

---

[1] Indeed, the Parties just stipulated to the briefing schedule for this motion.

and not a license for unlimited collective-wide discovery regardless of what comes next. *See e.g., Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) ("the proper means of managing a [conditionally certified] collective action—. . . the extent of discovery before decertification is addressed—is largely a question of "case management," [] and thus a subject of substantial judicial discretion."). Plaintiffs' demand is premature, plain and simple.

Even setting prematurity aside, the burden of this request is grossly disproportionate to its benefit. Rule 26(b)(1) requires courts to weigh the burden of proposed discovery against its likely benefit, and that proportionality requirement has significant import here. Testimony will confirm that retrieving a single personnel file takes no less than 30 minutes. Multiplied across 2,529 files, that is a minimum of 1,264 hours—more than 31 full workweeks of labor. The people doing this work are not litigation support staff. They are administrative employees with full-time responsibilities entirely unrelated to this lawsuit. Plaintiffs are asking Defendant to commandeer hundreds of hours of that workforce's time to produce records that may never matter to any live claim. The timing makes this worse, not better. If the Court grants decertification—a genuinely foreseeable outcome—the entire production will have been for nothing. Plaintiffs will have obtained thousands of "personnel" records belonging to individuals who are no longer part of any claim. A protective order does not fix that. It governs how documents are used after production. It does nothing to justify compelling a massive, burdensome production that the Court may soon determine was never warranted.

For these reasons, Plaintiffs' remaining arguments do not rescue the request. They invoke *Williams v. Superior Court* and *Doe v. City of San Diego* for the proposition that privacy objections require a specific showing of harm. But Defendant's principal objection is not privacy—it is twofold: proportionality and prematurity.

In sum, Defendant posits that the most reasonable approach given the posture of this case is to defer this request until after the decertification motion is resolved. If the collective is decertified, the request is moot. If it survives, the parties can revisit scope and a reasonable production timeline with a defined class in hand. Plaintiffs have identified no prejudice from a brief deferral. Defendant, by contrast, faces a concrete, quantifiable burden from immediate production—one that may ultimately serve no purpose at all. The Court should sustain the objection and defer further consideration of personnel file production until the decertification motion is decided.

**RFP No. 17:** This Request seeks "All DOCUMENTS that purport to be a contract between YOU and COLLECTIVE ACTION MEMBERS that was in effect at any time during the FLSA TIME PERIOD." In its initial responses, Defendant objected that the request was overbroad, premature, and burdensome. But it agreed to produce—and did produce—templates of every contract between it and Pals. In other words, Defendant has already produced what matters. It produced templates of every version of the contract governing the relationship between Papa and Papa Pals. Those templates are the operative documents for purposes of a misclassification analysis. Certainly, Plaintiffs cannot simultaneously argue that common questions predominate across the collective and that each of the 2,529 individually executed agreements contains information not captured by the templates. The two positions are in direct tension.

Besides, Plaintiffs' contention that Defendant refused to supplement outright, rests on a mischaracterization so fundamental, it undermines the entire argument. That's because Defendant's counsel said the exact opposite. During the parties' meet and confer, Defendant expressly committed to supplementing its production to the extent additional contract templates came into effect after its last production. That is not a refusal—it is precisely what Rule 26(e) already requires of every party in every case.

What Plaintiffs actually want is for Defendant to produce every individually executed agreement, i.e., over 2,500 documents. That request is premature given Defendant's upcoming decertification motion, and the burden of collecting over 2,500 individually executed agreements is grossly disproportionate to any benefit at this stage of the litigation for the same reasons discussed above.

Bottom line, Defendant produced what it needed to in the first instance, has committed to supplementing as required by Rule 26, but stands on its prematurity and proportionality objections as to the demand for individually executed agreements for each collective member.

**RFP No. 18:**

This Request seeks All DOCUMENTS—including internal memos, emails, or other written correspondence—discussing the independent contractor or employee status of COLLECTIVE ACTION MEMBERS or CALIFORNIA PAPA PALS. Plaintiffs apparently want this Court to order Defendant to supplement. But that order is unnecessary. During the meet and confer between the parties, Defendant agreed it would supplement its response by providing any non-privileged documents. To the extent that any documents fall within the attorney-client privilege or work product doctrine, Defendant will provide a privilege log. This Request is no longer at issue.

