Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
**Lebe Law, APLC**
3900 W Alameda Avenue, Fifteenth Floor
Burbank, CA 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs Jennifer Pardo and Evangeline Matthews,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>Papa, Inc.; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:21-cv-06326-RS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367(c)]**<br><br>[Declaration of Jonathan M. Lebe, Memorandum of Points and Authorities, and [Proposed] Order filed Concurrently Herewith]<br><br>Hearing Information:<br>Date: September 3, 2026<br>Time: 1:30 p.m.<br>Hon. Richard Seeborg<br><br>TAC Filed: December 14, 2022<br>Trial Date: None Set |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 3, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 12, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Richard Seeborg, Chief District Judge, Plaintiffs Jennifer Pardo and Evangeline Matthews ("Plaintiffs") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1367(c), for an order (1) severing the representative cause of action brought under the California Labor Code Private Attorneys General Act, Labor Code § 2698, *et seq.* ("PAGA"), from the remaining causes of action in this action; (2) declining to exercise supplemental jurisdiction over the severed PAGA claim under 28 U.S.C. § 1367(c)(1), (c)(2), and (c)(4); and (3) dismissing the PAGA claim without prejudice to Plaintiffs' ability to pursue that claim in the Superior Court of the State of California.

Plaintiffs' Motion to Decline Supplemental Jurisdiction ("Motion") is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jonathan M. Lebe, and any other matters that the Court deems appropriate.

Dated: July 30, 2026

**LEBE LAW, APLC**

By: _____ */s/ Jonathan M. Lebe* _____
Jonathan M. Lebe
Melissa M. Kurata

Attorneys for Plaintiffs Jennifer Pardo and
Evangeline Matthews, individually and on behalf of
all others similarly situated

1

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**

Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
Tazeen Hussain (State Bar No. 361707)
Tazeen@lebelaw.com
**Lebe Law, APLC**
3900 W Alameda Avenue, Fifteenth Floor
Burbank, CA 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs Jennifer Pardo and Evangeline Matthews,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Papa, Inc.; and Does 1 through 20, inclusive, <br><br> Defendants. | Case No. 3:21-cv-06326-RS <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367(c)]** <br><br> [Notice of Motion; Declaration of Jonathan M. Lebe; and [Proposed] Order filed Concurrently Herewith] <br><br> <u>Hearing Information:</u> <br> Date: September 3, 2026 <br> Time: 1:30 p.m. <br> Hon. Richard Seeborg <br><br> TAC Filed: December 14, 2022 <br> Trial Date: None Set |

1

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................2

III.  LEGAL STANDARD ...........................................................................................5

IV.   ARGUMENT .........................................................................................................5

   A.    The PAGA Claim Substantially Predominates over the FLSA Claims and Supplemental Jurisdiction Should be Declined Under 28 U.S.C. § 1367(c)(2) ........................................................5

   B.    This Case Presents Complex Issues of California Law ............................................6

      1.    PAGA is substantively complex..................................................................7

      2.    PAGA's manageability framework continues to generate unresolved, fact-intensive questions.................................................................................7

   C.    Exceptional Circumstances Under 28 U.S.C. § 1367(c)(4) Independently Warrant Declining Jurisdiction .................................................................................8

   D.    The PAGA Claim Should Be Severed Under FRCP, Rule 21 Before It Is Dismissed ..........9

   E.    Dismissal Without Prejudice Would Not Harm Plaintiffs and Is Consistent with the Timeliness Position Plaintiffs are Already Advancing in the State PAGA Action. .....................10

V.    CONCLUSION....................................................................................................11

i

# TABLE OF AUTHORITIES

**CASES**

Arroyo v. Rosas (9th Cir. 2021) 19 F.4th 1202 ............................................................. 1, 8

Artis v. District of Columbia (2018) 583 U.S. 71 ............................................................ 2, 10

*City of Los Angeles v. County of Kern* (2014) 59 Cal. 4th 618 ............................................... 10

*Estrada v. Royalty Carpet Mills, Inc.* (2024) 15 Cal. 5th 582 ................................................. 7

*Hernandez v. MasterCorp, Inc.* (C.D. Cal. Sept. 15, 2020) 2020 U.S. Dist. LEXIS 239128.................. 9

*Huff v. Securitas Sec. Servs. USA, Inc*. (2018) 23 Cal. App. 5th 745 ........................................ 7

