Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
**Lebe Law, APLC**
3900 W Alameda Avenue, Fifteenth Floor
Burbank, CA 91505
Telephone: (213) 444-1973

Attorneys for Plaintiffs Jennifer Pardo and Evangeline Matthews,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Pardo and Evangeline Matthews, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>Papa, Inc.; and Does 1 through 20, inclusive,<br><br>      Defendants. | Case No. 3:21-cv-06326-RS<br><br>**DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF PLAINTIFFS' MOTION TO DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367(c)]**<br><br>[Notice of Motion, Memorandum of Points and Authorities, and [Proposed] Order filed concurrently Herewith]<br><br><u>Hearing Information:</u><br>Date: September 3, 2026<br>Time: 1:30 p.m.<br>Dept.  Richard Seeborg<br><br>TAC Filed: December 14, 2022<br>Trial Date: None Set |

**DECLARATION OF JONATHAN M. LEBE**

## DECLARATION OF JONATHAN M. LEBE

I, Jonathan M. Lebe, declare as follows:

1.  I am an attorney duly licensed to practice law before all courts in the State of California. I am the Managing Attorney of Lebe Law, A Professional Law Corporation and counsel for Plaintiffs Jennifer Pardo and Evangeline Matthews ("Plaintiffs"). I have personal knowledge of the facts set forth herein and, if called and sworn in as a witness, could and would testify competently thereto.

2.  I submit this declaration in support of Plaintiffs' Motion to Decline Supplemental Jurisdiction ("Motion").

3.  On October 18, 2021, Plaintiff Carice Ashley Andersen filed a First Amended Collective and Class Action Complaint in this action, asserting a cause of action for civil penalties under PAGA (Labor Code § 2698 et seq.) for the first time. On March 4, 2022, Plaintiffs filed a Second Amended Collective and Class Action Complaint, substituting Jennifer Pardo as the sole named Plaintiff in place of Ms. Andersen. On December 14, 2022, Plaintiffs filed the operative Third Amended Collective and Class Action Complaint, adding Plaintiff Evangeline Matthews as a second named Plaintiff alongside Plaintiff Pardo.

4.  On October 17, 2025, Plaintiffs filed their Motion for Partial Summary Adjudication ("MSA") on the basis that (1) Defendant misclassified Plaintiffs and other Papa Pals as independent contractors under the ABC test; (2) Defendant willfully misclassified those workers in violation of § 226.8; and (3) Defendant is therefore liable for PAGA civil penalties under Labor Code § 2698 et seq. in the amount of $91,975,000. On November 13, 2025, Defendant filed their Opposition to Plaintiffs' MSA, claiming that genuine disputes of material fact precluded summary adjudication, including whether the ABC test or the *Borello* test governed Pals' classification, whether Papa satisfied the ABC test's three prongs, and whether any misclassification was willful under § 226.8. On December 5, 2025, Plaintiffs filed their Reply in Support of the MSA.

5.  On December 8, 2025, this Court entered an order denying Plaintiffs' MSA without prejudice. The Court's denial was not as to the merits of the MSA, but as to whether it would even rule on the matter given the issue of supplemental jurisdiction over the PAGA claim. Specifically,

- 1 -

the order stated that "[a]t this juncture, it is premature to conclude it will be appropriate to exercise supplemental jurisdiction over plaintiffs' state law claims," for multiple reasons, including the $90+ million penalty request under PAGA's "unusual state law provisions" and the divergent legal standards for classifying independent contractors under state versus federal law, concluding the PAGA claim was "highly likely to 'substantially predominate.'" The Court directed the parties to either raise the question of this Court's supplemental jurisdiction over the PAGA claim in a forthcoming motion to decertify the FLSA collective, or to meet and confer and jointly propose an alternative procedural approach.

6.    On January 29, 2026, counsel for both parties had a telephonic meet and confer wherein Plaintiffs' counsel requested that Defendant stipulate to the filing of a PAGA representative action in state court given this Court's ruling on the MSA. Defendant refused.

7.    On February 18, 2026, Plaintiffs filed a representative action asserting a single claim pursuant to the PAGA premised on the same facts as this case against Defendant in the Superior Court of California, County of Alameda, Case No. 26CV171867 (the "State PAGA Action").

8.    On February 27, 2026, Plaintiffs emailed Defendant a courtesy copy of the State PAGA Action complaint and again requested that Defendant stipulate to allow Plaintiff to voluntarily dismiss the PAGA claim in federal court and proceed litigating the State PAGA Action. Attached hereto as **Exhibit 1** is a true and correct copy of the February 27, 2026 email to Defendant's counsel. Defendant did not respond to this email.

