United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER PARDO, et al.,
Plaintiffs,
v.
PAPA, INC., et al.,
Defendants.

Case No. 21-cv-06326-RS

ORDER SEVERING AND DISMISSING PAGA CLAIMS, WITHOUT PREJUDICE

By order entered December 8, 2025, plaintiffs' motion for partial summary judgment seeking a finding in their favor as to liability under the Private Attorney's General Act, California Labor Code section 2698 *et seq*. ("PAGA") was denied. The order explained it appeared unlikely that it would be appropriate to exercise supplementary jurisdiction over the PAGA claims (set out in the 11th claim for relief) under all the circumstances. The order invited defendants to move for an order declining jurisdiction over the PAGA claims in conjunction with their then-promised motion to decertify the Fair Labor Standards Act ("FLSA") collective. Alternatively, the order suggested the parties could meet and confer to propose some other procedural approach.

Plaintiffs now move for an order severing and dismissing the 11th claim for relief. Defendants oppose, arguing the prior order found the issue should be decided in conjunction with FLSA decertification. Although the prior order proposed that defendants could seek dismissal of the PAGA claims at the same time as it moved for decertification, it imposed no such timing requirement. Furthermore, while decertification of the FLSA collective might lend *further* support

to the conclusion that exercising supplemental jurisdiction over the PAGA claims is unwarranted, the propriety of declining PAGA jurisdiction is not dependent on the outcome of the decertification motion.

Defendants also fault plaintiffs for seeking to obtain an advantage from a court-ordered dismissal of PAGA claims that would not flow from a voluntary dismissal. Defendants contend plaintiffs have effectively engaged in “forum shopping” by moving to dismiss the PAGA claims after having pursued them in this court for years, and only after receiving unfavorable rulings.

There is no indication of improper forum shopping here. Plaintiffs brought their PAGA claims in this court and plainly would prefer to pursue them here. Only in response to the clear statements by the court that it would not exercise supplemental jurisdiction over the PAGA claims did plaintiffs bring this motion to settle the status of the claims.

That plaintiffs may still have individual claims in this action implicating factual and/or legal issues also presented in the PAGA claims likewise does not support exercising jurisdiction over the PAGA claims. As previously observed, the issues presented by plaintiffs’ PAGA theories are potentially novel or complex, and/or, those issues, implicating a claimed right to over $90 million in penalties on behalf of thousands of non-parties, under a different standard for assessing employee classification, and involving numerous additional alleged Labor Code violations, appear highly likely to “substantially predominate” over the more limited FLSA claims, whether or not the collective is decertified.

Accordingly, the 11th claim for relief, asserting liability under PAGA, is hereby severed and is dismissed on grounds that exercising supplemental jurisdiction over those claims would be inappropriate. This dismissal is without prejudice to plaintiffs’ rights, if any, to pursue the PAGA claims in state court.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: August 28, 2026

RICHARD SEEBORG
United States District Judge