**RFP Nos. 13, 21-22:**

Requests Nos. 13, 21 and 22 sought the following, respectively:

"All DOCUMENTS in YOUR possession that mention or refer to COLLECTIVE ACTION MEMBERS"

All ELECTRONICALLY STORED INFORMATION including audio recordings YOU have in YOUR custody or control RELATED TO calls made by CALIFORNIA PAPA PALS to YOUR customers during the RELEVANT TIME PERIOD;

All ELECTRONICALLY STORED INFORMATION including audio recordings YOU have in YOUR custody or control RELATED TO calls made by COLLECTIVE ACTION MEMBERS to YOUR customers during the FLSA TIME PERIOD.

In its initial responses, Defendant objected on myriad grounds, including that these Requests were overbroad, premature, and burdensome. Those objections still apply.

Read literally, RFP Nos. 13, 21 and 22 ask for all documents and electronically stored information related to collective action members or to calls made by Pals to Defendant's customers during the relevant time periods. "All documents that mention or refer to collective action members" and "All electronically stored information . . . related to calls" are not targeted discovery requests. These are sweeping demands for any document, record, file, or data that has any connection whatsoever to numerous individuals and calls made by any of the thousands of those individuals over almost a decade. That could encompass an enormous universe of data with no meaningful limiting principle. A request that asks for everything is not a request the Federal Rules recognize or sanction. *See e.g., Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation."). Rather, Plaintiffs must describe with reasonable particularity the items to be produced. Fed. R. Civ. P. 34(b)(1)(A).

This is exactly why it matters little that Defendant tracks call data (which is just one category of documents falling within Plaintiffs' request). That fact does not transform an overbroad request into a proper one. The question is not whether responsive documents exist; it is whether the requests are sufficiently particular to allow Defendant to identify and produce them without guessing at what Plaintiffs actually

want. *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) ("The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not." Plaintiffs' requests do not clear that bar.

Beyond the overbreadth and lack of reasonable particularity lies, the same problem inherent in Plaintiffs other requests: they are premature and disproportionate at this posture.[2]

Defendant respectfully requests that the Court deny Plaintiffs' request to order Defendant to produce documents in response to their sweeping demand, or at minimum, defer production on a narrowed, particularized version of these Requests (one that identifies the specific categories of documents they seek) until after the Court decides the threshold issue of decertification.

Dated: May 1, 2026                                    Dated: May 1, 2026


**LEBE LAW, APLC**                                **GREENBERG TRAURIG, LLP**


By:  */s/ Melissa M. Kurata*                     By:  */s/ Daniel Smith*

Jonathan M. Lebe                                  Ellen Bronchetti
Melissa M. Kurata[3]                              Daniel Smith
Tazeen Hussain                                    Attorneys for Defendant Papa, Inc.
Attorneys for Plaintiffs Jennifer Pardo
and Evangeline Matthews

---

[2] And this says nothing of the intrusion into Defendant's members' privacy. Defendant's members have a privacy interest in the content of such calls, which likely contains HIPPA protected information. At no juncture do any of Plaintiffs' *wage claims* bear on the content of any call with any member.

[3] Pursuant to Civil Local Rule 5-1(h)(3), I, Melissa M. Kurata, hereby certify that I have obtained the concurrence in the filing of this document from all signatories listed above. I further attest that I have on file records to support this concurrence for subsequent production to the Court if so ordered of for inspection upon request.

# EXHIBIT 1

Shannon B. Nakabayashi (State Bar No. 215469)
Benjamin J. Schnayerson (State Bar No. 257857)
Benjamin R. Eversole (State Bar No. 334474)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:   (415) 394-9401
Email:  Shannon.Nakabayashi@jacksonlewis.com
Email:  Ben.Schnayerson@jacksonlewis.com
Email:  Benjamin.Eversole@jacksonlewis.com

Attorneys for Defendant
PAPA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER PARDO and EVANGELINE MATTHEWS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PAPA, INC. <br><br> Defendants. | Case No. 3:21-cv-06326 RS <br><br> **DEFENDANT PAPA, INC.'S RESPONSES TO PLAINTIFFS JENNIFER PARDO AND EVANGELINE MATTHEWS' REQUESTS FOR PRODUCTION, SET TWO** |

PROPOUNDING PARTY:        Plaintiffs JENNIFER PARDO and

EVANGELINE MATTHEWS

RESPONDING PARTY:        Defendant PAPA, INC.