*Rodriguez v. Emeritus Corp.* (E.D. Cal. Sept. 5, 2018) 2018 U.S. Dist. LEXIS 151295 ........................ 7

*Royal Canin U.S.A., Inc. v. Wullschleger* (2025) 604 U.S. 22 ................................................. 5

*Sakkab v. Luxottica Retail N. Am., Inc.* (9th Cir. 2015) 803 F.3d 425 ....................................... 7

*San Pedro Hotel Co. v. City of Los Angeles* (9th Cir. 1998) 159 F.3d 470 .................................... 5

*Schutza v. Cuddeback* (S.D. Cal. 2017) 262 F. Supp. 3d 1025 ................................................. 6

*Sheppard v. Staffmark Inv., LLC* (N.D. Cal. Feb. 23, 2021) 2021 U.S. Dist. LEXIS 34726.................... 9

*Thorpe v. Excel Inc.* (D. Mass. July 13, 2023) 2023 U.S. Dist. LEXIS 120374 ................................ 9

*Thorpe v. Exel Inc.* (D. Mass. Mar. 25, 2024) 2024 U.S. Dist. LEXIS 53088 ................................. 9

*United Mine Workers v. Gibbs* (1966) 383 U.S. 715 ..................................................... passim

**STATUTES**

28 U.S.C. § 1367 ............................................................................. 1, 2, 5, 10

Cal. Lab. Code § 2802 .......................................................................... 6

Cal. Lab. Code §§ 226 .......................................................................... 6

Cal. Lab. Code §§ 512 .......................................................................... 6

**RULES**

Fed. R. Civ. P. 21 ............................................................................. 2, 9

ii

## I.     INTRODUCTION

Plaintiffs Jennifer Pardo and Evangeline Matthews ("Plaintiffs") respectfully move this Court to decline supplemental jurisdiction over their claim under the Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 *et seq.*, and to sever that claim from the remaining causes of action in this action pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 21.

Three independent grounds under 28 U.S.C. § 1367(c) each separately warrant declining jurisdiction over the PAGA claim. First, the PAGA claim substantially predominates over the claims within this Court's original jurisdiction. 28 U.S.C. § 1367(c)(2). Second, the PAGA claim raises novel and complex issues of California law that are better resolved by California's courts in the first instance. 28 U.S.C. § 1367(c)(1). Third, exceptional circumstances provide compelling reasons for declining jurisdiction: a parallel representative PAGA action addressing overlapping Labor Code violations is currently pending in the Superior Court of California, County of Alameda, and, most importantly, this Court has already indicated, at the April 16, 2026 Case Management Conference, that it does not intend to exercise supplemental jurisdiction over the PAGA claim. 28 U.S.C. § 1367(c)(4); *Arroyo v. Rosas*, 19 F.4th 1202, 1213 (9th Cir. 2021). This Motion accordingly asks the Court to formalize the course it has already indicated it intends to take. Retaining jurisdiction over Plaintiffs' PAGA claim at this juncture would risk precisely the duplicative litigation, inconsistent penalty assessments, and jurisdictional limbo that comity and judicial economy counsel against.

While Plaintiffs originally chose this forum for the PAGA claim, this Court has since made clear, in its December 8, 2025 order and again at the April 16, 2026 Case Management Conference, that it does not intend to exercise supplemental jurisdiction over that claim. (Lebe Decl. ¶¶ 5, 11.) Plaintiffs understand and accept the Court's position; what they cannot accept is jurisdictional limbo. For six months, Plaintiffs have asked Defendant to stipulate to a resolution in either direction—dismissal of the PAGA claim here so that it may proceed in the State PAGA Action, or an affirmative exercise of supplemental jurisdiction by this Court. Defendant has refused or ignored every overture. (Lebe Decl. ¶¶ 6, 8, 10, 12–14, Exhs. 1, 3–6.) At the same time, Defendant has demurred in the State PAGA Action, seeking abatement or a stay on the ground that the same PAGA claim remains pending before this Court, and has threatened sanctions motions against Plaintiffs for filing that action at all. (Lebe Decl. ¶¶ 9, 11,

1

17; Exh. 2.) The upshot of Defendant's position is that Plaintiffs' PAGA claim would be litigated in no forum. Only an order severing and dismissing the PAGA claim without prejudice will end this jurisdictional limbo, and the discretion conferred by § 1367(c) exists for precisely this circumstance.