9.    On March 11, 2026, Defendant sent Plaintiffs a meet and confer letter regarding Defendant's anticipated demurrer to the Complaint and motion for sanctions pursuant to California Code of Civil Procedure sections 128.5 and 128.7, asserting that the State PAGA Action was untimely and that the PAGA claims it raised were already pending before this Court. Attached hereto as **Exhibit 2** is a true and correct copy of Defendant's March 11, 2026 meet and confer letter.

10.    On March 30, 2026, Plaintiffs responded to Defendant's March 11, 2026 letter confirming that Defendant had refused Plaintiffs' proposal to stipulate to transfer the PAGA claim to state court, and reiterating that Plaintiffs remained open to an alternative stipulation under which the federal court would affirmatively exercise supplemental jurisdiction over the PAGA claim.

- 2 -

**DECLARATION OF JONATHAN M. LEBE**

Attached hereto as **Exhibit 3** is a true and correct copy of the March 30, 2026 response letter.

11. On April 3, 2026, Defendant filed a demurrer in the State PAGA Action arguing that the action is subject to mandatory abatement in favor of this federal action, or, alternatively, should be stayed. On April 16, 2026, at the case management hearing in this case, this Court indicated that it was not inclined to exercise supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the State PAGA Action.

12. On April 23, 2026, Plaintiffs emailed Defendant reiterating the statements this Court made at the April 16, 2026 case management hearing and also informing Defendant that three additional plaintiffs would be added to the State PAGA Action. Attached hereto as **Exhibit 4** is a true and correct copy of the April 23, 2026 email to Defendant's counsel.

13. On May 21, 2026, after getting no response, Plaintiffs sent a follow-up email to Defendants reiterating that the Court explicitly stated that it would not exercise supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the State PAGA Action. Attached hereto as **Exhibit 5** is a true and correct copy of the May 21, 2026 follow-up email.

14. On May 28, 2026, Defendant's counsel responded, disputing Plaintiffs' characterization of the Court's April 16, 2026 comments regarding supplemental jurisdiction over the PAGA claim. Attached hereto as **Exhibit 6** is a true and correct copy of Defendant's counsel's May 28, 2026 response.

15. On July 8, 2026, Plaintiffs filed a First Amended Representative Action Complaint ("FAC") in the State PAGA Action, adding Michelle Gil, Hector Tamayo, and Marlette Rankin as additional named plaintiffs. That same day, Defendant sent Plaintiffs a letter demanding that Plaintiffs withdraw the PAGA Action and proceed in federal court. Attached hereto as **Exhibit 7** is a true and correct copy of Defendant's counsel's July 8, 2026 letter.

16. On July 24, 2026, Plaintiffs sent Defendant a letter indicating that they intended to file this Motion and the basis for filing. That same day in response, Defendant stated that it would be filing a Demurrer to the FAC in the State PAGA Action. Attached hereto as **Exhibit 8** are true and correct copies of the parties' July 24, 2026 letters.

**DECLARATION OF JONATHAN M. LEBE**

17.    On July 29, 2026, Defendant filed a Demurrer to the FAC in the State PAGA Action, largely reiterating the same arguments from its previous Demurrer to the original Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on July 30, 2026 at Bend, Oregon.


_/s/ Jonathan M. Lebe_
JONATHAN M. LEBE

- 4 -

**DECLARATION OF JONATHAN M. LEBE**

# EXHIBIT 1

**Subject:**      Pardo/Matthews v. Papa, Inc.
**Date:**          Friday, February 27, 2026 at 2:06:45 PM Pacific Standard Time
**From:**          Melissa Kurata
**To:**            ellen.bronchetti@gtlaw.com, millerta@gtlaw.com, Daniel.Smith@gtlaw.com
**CC:**            Jon Lebe, Diana Lopez, Cecilia Quiroz, Bahia Hussein
**Attachments:** 2026.02.18 Papa - Conformed PAGA Complaint.pdf

Dear Counsel,

Attached is a courtesy copy of the PAGA representative complaint that we filed in Alameda Superior Court. As a follow up to our call on January 29, please confirm that your client is not willing to stipulate to allow Plaintiff to voluntarily dismiss the PAGA claim currently pending in the federal case without prejudice, with an agreement that the statute of limitations for the PAGA claim now filed in state court relates back to the original PAGA notice submission and federal case.

Best,
Melissa

Melissa M. Kurata, Esq.
Lebe Law, A Professional Law Corporation
777 South Alameda Street, Second Floor
Los Angeles, California 90021
(213) 444-1973 | F: (213) 457-3092
https://lebelaw.com
Pronouns: She/Her/Hers

Confidentiality: The information contained in this electronic e-mail and any attachment(s) is meant only for the use of the intended recipient and may be confidential and/or privileged.  If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful.  This information is conveyed for legal services by a law firm and is protected by law under attorney/client privilege and work product privilege doctrines.  If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system(s).