SET NO.:        TWO

Pursuant to Federal Rule of Civil Procedure ("FRCP") 34, Defendant PAPA, INC. ("Defendant") hereby responds to Plaintiffs JENNIFER PARDO and EVANGELINE MATTHEWS' ("Plaintiffs") Request for Production of Documents, Set Two below.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 12:**

The PERSONNEL RECORDS for all COLLECTIVE ACTION MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that it seeks information and documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities. Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague and overbroad, particularly as to what it means by "worked for." Defendant further objects to this request as overbroad and premature to the extent it seeks personnel documents of putative class members prior to class certification. Defendant further objects on the grounds that Plaintiffs' definition of "PERSONNEL RECORDS" is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS in YOUR possession that mention or refer to COLLECTIVE ACTION MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that it seeks information and documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution. Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and that are proprietary and confidential. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague and overbroad. Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege and attorney work product doctrine. Defendant objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities.

2

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that reflect the hours COLLECTIVE ACTION MEMBERS worked for you during the FLSA TIME PERIOD (including, but not limited to, receipts for work performed, time sheets and corresponding data, and other information and documents).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague, particularly as to what it means by "worked for." Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege and attorney work product doctrine. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities. Defendant further objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects on the grounds that the term "receipts for work performed" is vague and ambiguous. Defendant previously produced a data sample demonstrating hours worked. Plaintiffs have failed to articulate why this information is insufficient for purposes of class certification.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS, records, and/or writings stating or evidencing all payments (including methods of calculation and cash payments) YOU made to COLLECTIVE ACTION MEMBERS for the entire period in which COLLECTIVE ACTION MEMBERS worked for YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague, particularly as to what it means by "worked for." Defendant further objects to this request as

3

overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege and attorney work product doctrine. Defendant further objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects on the grounds that the term "receipts for work performed" is vague and ambiguous. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities. Defendant previously produced a data sample demonstrating hours worked. Plaintiffs have failed to articulate why this information is insufficient for purposes of class certification.

**REQUEST FOR PRODUCTION NO. 16:**

All training materials, handbooks, and/or other policy DOCUMENTS which YOU provided to COLLECTIVE ACTION MEMBERS in connection with COLLECTIVE ACTION MEMBERS' work for YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague, particularly as to what it means by "work for." Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant further objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects on the grounds that the term "work" is vague and ambiguous. Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and the attorney work product. Subject to and without waiving the foregoing objections, Defendant responds: Defendant agrees to produce non-privileged policy and training documents in its possession, custody or control that have not already been produced.

///

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that purport to be a contract between YOU and COLLECTIVE ACTION MEMBERS that was in effect at any time during the FLSA TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague. Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant further objects on the grounds that Plaintiff's definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects to this request on the grounds that it calls for a legal conclusion as to what constitutes a contract. Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product and the right to privacy pursuant to Article 1, Section 1 of the California Constitution and other federal and state authorities. Subject to and without waiving the foregoing objections, Defendant responds: Defendant agrees to produce sample templates of non-privileged contracts in its possession, custody or control that have not already been produced.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS – including internal memos, emails, or other written correspondence – discussing the independent contractor or employee status of COLLECTIVE ACTION MEMBERS or CALIFORNIA PAPA PALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the terms "COLLECTIVE ACTION MEMBERS" and "CALIFORNIA PAPA PAL(S)" are vague. Defendant objects to the definition of "CALIFORNIA PAPA PAL(S)" on the ground that it is overbroad as to time and assumes facts, Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative

5

class members prior to class certification.  Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege, attorney work product doctrine, and right to privacy pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities.  Further, Defendant objects to this request on the grounds that it seeks documents that are confidential and proprietary.  Defendant further objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing or RELATING TO "Payment Detail Reports" and/or "Payment Reports" YOU provided to CALIFORNIA PAPA PALS during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that Plaintiffs' definition of the term "CALIFORNIA PAPA PAL(S)" is vague, particularly as to what it means by "worked for."  Defendant further objects to the definition of "CALIFORNIA PAPA PAL(S)" on the ground that it is overbroad as to time and assumes facts.  Defendant further objects to the definition of "RELEVANT TIME PERIOD" on the ground that it is overbroad as to time.  Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant further objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome.  Defendant further objects on the grounds that the undefined terms "payment detail reports" and "payment reports" are vague and ambiguous.  Defendant objects to this request on the grounds that it seeks documents that are confidential and proprietary.  Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege, attorney work product and the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities.  Defendant previously produced a data sample demonstrating hours worked. Plaintiffs have failed to articulate why this information