Because the PAGA claim is only one of several claims pending in this action (the eleventh cause of action), the proper mechanism is not dismissal of the action but severance of the PAGA claim under Rule 21, followed by dismissal of the severed claim without prejudice to Plaintiffs' ability to pursue it in the pending State PAGA Action. Fed. R. Civ. P. 21. Any applicable limitations period will remain tolled throughout the pendency of this action pursuant to 28 U.S.C. § 1367(d). *Artis v. District of Columbia*, 583 U.S. 71, 75 (2018).

For these reasons, the Court should decline to exercise supplemental jurisdiction over the PAGA claim, sever the claim, and dismiss it without prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2021, Plaintiff Carice Ashley Andersen filed a First Amended Collective and Class Action Complaint in this action, asserting a cause of action for civil penalties under PAGA (Labor Code § 2698 et seq.) for the first time. Declaration of Jonathan M. Lebe in Support of Motion to Decline Supplemental Jurisdiction ("Lebe Decl.") ¶ 3. On March 4, 2022, Plaintiffs filed a Second Amended Collective and Class Action Complaint, substituting Jennifer Pardo as the sole named Plaintiff in place of Ms. Andersen. *Id*. On December 14, 2022, Plaintiffs filed the operative Third Amended Collective and Class Action Complaint, adding Plaintiff Evangeline Matthews as a second named Plaintiff alongside Plaintiff Pardo. *Id*.

On October 17, 2025, Plaintiffs filed their Motion for Partial Summary Adjudication ("MSA") on the basis that (1) Defendant misclassified Plaintiffs and other Papa Pals as independent contractors under the ABC test; (2) Defendant willfully misclassified those workers in violation of § 226.8; and (3) Defendant is therefore liable for PAGA civil penalties under Labor Code § 2698 et seq. in the amount of $91,975,000. Lebe Decl., ¶ 4. On November 13, 2025, Defendant filed their Opposition to Plaintiffs' MSA, claiming that genuine disputes of material fact precluded summary adjudication, including whether the ABC test or the *Borello* test governed Pals' classification, whether Papa satisfied the ABC test's three prongs, and whether any misclassification was willful under § 226.8. *Id*. On December 5, 2025, Plaintiffs

2

filed their Reply in Support of the MSA. *Id*.

On December 8, 2025, this Court entered an order denying Plaintiffs' MSA without prejudice. Lebe Decl., ¶ 5. The Court's denial was not as to the merits of the MSA, but as to whether it would even rule on the matter given the issue of supplemental jurisdiction over the PAGA claim. *Id*. Specifically, the order stated that "[a]t this juncture, it is premature to conclude it will be appropriate to exercise supplemental jurisdiction over plaintiffs' state law claims," for multiple reasons, including the $90+ million penalty request under PAGA's "unusual state law provisions" and the divergent legal standards for classifying independent contractors under state versus federal law, concluding the PAGA claim was "highly likely to 'substantially predominate.'" Dkt. 120 at 1–3; Lebe Decl., ¶ 5. The Court directed the parties to either raise the question of this Court's supplemental jurisdiction over the PAGA claim in a forthcoming motion to decertify the FLSA collective, or to meet and confer and jointly propose an alternative procedural approach. *Id*.

On January 29, 2026, counsel for both parties had a telephonic meet and confer wherein Plaintiffs' counsel requested that Defendant stipulate to the filing of a PAGA representative action in state court given this Court's ruling on the MSA. Defendant refused. Lebe Decl., ¶ 6.

On February 18, 2026, Plaintiffs filed a representative action asserting a single claim pursuant to the PAGA premised on the same facts as this case against Defendant in the Superior Court of California, County of Alameda, Case No. 26CV171867 (the "State PAGA Action"). Lebe Decl., ¶ 7. On February 27, 2026, Plaintiffs emailed Defendant a courtesy copy of the State PAGA Action complaint and again requested that Defendant stipulate to allow Plaintiff to voluntarily dismiss the PAGA claim in federal court and proceed litigating the State PAGA Action. Lebe Decl., ¶ 8, Exh. 1. Defendant did not respond to this email. Lebe Decl., ¶ 8.