# EXHIBIT 2



Ellen Bronchetti
Tel 619.848.2523
Fax 619.393.0877
Ellen.Bronchetti@gtlaw.com

Daniel Smith
Tel 619.848.5002
Fax 619.393.0877
Daniel.Smith@gtlaw.com

March 11, 2026

**VIA EMAIL**

Jonathan M. Lebe
LEBE LAW, APLC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021

**Re:**  *Jennifer Pardo et al v. Papa, Inc.*
     **Alameda Superior Court, Case No. 26CV171867**

Counsel:

As you are aware, this firm represents Papa, Inc. ("Papa"). We are in receipt of Plaintiff Jennifer Pardo's and Evangeline Matthew's (collectively, "Plaintiffs") Complaint pursuant to the California Private Attorneys General Act (the "PAGA") filed by your offices in the Alameda County Superior Court. Please let this letter serve as part of Papa's good faith meet and confer regarding Papa's anticipated demurrer to the Complaint and motion for sanctions pursuant to California Code of Civil Procedure section 128.5 and 128.7.

**Demurrer to Complaint**

Plaintiffs' PAGA Complaint is time-barred. Plaintiffs filed their operative PAGA notices on February 16, 2022, and February 16, 2023, respectively. This action was not initiated within one year and 65 days of either filing. *See* Cal. Labor Code §§ 2699(c)(1), 2699.3(c)(1)(D). Moreover, Plaintiffs cannot allege in good faith that they were subject to any alleged violation within in the limitations period, as both previously testified that they did not perform work for Papa after February 2022 and March 2022, respectively. Therefore, Papa requests that Plaintiffs dismiss the Complaint.

**Greenberg Traurig, LLP | Attorneys at Law**

12830 El Camino Real  |  Suite 350  |  San Diego, California 92130  |  T +1 619.848.2500  |  F +1 619.393.0877

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia˄. Las Vegas. London˟. Long Island. Los Angeles. Mexico City⁺. Miami. Milan˟. Minneapolis. Munich¬. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo˒. Seoul˟. Shanghai. Silicon Valley. Singapore˙. Tallahassee. Tampa. Tel Aviv˄. Tokyo˟. United Arab Emirates˙. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; «Greenberg Traurig Khalid Al  -Thebity Law Firm; *A separate UK registered legal entity; +Greenberg Traurig, S.C.; » Greenberg Traurig Studio Legale Associa    to; ›Greenberg Traurig Brazil Consultores em Direito Est rangeiro – Direito Estadunidense; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ˜Greenberg Traurig Singapore LLP; ˄A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ‹Greenberg Traurig Limited; ~Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k..

www.gtlaw.com

Jon Lebe, Esq.
March 12, 2026
Page 2

**Motion for Sanctions**

Plaintiffs are also pursuing these exact PAGA claims in the first-filed action currently pending in the United States District Court for the Northern District of California, Case No. 3:21-cv-06326-RS (the "Federal Action"), and these claims remain pending there. Dkt. No. 18. Neither the Court nor Plaintiffs have dismissed the PAGA claim, and such claim therefore remains within the jurisdiction of the federal court. Although the Court questioned whether it *may* ultimately exercise continued supplemental jurisdiction over the PAGA claim in its order denying Plaintiffs' motion for summary judgment, at no point did it grant Plaintiff leave to engage in such blatant forum shopping or otherwise dismiss these claims.

At this juncture, there is no good faith belief for Plaintiffs to believe that the PAGA claims do not remain pending before the federal court. It is evident that Plaintiffs' duplicate (and untimely) filing of the identical PAGA claim in state court lacks any good faith basis in law or fact. It is apparent that Plaintiffs' filing was done for the sole purpose of increasing the costs of litigation and duplicating already pending claims. Papa therefore provides you with notice that if Plaintiffs do not withdraw the PAGA Complaint in Alameda County Superior Court, Papa will move for sanctions pursuant to California Code of Civil Procedure sections 128.5 and 128.7.

Additionally, Papa requests that Plaintiffs stipulate to a 15-day extension of time for Papa to respond to the state court PAGA Complaint so that the parties may work to resolve without the need for motion practice. Cal. R. Ct. 3.110(d). Please confirm such extension as soon as possible.

Thank you for your prompt attention to this matter.

Sincerely,

Ellen Bronchetti
Daniel S. Smith

ACTIVE 719731779v2

# EXHIBIT 3

**LebeLaw**

A PROFESSIONAL LAW CORPORATION

3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

March 30, 2026

*Via E-Mail*

Ellen Bronchetti, Esq.
Daniel Smith, Esq.
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Ellen.Bronchetti@gtlaw.com
Daniel.Smith@gtlaw.com

> **Re: *Pardo, et al. v. Papa, Inc.* – Alameda County Superior Court, Case No. 26CV171867**

Dear Counsel,

We are writing in response to your March 11, 2026 letter regarding Plaintiffs' PAGA complaint that was filed in Alameda County Superior Court (the "State Action"). As you know, in its ruling on Plaintiffs' Motion for Partial Summary Adjudication ("Motion"), the federal court declined to affirmatively exercise supplemental jurisdiction to adjudicate the PAGA claim. Accordingly, Plaintiffs filed the State Action so that they could seek adjudication of their PAGA claims on the merits, which have been pending now for [insert amount of time].