6

is insufficient for purposes of class certification.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS evidencing or RELATING TO "Payment Detail Reports" and/or "Payment Reports" YOU provided to COLLECTIVE ACTION MEMBERS during the FLSA TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague. Defendant further objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant objects on the grounds that the undefined terms "payment detail reports" and "payment reports" are vague and ambiguous. Defendant objects to this request on the grounds that it seeks documents that are confidential and proprietary. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege, attorney work product and the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, and other federal and state authorities. Defendant previously produced a data sample demonstrating hours worked. Plaintiffs have failed to articulate why this information is insufficient for purposes of class certification.

**REQUEST FOR PRODUCTION NO. 21:**

All ELECTRONICALLY STORED INFORMATION including audio recordings YOU have in YOUR custody or control RELATED TO calls made by CALIFORNIA PAPA PALS to YOUR customers during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that Plaintiffs' definition of the term "CALIFORNIA PAPA PALS" is vague.

Defendant objects to the definition of "CALIFORNIA PAPA PAL(S)" on the ground that it is overbroad as to time and assumes facts. Defendant further objects to the definition of "RELEVANT TIME PERIOD" on the ground that it is overbroad as to time. Defendant objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects on the grounds that Plaintiffs' definition of the term "ELECTRONICALLY STORED INFORMATION" is overbroad and unduly burdensome. Defendant further objects to this request on the grounds that it seeks information and documents protected from disclosure by the attorney client privilege, attorney work product and the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, HIPAA and other applicable federal and state authorities.

**REQUEST FOR PRODUCTION NO. 22:**

All ELECTRONICALLY STORED INFORMATION including audio recordings YOU have in YOUR custody or control RELATED TO calls made by COLLECTIVE ACTION MEMBERS to YOUR customers during the FLSA TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague. Defendant objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects on the grounds that Plaintiffs' definition of the term "ELECTRONICALLY STORED INFORMATION" is overbroad and unduly burdensome. Defendant objects to this request on the grounds that it seeks information and documents protected from disclosure by the attorney client privilege, attorney work product and the right to privacy, pursuant to Article 1, Section 1 of the California Constitution, HIPAA and other applicable federal and state authorities.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents constituting or evidencing agreement to any arbitration agreement between YOU and CALIFORNIA PAPA PALS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects that Plaintiffs' definition of the term "CALIFORNIA PAPA PALS" is vague. Defendant objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects to the definition of "CALIFORNIA PAPA PAL(S)" on the ground that it is overbroad as to time and assumes facts. Defendant objects to this request on the grounds that it calls for a legal conclusion as to what constitutes an "arbitration agreement." Defendant objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege and attorney work product doctrine. Defendant objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant objects to this request on the grounds that it seeks document that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution and other relevant federal and state authorities. Subject to and without waiving the foregoing objections, Defendant responds: Defendant agrees to produce a sample template of an arbitration agreement that has not already been produced.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents constituting or evidencing agreement to any arbitration agreement between YOU and COLLECTIVE ACTION MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects that Plaintiffs' definition of the term "COLLECTIVE ACTION MEMBERS" is vague, particularly as to what it means by "worked for." Defendant objects to this request as overbroad and premature to the extent it seeks documents on putative class members prior to class certification. Defendant objects to this request on the grounds that it calls for a legal conclusion as to what constitutes an "arbitration agreement." Defendant objects to this request on the grounds that it seeks documents protected from disclosure by the attorney client privilege and attorney work product doctrine. Defendant objects on the grounds that Plaintiffs' definition of the term "DOCUMENTS" is overbroad and unduly burdensome. Defendant further objects to this

9

request on the grounds that it seeks documents protected from disclosure by the right to privacy, pursuant to Article 1, Section 1 of the California Constitution and other relevant federal and state authorities.   Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant agrees to meet and confer regarding the scope of the request as it is too overbroad and burdensome.

Date:  December 4, 2023                                    JACKSON LEWIS P.C.


By: _/s/Benjamin J. Schnayerson____
Shannon B. Nakabayashi
Benjamin J. Schnayerson
Benjamin R. Eversole
Counsel for Defendant
PAPA, INC.

DEFENDANT PAPA, INC.'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    Case No. 3:21-cv-06326 RS