On March 11, 2026, Defendant sent Plaintiffs a meet and confer letter regarding Defendant's anticipated demurrer to the Complaint and motion for sanctions pursuant to California Code of Civil Procedure sections 128.5 and 128.7, asserting that the State PAGA Action was untimely and that the PAGA claims it raised were already pending before this Court. Lebe Decl., ¶ 9, Exh. 2. On March 30, 2026, Plaintiffs responded to Defendant's March 11, 2026 letter confirming that Defendant had refused Plaintiffs' proposal to stipulate to transfer the PAGA claim to state court, and reiterating that Plaintiffs

3

remained open to an alternative stipulation under which the federal court would affirmatively exercise supplemental jurisdiction over the PAGA claim. Lebe Decl., ¶ 10, Exh. 3.

On April 3, 2026, Defendant filed a demurrer in the State PAGA Action arguing that the action is subject to mandatory abatement in favor of this federal action, or, alternatively, should be stayed. Lebe Decl., ¶ 11. On April 16, 2026, at the case management hearing in this case, this Court indicated that it was not inclined to exercise supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the State PAGA Action. *Id*. On April 23, 2026, Plaintiffs emailed Defendant reiterating the statements this Court made at the April 16, 2026 case management hearing and also informing Defendant that three additional plaintiffs would be added to the State PAGA Action. Lebe Decl., ¶ 12, Exh. 4.

On May 21, 2026, after getting no response, Plaintiffs sent a follow-up email to Defendants reiterating that the Court explicitly stated that it would not exercise supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the State PAGA Action. Lebe Decl., ¶ 13, Exh. 5. On May 28, 2026, Defendant's counsel responded, disputing Plaintiffs' characterization of the Court's April 16, 2026 comments regarding supplemental jurisdiction over the PAGA claim. Lebe Decl., ¶ 14, Exh. 6.

On July 8, 2026,[1] Plaintiffs filed a First Amended Representative Action Complaint in that action, adding Michelle Gil, Hector Tamayo, and Marlette Rankin as additional named plaintiffs. Lebe Decl., ¶ 15. That same day, Defendant sent Plaintiffs a letter demanding that Plaintiffs withdraw the PAGA Action and proceed in federal court. Lebe Decl., ¶ 15, Exh. 7.

On July 24, 2026, Plaintiffs sent Defendant a letter indicating that they intended to file this Motion and the basis for filing. That same day in response, Defendant stated that it would be filing a Demurrer to the FAC in the State PAGA Action. Lebe Decl., ¶ 16, Exh. 8.

On July 29, 2026, Defendant filed a Demurrer to the FAC in the State PAGA Action, largely reiterating the same arguments from its previous Demurrer to the original Complaint. Lebe Decl., ¶ 17.

///

---

[1] Plaintiffs initially filed the First Amended Representative Action Complaint on June 29, 2026, but it was rejected by the court due to a clerical error.

**PLAINTIFFS' MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**

### III.    LEGAL STANDARD

28 U.S.C. § 1367(c) authorizes district courts to exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as a claim within the court's original jurisdiction, but expressly permits a court to decline that jurisdiction where (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)–(4).

Under the statute, a district court may decline jurisdiction under any one of these four provisions. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs* ("*Gibbs*"), 383 U.S. 715, 726 (1966), superseded by statute, 28 U.S.C. §1367, as recognized in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025); § 1367(c) codifies the *Gibbs* discretionary framework. Unless "considerations of judicial economy, convenience, and fairness to litigants" favor retaining supplemental jurisdiction, a court should hesitate to exercise it over state-law claims, particularly those, like PAGA, that implicate a state's own regulatory and enforcement priorities. *Id.*

### IV.    ARGUMENT

#### A.   The PAGA Claim Substantially Predominates over the FLSA Claims and Supplemental Jurisdiction Should be Declined Under 28 U.S.C. § 1367(c)(2)

28 U.S.C. § 1367(c)(2) authorizes a district court to decline supplemental jurisdiction where the state-law claim "substantially predominates" over the claims supplying original jurisdiction, whether "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726–27. The Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025), confirms that this predominance ground remains one of the core, *Gibbs*-derived limits on a federal court's discretion to retain a state-law claim: where "federal law is not where the real action is," a district court "may (and indeed, ordinarily should) kick the case to state court." *Id.* at 32 (citing *Gibbs*,