To be clear, we are open to any and all options that lead to an adjudication of Plaintiffs' PAGA claims on the merits. We have asked if Defendant would stipulate to the transferring of the PAGA claim to state court, and Defendant has refused. We would also be open to a stipulation in the federal court action that would lead to that Court, in fact, exercising supplemental jurisdiction and adjudicating the PAGA claims. However, we are *not* open to a scenario where our PAGA claims are in a jurisdictional limbo and left unresolved with the possibility that the federal court eventually affirmatively declines supplemental jurisdiction. As it appears Defendant is unwilling to meet and confer about a solution that leads to the adjudication of Plaintiff's PAGA claims on the merits, Plaintiffs intend to pursue the PAGA claims filed in the State Action.

Moreover, we have spoken with two additional Papa employees, and we intend to add them into the State Action. Attached for your records are personnel records requests we have sent on their behalf. We intend to amend the State Action to add them in as named additional plaintiffs, so the State Action will be distinct from the federal case on this basis as well.

1

Per your request, we are amenable to stipulating to a 15-day extension of time for your client to respond to the complaint in the State Action. Let us know if you wish to further meet and confer on these topics.

Best,

Melissa M. Kurata, Esq.
Jonathan M. Lebe, Esq.
Attorneys for Plaintiffs Jennifer Pardo and
Evangeline Matthews, as Private Attorneys General on behalf of
The State of California

2

# LebeLaw

## A PROFESSIONAL LAW CORPORATION

3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

March 5, 2026

*Via U.S. Certified Mail*

Papa, Inc.
390 NE 191st St, Ste. 8655
Miami, FL 33179

### Re: Request for Personnel File of Michelle Gil

Dear Sirs and Madams:

Please be informed that Michelle Gil has authorized Lebe Law, APLC to request their records related to their employment with Papa, Inc., any related entities, and their managers, agents, officers and directors.

Michelle Gil hereby requests that you forward to my office: (1) a copy of her entire employment file, including but not limited to all performance evaluations and employee reports; (2) a copy of any employment documents signed by them, including any settlement agreement or arbitration agreement; (3) the company's employee handbook and employment policies, including any compensation agreement or policies; and (4) copies of any and all time cards, wage statements, pay stubs, business expense reimbursements, and payroll documents.  A copy of her authorization for the release of employment records is enclosed herewith.

Payroll records must be provided to me within **21 days** of the date of this letter and the rest of the documentation must be provided to me within **30 days** of the date of this letter.  (Labor Code §§ 226, 1198.5.)  The documents may be sent to me electronically via e-mail at jon@lebelaw.com and my assistant Diana Lopez at diana@lebelaw.com.

**Please note that failure to produce any arbitration or alternative dispute policies signed or acknowledged by Michelle Gil will constitute a waiver and be used to defeat any effort to enforce those policies in court.**

Additionally, please preserve all documentation related to her employment with the company.  It is your duty to preserve evidence including any information or video recordings on any computers and archives during their employment, and any devices such as hard copy files, computer hard drives, removable media (e.g. thumb drives, CDs, DVDs), smart phones, and any other locations where hard copy, video recordings, and electronic data is stored.  This includes any computer that she may have used that stores

1

preserved information, including laptops, tablets, and other electronic storage devices. After you have received this notice, any deletion or destruction, or failure to prevent automatic deletion or destruction, of electronic data or paper records, will be deemed intentional spoliation of evidence and carry significant legal consequence.

Please immediately forward this correspondence to your legal counsel. Failure to respond may affect your legal rights, including waiver of any alternative dispute provisions, and may provide grounds for sanctions for failure to preserve evidence.

Thank you for your prompt attention to this matter.

Sincerely,

Jonathan M. Lebe, Esq.

Attorney at Lebe Law, APLC

2



3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

I, __Michelle Gil_____, herewith authorize and appoint Jonathan M. Lebe, or an attorney or staff member associated with Lebe Law, A Professional Law Corporation, at 3900 W Alameda Avenue, Fifteenth Floor, Burbank, CA 91505 as my agent and representative for the purpose of requesting, inspecting and/or copying, either in person or by a copying service, or by mail, my entire employment files, including but not limited to all employment handbook, hiring documents, performance evaluations and employee report, copies of all items of correspondence and other relevant documents, payroll records, W-2's, wage statements and performance evaluations and/or appraisals.