5

383 U.S. at 726–727).

Here, the PAGA claim requires evidence of a distinct set of Labor Code violations—meal and rest break violations (Lab. Code §§ 226.7, 512), wage statement violations (Lab. Code § 226), waiting-time penalties (Lab. Code § 203), and unreimbursed business expenses (Lab. Code § 2802), among others—under standards that have no analog in the FLSA overtime claims anchoring this Court's jurisdiction. In terms of the scope of the issues raised, resolving the PAGA claim requires the Court to adjudicate the rights of thousands of non-party aggrieved employees under an entirely separate statutory and enforcement scheme, not merely the claims of the named Plaintiffs and opt-in FLSA collective members.

In terms of the comprehensiveness of the remedy sought, the PAGA claim seeks civil penalties of more than $91,975,000 (calculated at $25,000 per aggrieved employee for 3,679 aggrieved employees, as of the date of the Motion for Summary Adjudication), or at a minimum, $18,395,000 (at $5,000 per aggrieved employee), exposure that dwarfs the value of the FLSA collective claims. Dkt. 120 at 2 n.1. Courts have found predominance on precisely this kind of disparity. In *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029–30 (S.D. Cal. 2017), the court held that a state Unruh Act claim substantially predominated over the ADA claim anchoring federal jurisdiction where the state claim's minimum statutory damages ($36,000) dwarfed the injunctive-relief-only federal claim, and where, as here, the state claim additionally required proof under distinct state-law standards not called for by the federal claim. This Court has already recognized as much, observing that those issues, "implicating a claimed right to over $90 million in penalties on behalf of thousands of non-parties, under a different standard for assessing employee classification, and involving numerous additional alleged Labor Code violations, appear highly likely to 'substantially predominate' over the more limited FLSA claims, whether or not the collective is decertified." Dkt. 120 at 2–3.

For these reasons, the Court should decline to exercise supplemental jurisdiction over the PAGA claim.

### B.  This Case Presents Complex Issues of California Law

28 U.S.C. § 1367(c)(1) authorizes declination of supplemental jurisdiction where the state claim "raises a […] complex issue of State law." This ground reflects the same comity concern *Gibbs* identified

6

as central to the discretionary inquiry: "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726.

### 1. PAGA is substantively complex

PAGA's substantive complexity supports declining supplemental jurisdiction. *See Rodriguez v. Emeritus Corp.*, 2018 U.S. Dist. LEXIS 151295, at \*7 (E.D. Cal. Sept. 5, 2018) (declining supplemental jurisdiction where the PAGA claim, though not itself "novel," involved "potential complexity" flowing "from the substance of the claim itself," citing *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 438 (9th Cir. 2015), and *Huff v. Securitas Sec. Servs. USA, Inc*., 23 Cal. App. 5th 745, 751 (2018)).

The complexity here is not abstract. Defendant's own opposition to Plaintiffs' motion for partial summary adjudication insists that that "willful misclassification" under Labor Code § 226.8 carries a legislatively defined meaning, "voluntarily and knowingly" avoiding employee status, distinct from the judicially construed "willful" standard of section 203, a statutory-construction question Defendant asserts no cited case has ever "considered or evaluated." Dkt. 118 at 23–24. Moreover, Defendant disputes the availability of the enhanced penalty tier absent proof of a "pattern or practice" of misclassification. Dkt. 118 at 25. These complex questions of California law only apply to the PAGA misclassification claim and would not be before this Court if it declines supplemental jurisdiction.

### 2. PAGA's manageability framework continues to generate unresolved, fact-intensive questions

The California Supreme Court's decision in *Estrada v. Royalty Carpet Mills, Inc.*, 15 Cal. 5th 582 (2024), resolved one manageability question, holding that trial courts lack inherent authority to strike or dismiss PAGA claims as unmanageable, but left to California's trial courts the task of developing, claim-by-claim, how to deploy the "numerous tools" the Court identified for managing complex representative actions, including representative testimony, surveys, statistical evidence, and appropriately narrowing the scope of a claim so it can be fairly tried. *Id.* at 618. California courts are still building that body of manageability practice; a federal court's isolated resolution of manageability in this single action would not benefit from, and risks conflicting with, that developing California authority.

For this reason as well, the Court should decline to exercise supplemental jurisdiction over the PAGA claim.