This authorization is only valid until revoked in writing. In the event my attorney chooses to personally inspect my records, they may designate any person or experts to accompany them, and in such event, this authorization extends to all such persons or experts.

This document is given under and by authority of California Labor Code §§ 226, 1198.5. The above-described documents must be provided to Mr. Lebe within **21** days. Failure to comply with this documents within the time prescribed by law may result in the imposition of costs and attorney's fees in any proceeding brought pursuant to California Labor Code §§ 226, 1198.5. A copy of this authorization shall be valid as if an original.

**Name:** __Michelle Gil_____

**Signature:** *Michelle Gil*_____
Michelle Gil (Feb 26, 2026 12:00:13 PST)

**Date:** __Feb 26, 2026_____

**Last 4 of Social:** ███ _____

**LebeLaw**
A PROFESSIONAL LAW CORPORATION

3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

March 17, 2026

*Via U.S. Certified Mail*

Papa, Inc.
390 NE 191st Street, Ste. 8655
Miami, FL 33179

**Re: Request for Personnel File of Hector Tamayo**

Dear Sirs and Madams:

Please be informed that Hector Tamayo has authorized Lebe Law, APLC to request their records related to their employment with Papa, Inc., any related entities, and their managers, agents, officers and directors.

Hector Tamayo hereby requests that you forward to my office: (1) a copy of his entire employment file, including but not limited to all performance evaluations and employee reports; (2) a copy of any employment documents signed by him, including any settlement agreement or arbitration agreement; (3) the company's employee handbook and employment policies, including any compensation agreement or policies; and (4) copies of any and all time cards, wage statements, pay stubs, business expense reimbursements, and payroll documents. A copy of his authorization for the release of employment records is enclosed herewith.

Payroll records must be provided to me within **21 days** of the date of this letter and the rest of the documentation must be provided to me within **30 days** of the date of this letter. (Labor Code §§ 226, 1198.5.) The documents may be sent to me electronically via e-mail at jon@lebelaw.com and my assistant Diana Lopez at diana@lebelaw.com.

**Please note that failure to produce any arbitration or alternative dispute policies signed or acknowledged by Hector Tamayo will constitute a waiver and be used to defeat any effort to enforce those policies in court.**

Additionally, please preserve all documentation related to his employment with the company. It is your duty to preserve evidence including any information or video recordings on any computers and archives during their employment, and any devices such as hard copy files, computer hard drives, removable media (e.g. thumb drives, CDs, DVDs), smart phones, and any other locations where hard copy, video recordings, and electronic data is stored. This includes any computer that he may have used that stores preserved information, including laptops, tablets, and other electronic storage devices. After you have received this notice, any deletion or destruction, or failure to prevent automatic deletion or

1

destruction, of electronic data or paper records, will be deemed intentional spoliation of evidence and carry significant legal consequence.

Please immediately forward this correspondence to your legal counsel.  Failure to respond may affect your legal rights, including waiver of any alternative dispute provisions, and may provide grounds for sanctions for failure to preserve evidence.

Thank you for your prompt attention to this matter.

Sincerely,

Jonathan M. Lebe, Esq.
Attorney at Lebe Law, APLC



3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

I, **Hector Tamayo** _____, herewith authorize and appoint Jonathan M. Lebe, or an attorney or staff member associated with Lebe Law, A Professional Law Corporation, at 3900 W Alameda Avenue, 15th Floor, Burbank CA 91505 as my agent and representative for the purpose of requesting, inspecting and/or copying, either in person or by a copying service, or by mail, my entire employment files, including but not limited to all employment handbook, hiring documents, performance evaluations and employee report, copies of all items of correspondence and other relevant documents, payroll records, W-2's, wage statements and performance evaluations and/or appraisals.

This authorization is only valid until revoked in writing. In the event my attorney chooses to personally inspect my records, they may designate any person or experts to accompany them, and in such event, this authorization extends to all such persons or experts.

This document is given under and by authority of California Labor Code §§ 226, 1198.5. The above-described documents must be provided to Mr. Lebe within **21** days. Failure to comply with this documents within the time prescribed by law may result in the imposition of costs and attorney's fees in any proceeding brought pursuant to California Labor Code §§ 226, 1198.5. A copy of this authorization shall be valid as if an original.