7

**C. Exceptional Circumstances Under 28 U.S.C. § 1367(c)(4) Independently Warrant Declining Jurisdiction**

28 U.S.C. § 1367(c)(4) permits declining jurisdiction where "exceptional circumstances" provide "other compelling reasons" to do so. The Ninth Circuit has recognized that retaining supplemental jurisdiction over a state-law claim can itself supply the requisite "exceptional circumstance" where doing so would "substantially thwart California's carefully crafted reforms" and "deprive the state courts of their critical role in effectuating the policies underlying" those reforms. *Arroyo v. Rosas*, 19 F.4th 1202, 1213 (9th Cir. 2021). Critically, *Arroyo* reversed a declination that came only after the district court had effectively adjudicated the entire case; here, by contrast, this Court has expressly declined to reach the merits of the PAGA claim, so declining jurisdiction now sacrifices no invested judicial resources.

Here, a parallel representative PAGA enforcement action addressing overlapping Labor Code violations by Defendant is currently pending in the Alameda County Superior Court in the State PAGA Action. Lebe Decl. ¶ 7. Plaintiffs filed the State PAGA Action in direct response to this Court's December 8, 2025 order denying Plaintiffs' motion for partial summary adjudication on the PAGA claim without prejudice and directing the parties to address this Court's supplemental jurisdiction over that claim. Lebe Decl. ¶ 5. Indeed, at the April 16, 2026 Case Management Conference in this action, the Court itself indicated that it would not exercise supplemental jurisdiction over the PAGA claim and that the claim should proceed in the State PAGA action Plaintiffs had already filed. Lebe Decl. ¶ 11. This Motion accordingly asks the Court to formalize the course it has already indicated it intends to take. Retaining jurisdiction over Plaintiffs' PAGA claim at this juncture would risk precisely the duplicative litigation, inconsistent penalty assessments, and inconsistent settlement approvals that comity and judicial economy counsel against. *See Gibbs*, 383 U.S. at 726. The state court presiding over the parallel action is better positioned to coordinate any overlapping recovery, avoid double recovery on behalf of the same aggrieved employees, and ensure a single, comprehensive resolution of Defendant's alleged Labor Code violations.

While Plaintiffs originally chose this forum, this Court has since made clear, in its December 8, 2025 order and again at the April 16, 2026 Case Management Conference, that it does not intend to exercise supplemental jurisdiction over that claim. Lebe Decl. ¶¶ 5, 11. Plaintiffs understand and accept

8

**PLAINTIFFS' MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**

the Court's position; what they cannot accept is jurisdictional limbo. For six months, Plaintiffs have asked Defendant to stipulate to a resolution in either direction: dismissal of the PAGA claim here so that it may proceed in the State PAGA Action, or an affirmative exercise of supplemental jurisdiction by this Court. Defendant has refused or ignored every overture. (Lebe Decl. ¶¶ 6, 8, 10, 12–14, Exhs. 1, 3–6.) At the same time, Defendant has demurred in the State PAGA Action, seeking abatement or a stay on the ground that the same PAGA claim remains pending before this Court, and has threatened sanctions motions against Plaintiffs for filing that action at all. (Lebe Decl. ¶¶ 9, 11, 17, Exhs. 2 and 8.) The upshot of Defendant's position is that Plaintiffs' PAGA claim could be litigated in no forum. Only an order severing and dismissing the PAGA claim without prejudice will end that limbo, and the discretion conferred by § 1367(c) exists for precisely this circumstance.

**D.  The PAGA Claim Should Be Severed Under FRCP, Rule 21 Before It Is Dismissed**

Where a claim over which the Court declines supplemental jurisdiction is only one of several claims in the action, the proper mechanism is severance of that claim under Federal Rule of Civil Procedure 21, followed by dismissal of the severed claim without prejudice, not dismissal of the action as a whole. Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.").