**Name:** **Hector Tamayo** _____

**Signature:** _Hector Tamayo (Mar 12, 2026 16:32:20 PDT)_____

**Date:** Mar 12, 2026 _____

**Last 4 of Social:** ██████ _____

# EXHIBIT 4

**Subject:**    Pardo, et al. v. Papa, Inc.

**Date:**    Thursday, April 23, 2026 at 10:54:49 AM Pacific Daylight Time

**From:**    Melissa Kurata

**To:**    Daniel.Smith@gtlaw.com, Ellen Bronchetti, Karen.Davis@gtlaw.com, Luigi.Caldeira@gtlaw.com

**CC:**    Jon Lebe, Bahia Hussein, Cecilia Quiroz, Diana Lopez, Tazeen Hussain

**Attachments:** 2026.04.23 Papa - 3rd Amended PAGA Notice.pdf, Papa - Joint Proposed Briefing Schedule.docx

Dear Counsel,

We are writing in response to your letter dated March 11, 2026 regarding our PAGA representative lawsuit filed in Alameda Superior Court as well as in response to the demurrer that you have filed in that same matter.

As you are aware, at the case management hearing on April 16, 2026 in the federal court case, Judge Seeborg made it very clear that the Court would not exercise supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the state court case that Plaintiffs had already filed. Moreover, given that Defendant had previously represented to the Court that it would be filing a motion to decertify the FLSA claim, the Court ordered that the parties prepare a proposed schedule for the motion for decertification, along with Plaintiffs' proposed motion for reconsideration. The proposed briefing schedule is due April 30 and I have attached a draft here. Given that Judge Illman indicated that Defendant would need to supplement its responses to Plaintiffs' Requests for Production and produce additional documents, we propose filing both motions in October to allow ample time for the supplemental discovery.

We also have submitted an amended PAGA notice (also attached here) to add three additional plaintiffs: Michelle Gil, Hector Tamayo, and Marlette Rankin. Contrary to your representations, Ms. Gil worked most recently for Defendant in 2025, and Mr. Tamayo and Ms. Rankin both worked this year. As such, they fall within the PAGA period and we intend on amending the complaint in the state court case once the 65-day waiting period has elapsed, thereby rendering Defendant's Demurrer moot. Please advise if you believe otherwise.

Best,

Melissa


Melissa M. Kurata, Esq.
Lebe Law, A Professional Law Corporation
3900 West Alameda Avenue, Fifteenth Floor
Burbank, California 91505
(213) 444-1973 | F: (213) 457-3092
https://lebelaw.com
Pronouns: She/Her/Hers

Confidentiality: The information contained in this electronic e-mail and any attachment(s) is meant only for the use of the intended recipient and may be confidential and/or privileged.  If any reader of this communication is not

the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful.  This information is conveyed for legal services by a law firm and is protected by law under attorney/client privilege and work product privilege doctrines.  If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system(s).

# EXHIBIT 5

**Subject:** Re: Pardo, et al. v. Papa, Inc.
**Date:** Thursday, May 21, 2026 at 2:37:08 PM Pacific Daylight Time
**From:** Melissa Kurata
**To:** Daniel.Smith@gtlaw.com, Ellen Bronchetti, Karen.Davis@gtlaw.com, Luigi.Caldeira@gtlaw.com
**CC:** Jon Lebe, Bahia Hussein, Cecilia Quiroz, Diana Lopez, Tazeen Hussain

Dear Counsel,

As I previously stated in my email from April 23, 2026, Judge Seeborg has explicitly stated that the Northern District will not be exercising supplemental jurisdiction over the PAGA claim and that the PAGA claim should be litigated in the state court case that Plaintiffs have already filed in Alameda Superior Court. Defendant has filed a demurrer in response to the Alameda PAGA complaint, but given Judge Seeborg's statements, please confirm that Defendant will be withdrawing the demurrer.

Further, moving forward, would Defendant agree to electronic service in the state court matter for all discovery, correspondence, and court filings? We would ask that you serve the attorneys in the caption of the complaint, as well as our firm paralegals: Diana Lopez, Cecilia Quiroz, and Bahia Hussein cc'd here. Please confirm that electronic service is acceptable.

Thanks,

Melissa

Melissa M. Kurata, Esq.
Lebe Law, A Professional Law Corporation
3900 West Alameda Avenue, Fifteenth Floor
Burbank, California 91505
(213) 444-1973 | F: (213) 457-3092
https://lebelaw.com
Pronouns: She/Her/Hers

Confidentiality: The information contained in this electronic e-mail and any attachment(s) is meant only for the use of the intended recipient and may be confidential and/or privileged.  If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful.  This information is conveyed for legal services by a law firm and is protected by law under attorney/client privilege and work product privilege doctrines.  If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system(s).