Here, unlike a case in which the state-law claim is the sole claim remaining before the court, this action will continue after this motion is decided: Plaintiffs' claims under the FLSA and California law, independent of the PAGA claim, are not before the Court in this motion and will remain pending regardless of the outcome here. Severance, rather than dismissal of the action, is the established mechanism for this circumstance. *See Thorpe v. Excel Inc.*, 2023 U.S. Dist. LEXIS 120374, at *20 (D. Mass. July 13, 2023) (severing plaintiff's PAGA claim from her FLSA and state-law wage claims within the same action and staying it while the remaining claims proceeded to arbitration); *see also Thorpe v. Exel Inc.*, 2024 U.S. Dist. LEXIS 53088, at *3 (D. Mass. Mar. 25, 2024) (later declining supplemental jurisdiction over the severed PAGA claim and dismissing it without prejudice, observing that "[s]everal other district courts facing similar situations have declined to exercise supplemental jurisdiction over a PAGA claim"); *Sheppard v. Staffmark Inv., LLC*, 2021 U.S. Dist. LEXIS 34726, at *8–9 (N.D. Cal. Feb. 23, 2021) (declining supplemental jurisdiction over PAGA claim); *Hernandez v. MasterCorp, Inc.*, 2020 U.S. Dist. LEXIS 239128, at *6 (C.D. Cal. Sept. 15, 2020) ("PAGA is purely a state law creature, and

9

primary responsibility for developing and applying state law rests with the California courts."). Accordingly, the Court should sever the PAGA claim from the remaining causes of action under Rule 21.

**E. Dismissal Without Prejudice Would Not Harm Plaintiffs and Is Consistent with the Timeliness Position Plaintiffs are Already Advancing in the State PAGA Action.**

28 U.S.C. § 1367(d) provides that the limitations period for a state claim dismissed under § 1367(c) "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The United States Supreme Court held in *Artis v. District of Columbia*, 583 U.S. 71 (2018) that § 1367(d) adopts a "stop-the-clock" suspension rule: the limitations period is suspended while the claim is pending in federal court and resumes running only after the thirty-day post-dismissal window. *Id.* at 75, 88–89. *Artis* abrogated, as a matter of controlling federal law, the California Supreme Court's earlier "grace period" interpretation of § 1367(d) adopted in *City of Los Angeles v. County of Kern*, 59 Cal. 4th 618 (2014). PAGA carries a one-year limitations period under Code of Civil Procedure section 340, subdivision (a).

Here, Plaintiffs' PAGA cause of action has been continuously pending in this action since October 18, 2021, a period of more than four years and eight months as of the date of this Motion. Under the stop-the-clock rule, the one-year limitations period prescribed by Code of Civil Procedure section 340, subdivision (a), "is suspended (stops running)" for the entire duration the PAGA claim is pending in federal court, and will "start[] running again... picking up where it left off" only once this action concludes. *Artis v. District of Columbia*, 583 U.S. 71, 80 (2018). Whatever portion of the limitations period remained unexpired on October 18, 2021, the date Plaintiffs first asserted the PAGA claim in this action, remains available to Plaintiffs today, undiminished by the years this action has spent in federal court. If this Court declines to exercise supplemental jurisdiction over the PAGA claim, Plaintiffs will be in exactly the position they occupied on October 18, 2021, plus the additional thirty-day window that § 1367(d) guarantees following dismissal.

This eliminates any concern that declining jurisdiction at this stage of the litigation could work an unfair forfeiture of Plaintiffs' PAGA claim, a factor squarely within the "fairness to litigants" that the *Gibbs* Court identified as one of the three touchstones governing discretionary declination under § 1367(c). *Gibbs*, 383 U.S. 715, 726 (1966). Because § 1367(d) removes any limitations-period penalty for

10

having litigated first in federal court, Defendant cannot credibly argue that declination visits any prejudice on Plaintiffs, or that judicial economy favors retaining a claim whose only obstacle to prompt resolution in state court, timeliness, has already been resolved by federal statute.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) sever the PAGA claim (the eleventh cause of action) from the remaining causes of action under Federal Rule of Civil Procedure 21; (2) decline to exercise supplemental jurisdiction over the severed PAGA claim under 28 U.S.C. § 1367(c)(1), (c)(2), and (c)(4); and (3) dismiss the severed PAGA claim without prejudice to Plaintiffs' ability to pursue that claim in the State PAGA Action.

Dated: July 30, 2026                                    **LEBE LAW, APLC**

By: _____*/s/ Jonathan M. Lebe*_____
                                                    Jonathan M. Lebe
                                                    Melissa M. Kurata

Attorneys for Plaintiffs Jennifer Pardo and
Evangeline Matthews, individually and on behalf of
all others similarly situated

11