# EXHIBIT 6

| | |
|---|---|
| **Subject:** | RE: Pardo, et al. v. Papa, Inc. |
| **Date:** | Thursday, May 28, 2026 at 11:31:01 AM Pacific Daylight Time |
| **From:** | Daniel.Smith@gtlaw.com |
| **To:** | Melissa Kurata, Ellen.Bronchetti@gtlaw.com, Karen.Davis@gtlaw.com, Luigi.Caldeira@gtlaw.com |
| **CC:** | Jon Lebe, Bahia Hussein, Cecilia Quiroz, Diana Lopez, Tazeen Hussain |
| **Attachments:** | image001.png |

Melissa,

We disagree with your interpretation of the Court's comments regarding its decision regarding supplemental jurisdiction over the PAGA claim. Defendant is entitled to address this issue fully with the Court when the time comes given the Court's original jurisdiction over the PAGA claim. Further, Plaintiff filed the PAGA claim in the federal court originally, and therefore waived any argument that the Court lacks jurisdiction. Regardless of the Court's ultimate decision, we are not withdrawing the demurrer. The jurisdictional issue in federal court is unresolved and Plaintiff's decision to pre-empt the Court's ultimate decision was and remains improper.

Electronic service is fine.


Thank you.

**Daniel Smith**
Associate

Greenberg Traurig, LLP
12830 El Camino Real | Suite 350 | San Diego, CA 92130
T +1 619.694.5002
Daniel.Smith@gtlaw.com | www.gtlaw.com | View GT Biography

 GreenbergTraurig

# EXHIBIT 7



Ellen Bronchetti
Tel 619.848.2523
Fax 619.393.0877
Ellen.Bronchetti@gtlaw.com

Daniel Smith
Tel 619.848.5002
Fax 619.393.0877
Daniel.Smith@gtlaw.com

July 8, 2026

**VIA EMAIL**

Jonathan M. Lebe
Melissa Kurata
LEBE LAW, APLC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021

**Re:**   *Jennifer Pardo et al v. Papa, Inc.*
           **Alameda Superior Court, Case No. 26CV171867**

Counsel:

Please let this correspondence serve as Papa, Inc.'s continued meet and confer regarding Plaintiff's State PAGA Action. As detailed in our prior correspondence, Plaintiffs' State PAGA Action suffers from incurable procedural and jurisdictional issues which warrant dismissal and/or a stay or abatement of the action.

As has been discussed previously and exhaustively, the Federal Court maintains original jurisdiction of over the named Plaintiffs' PAGA claims. Plaintiff Pardo and Plaintiff Matthews chose to originally file their PAGA claims in the Federal Action. By that filing, Plaintiffs Gil, Tamayo, and Rankin became part of the cohort of allegedly "aggrieved employees" in the Federal Action, whose rights will be determined in the Federal Court. Plaintiffs cannot now forum shop their PAGA claims, especially where such claims are still pending in the Federal Action. Thus, Plaintiffs' claims in this action remain improper as the Federal Court has not ruled on the jurisdictional question surrounding Plaintiffs' PAGA claims in the Federal Action.

**Greenberg Traurig, LLP | Attorneys at Law**

12830 El Camino Real | Suite 350 | San Diego, California 92130 | T +1 619.848.2500 | F +1 619.393.0877

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia⁴. Las Vegas. London*. Long Island. Los Angeles. Mexico City⁺. Miami. Milan*. Minneapolis. Munich¬. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo᾿. Seoul∞. Shanghai. Silicon Valley. Singapore⁻. Tallahassee. Tampa. Tel Aviv^. Tokyo˟. United Arab Emirates‹. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; «Greenberg Traurig Khalid Al-Thebity Law Firm; *A separate UK registered legal entity; +Greenberg Traurig, S.C.; » Greenberg Traurig Studio Legale Associato; ›Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense; «Greenberg Traurig LLP Foreign Legal Consultant Office; ˝Greenberg Traurig Singapore LLP; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ‹Greenberg Traurig Limited; ¬Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k..

www.gtlaw.com

Jon Lebe, Esq.
Melissa Kurata, Esq.
July 8, 2026
Page 2

The filing of the First Amended Complaint ("FAC") to add additional named plaintiffs does not cure any of the issues inherent in Plaintiffs' original filing of the State PAGA Action. Each of the named Plaintiffs and cohort of allegedly "aggrieved employees" in the State PAGA Action are either (1) named Plaintiffs in the Federal Action or (2) entirely subsumed within the cohort of allegedly "aggrieved employees" in the Federal Action. Regardless, there is a complete overlap of between the two actions, and an adjudication in the Federal Action will necessarily be binding in the State PAGA Action.

Accordingly, Papa demands that Plaintiffs withdraw the State PAGA Action. If Plaintiffs refuse, Papa will proceed with motion practice.

Thank you for your prompt attention to this matter.

Sincerely,

Ellen Bronchetti
Daniel S. Smith

# EXHIBIT 8



3900 W Alameda Avenue · Fifteenth Floor · Burbank, CA 91505

213.444.1973 | lebelaw.com

July 24, 2026

*Via E-Mail*

Ellen Bronchetti, Esq.
Daniel Smith, Esq.
Tayanah Miller, Esq.
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Ellen.Bronchetti@gtlaw.com
Daniel.Smith@gtlaw.com
millerta@gtlaw.com

>        Re: *Pardo, et al. v. Papa, Inc.,*
>        **Alameda Superior Court, Case No. 26CV17867**

Dear Counsel:

We are in receipt of your letter dated July 8, 2026 wherein you demand that Plaintiffs withdraw the State PAGA Action and proceed with the PAGA claim in federal court.

Given the federal court's own repeated indications—in its December 8, 2025 order and again at the April 16, 2026 Case Management Conference—that it does not intend to exercise supplemental jurisdiction over the PAGA claim, and given Defendant's refusal to stipulate to any resolution of the jurisdictional limbo presented, Plaintiffs will be filing a Motion to Decline Supplemental Jurisdiction. That Motion asks the federal court to formalize the course it has already indicated it intends to take: severing the PAGA claim under Federal Rule of Civil Procedure 21, declining supplemental jurisdiction under 28 U.S.C. § 1367(c), and dismissing the claim without prejudice so that it may be adjudicated in the State PAGA Action.

In light of the Motion, and because the operative pleading in the State PAGA Action is now the First Amended Complaint, we request that Defendant take the Demurrer off calendar as moot. Should the Court grant the Motion, as it has already signaled it intends to do, there will be no basis for the abatement or stay Defendant seeks, and the PAGA claim can proceed on the merits in the State PAGA Action without further delay.

///

///

1

Please let us know Defendant's position by July 31, 2026.

Best,



Jonathan M. Lebe, Esq.
Melissa M. Kurata, Esq.
Attorneys for Plaintiffs Jennifer Pardo,
Evangeline Matthews, Michelle Gil, Hector Tamayo, and
Marlette Rankin, as Private Attorneys General on behalf of
The State of California



Ellen Bronchetti
Tel 619.848.2523
Fax 619.393.0877
Ellen.Bronchetti@gtlaw.com

Daniel Smith
Tel 619.848.5002
Fax 619.393.0877
Daniel.Smith@gtlaw.com

July 24, 2026

**VIA EMAIL**

Jonathan M. Lebe
Melissa Kurata
LEBE LAW, APLC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021

**Re:** *Jennifer Pardo et al v. Papa, Inc.*
      **Alameda Superior Court, Case No. 26CV171867**

Counsel:

Please let this correspondence serve as Papa, Inc.'s continued meet and confer regarding Plaintiff's State PAGA Action and Papa's response to your correspondence dated July 24, 2024.

First, we disagree, yet again, with your interpretation of the federal court's "repeated indications" regarding the PAGA claims Plaintiffs filed in the Federal Action. It is now an apparent course of conduct by Plaintiffs to continually misrepresent the federal court's statements. Regardless of the federal court's purported "indications," the federal court has original jurisdiction over Plaintiffs' PAGA claims. Papa is entitled to brief the issue of why jurisdiction should remain with the federal court even if the FLSA claims are decertified.

Second, the jurisdictional limbo is one created by Plaintiffs. Papa is not obligated to alleviate the problems Plaintiffs have caused with respect to the jurisdictional issues created by their premature filing of the State Court PAGA action. Papa will oppose any motion filed by Plaintiffs in the federal action seeking to force the federal court's hand on the jurisdictional issue before the decertification motion is heard.

**Greenberg Traurig, LLP | Attorneys at Law**

12830 El Camino Real  |  Suite 350  |  San Diego, California 92130  |  T +1 619.848.2500  |  F +1 619.393.0877

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia‹. Las Vegas. London˙. Long Island. Los Angeles. Mexico City⁺. Miami. Milan⁎. Minneapolis. Munich¬. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo›. Seoul∞. Shanghai. Silicon Valley. Singapore¯. Tallahassee. Tampa. Tel Aviv^. Tokyo˟. United Arab Emirates‹. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; «Greenberg Traurig Khalid Al-Thebity Law Firm; ˟A separate UK registered legal entity; +Greenberg Traurig, S.C.; » Greenberg Traurig Studio Legale Associato; ›Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense; «Greenberg Traurig LLP Foreign Legal Consultant Office; ˜Greenberg Traurig Singapore LLP; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ‹Greenberg Traurig Limited; ¬Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k..

Jon Lebe, Esq.
Melissa Kurata, Esq.
July 24, 2026
Page 2

Finally, as it is apparent that Plaintiffs refuse to withdraw the State Court PAGA action to permit the federal court to work through these jurisdictional issues, Papa will be proceeding with its demurrer to the First Amended Complaint and will alternatively seek to abate/stay the action. A notice of withdrawal of Papa's demurrer to the initial complaint will be forthcoming. Abatement or stay of the State Court PAGA action is appropriate until the federal court decides the jurisdictional issue with respect to Plaintiffs' PAGA claim in the Federal Action.

Thank you for your prompt attention to this matter.

Sincerely,

Ellen Bronchetti
Daniel S. Smith